1  WILLIAM D. WICK (State Bar No. 063462)
   JON K. WACTOR (State Bar No. 141566)
2  ANNA L. NGUYEN (State Bar. No. 226829)
   WACTOR & WICK LLP
3  180 Grand Avenue, Suite 950
   Oakland CA 94612-3572
4  Telephone:   (510) 465-5750
   Facsimile:    (510) 465-5697
5
   Attorneys for Plaintiffs
6  Virginia Pellegrini and
   Virginia Pellegrini, Trustees
7  of the Mario J. and Virginia E. Pellegrini Trust

FILED

MAY - 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

8

9

10                UNITED STATES DISTRICT COURT

                FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13  VIRGINIA PELLEGRINI, Trustee of the        Case No  **C 07  2497**
    Mario J. and Virginia E. Pellegrini Trust,
14  and VIRGINIA PELLEGRINI, an
    individual,
15                                              **COMPLAINT FOR ENVIRONMENTAL
                                                COST RECOVERY AND
           Plaintiffs,                          CONTRIBUTION, INJUNCTIVE RELIEF,
16                                              DECLARATORY RELIEF, AND
                                                DAMAGES**
17          v.

18  TECHNICHEM, INC., a California             **DEMAND FOR JURY TRIAL**
    corporation, MARK J. NG, an individual;
19  STEPHEN S. TUNG, an individual;

20                                              BY FAX
           Defendants.
21

22          Plaintiffs VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini

23  Trust, and VIRGINIA PELLEGRINI, individually ("Plaintiffs"), bring this action against

24  TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG (collectively, "Defendants"),

25  seeking recovery of costs incurred and to be incurred, and damages suffered and to be

26  suffered, as a result of Defendants' release of hazardous substances on Plaintiffs'

27

28

1  property at 4245 Halleck Street in Emeryville, California ("the Property"). Plaintiffs
2  demand a jury trial and allege as follows:

3

4  **PARTIES**

5      1.      Virginia Pellegrini is, and at all times material to this complaint has been, an
6  individual who resides in the State of California. She is also the Trustee of the Mario J.
7  and Virginia E. Pellegrini Trust.

8      2.      Plaintiffs are informed and believe, and on that basis allege, that Defendant
9  Technichem, Inc. is, and at all times material to this complaint has been, a corporation
10 organized, and existing under the laws of the State of California, with places of business
11 in Hayward, California and Sparks, Nevada. Plaintiffs are informed and believe, and on
12 that basis allege, that Technichem, Inc., at all times herein mentioned is and has been
13 an owner and operator of a chemical recycling business, authorized to do business, and
14 doing business as Technichem, Inc., under the laws of the State of California.

15     3.      Plaintiffs are informed and believe, and on that basis allege, that Defendant
16 Mark Ng is an individual who resides in the State of California. Plaintiffs are informed
17 and believe, and on that basis allege, that Mark Ng was an operator and lessee of the
18 Property, and that at all times herein mentioned Mr. Ng was and is the President of
19 Technichem, Inc.

20     4.      Plaintiffs are informed and believe, and on that basis allege, that Defendant
21 Stephen S. Tung is an individual who resides in the State of California. Plaintiffs are
22 informed and believe, and on that basis allege, that Stephen S. Tung was an operator of
23 the Property, and that at all times herein mentioned Mr. Tung was and is the Chief
24 Operating Officer of Technichem, Inc.

25

26  **NATURE OF THE ACTION**

27     5.      This is an action that arises from pollution caused by Defendants' acts and
28 omissions at the Property.

1    6.    Defendants have caused or permitted the release of hazardous substances,
2   contaminating the soil and groundwater on Plaintiffs' property.

3    7.    Plaintiffs seek various relief, including but not limited to cleanup costs,
4   damages, declaratory and injunctive relief, restitution, attorneys' fees and experts' costs
5   as a result of environmental contamination caused by Defendants.

6

7                            **JURISDICTION**

8    8.    This Court has jurisdiction over the subject matter of this action pursuant to
9   the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972(a); the
10  Comprehensive Environmental Response and Compensation Act (CERCLA), 42 U.S.C.
11  §§ 9613(b) and (f), and 42 U.S.C. § 9607; pursuant to the Declaratory Judgment Act, 28
12  U.S.C. § 2201; and pursuant to 28 U.S.C. § 1331.

13   9.    This Court also has subject matter jurisdiction over Plaintiffs' claims brought
14  under state law by virtue of the supplemental jurisdiction provided in 28 U.S.C. § 1367,
15  and under the doctrine of pendent jurisdiction set forth in *United Mine Workers v. Gibbs*,
16  383 U.S. 715 (1966). Plaintiffs' claims under state law arise from the same nucleus of
17  operative facts as the claims under federal law.

18

19                               **VENUE**

20   10.    Pursuant to 42 U.S.C. § 9613(b), venue is proper in any District in which
21  the release or damages occurred. The release and damages occurred in Emeryville,
22  California, which is in the Northern District of California.

23

24                        **GENERAL ALLEGATIONS**

25   11.    The Mario J. and Virginia E. Pellegrini Trust is the owner of the real
26  property located near the corner of Park Avenue and Halleck Streets in Emeryville,
27  California with Assessors Parcel Number 049-1036-002-00 and business address of 4245
28  Halleck Street, which consists of a large commercial building and various tenant spaces

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

-3-
COMPLAINT

1 ("the Property"). Mario J. and Virginia E. Pellegrini owned the property prior to
2 transferring it to the Trust.

3     12.   On or about February 9, 1993, John Pellegrini & Virginia Pellegrini
4 ("Lessors") and Mark J. Ng and Technichem, Inc. ("Lessees") entered into a Standard
5 Industrial Lease – Multi Tenant (hereafter "the 1993 Lease"), for a term of seven years,
6 commencing on March 1, 1993 and ending on February 2000 [Section 3.1 of 1993 Lease]
7 with an option to extend the term of the lease for an additional seven years commencing
8 when the prior term expired ["1993 Option to Extend Addendum"].

9     13.   Technichem and Mark J. Ng agreed in the 1993 Lease:

10     ▪   "to promptly comply with all applicable statues, ordinances, rules,
11 regulations, orders, covenants and restrictions of record, and requirements of any fire
12 insurance underwriters or rating bureaus, during the term of Lessee's occupation and use
13 of the leased premises and of common areas on the Property" [Section 6.2(b) of the
14 1993 Lease];

15     ▪   "to not commit any waste upon the leased premises or any nuisance
16 or other act or thing which may disturb the quiet enjoyment of any occupant of the
17 leased premises" [Section 6.2(b) of the 1993 Lease]; and

18     ▪   "to accept the leased premises in its existing condition subject to all
19 applicable zoning, municipal, county and state laws, ordinances and regulations
20 governing and regulating the use of the premises and any covenants or restrictions of
21 record" [Section 6.3(b) of the 1993 Lease];

22     ▪   "to keep in good order, condition and repair the leased premises and
23 every part thereof" [Section 7.2(a) of the 1993 Lease];

24     ▪   "to surrender the premises upon termination of the lease in the
25 same condition as received and to repair any damage to the premises occasioned by the
26 installation or removal of Lessee's trade fixtures, alterations, furnishings and equipment"
27 [Section 7.2(c) of the 1993 Lease];

28

1                   •       'not to make any changes or alterations to the exteriors of the
2   premises or the exterior of the building located on the premises without Lessor's prior
3   written consent" [Section 7.3 of the 1993 Lease];

4                   •       "to obtain and keep in force during the term of the lease a policy of
5   Combined Single Limit Bodily Injury and Property Damage insurance insuring Lessor
6   against any liability arising out of the use, occupancy or maintenance of the premises in
7   an amount not less than $500,000 per occurrence to insure performance by Lessee of its
8   indemnity obligations" [Section 8.1 of the 1993 Lease]; and

9                   •       "indemnify and hold harmless Lessor from and against any and all
10  claims arising from Lessee's use of the Property, or from the conduct of Lessee's
11  business or from any activity, work or things done, permitted or suffered by Lessee in or
12  about the [Property] or elsewhere" [Section 8.7 of the 1993 Lease].

13          14.     The 1993 lease included a provision that "Lessor shall not be liable for any
14  damages arising from any act or negligence of any other lessee, occupant or user of the
15  [Property], nor from the failure of Lessor to enforce the provisions of any other lease of
16  the [Property]" [Section 8.8 of the 1993 Lease] and that "Lessor is to be free from all
17  liability and claims for damages from any cause" [Section 8.7 of the 1993 Lease].

18          15.     On April 12, 1993, Mark Ng executed a Guarantee of Lease where he
19  agreed as the undersigned that "as an inducement to Lessor executing this lease with
20  said Lessee, [Mark Ng] personally guarantee [s] the obligations of said Lessee.  Lessee
21  [Mark Ng] hereby waive[s] Notice of Default and agree[s] that Lessor may proceed
22  against [him] personally without the necessity of obtaining a judgment or proceeding
23  against said Lessee."  Mark Ng further agreed "to indemnify and hold Lessor harmless
24  from any and all liabilities and expenses of collection against said Lessee, including
25  attorneys' fees and costs."

26          16.     On June 17, 1993, Technichem, Inc. and Mark Ng entered into additional
27  lease terms with Plaintiffs, which allowed Technichem, Inc. and Mark Ng to rent another

28

1    tenant space at 4245 Halleck Street from Plaintiffs under rental conditions and terms

2    identical to the 1993 Lease, including the 7 year lease term with 7 year option to extend.

3        17.    Plaintiffs are informed and believe, and on that basis allege, that during

4    their period of operation, Defendants used, handled, and stored various hazardous

5    substances and wastes, including but not limited to tetrachloroethene ("PCE") and

6    operated a chemical recycling business at the Property.

7        18.    Plaintiffs are informed and believe, and on that basis allege, that the State

8    of California, Department of Toxic Substances ("DTSC") cited Technichem, Inc. and Mark

9    Ng for hazardous waste violations occurring between October 2000 and May 2002,

10   including but not limited to:

11               ▪        filing false information on hazardous waste manifests,

12               ▪        submitting false information to DTSC inspectors,

13               ▪        improper disposal of hazardous waste,

14               ▪        unauthorized storage or hazardous waste,

15               ▪        failing to maintain adequate aisle space in hazardous waste storage
16                        areas,

17               ▪        illegal transportation of hazardous waste,

18               ▪        failing to comply with the requirements for liability insurance, and

19               ▪        failing to follow hazardous waste manifest requirements.

20       19.    Plaintiffs are informed and believe, and on that basis allege, that DTSC filed

21   a complaint in Alameda Superior Court against Technichem, Inc. and Mark Ng in or about

22   2000, alleging that Technichem and Mark Ng violated and continue to violate

23   environmental regulations with respect to Technichem's and Mark Ng's hazardous waste

24   operations at the Property.

25       20.    Plaintiffs are informed and believe, and on that basis allege, that

26   Defendants entered into a Partial Consent Decree approved by the court on or about

27   June 28, 2000.

28

WACTOR & WICK LLP
180 Grand Avenue  Suite 950
Oakland, CA 94612

-6-

COMPLAINT

1       21.   Plaintiffs are informed and believe, and on that basis allege, that
2 Technichem, Inc. and Mark Ng entered into a Stipulated Final Judgment with DTSC on or
3 about December 2003, related to their hazardous waste violations.

4       22.   Plaintiffs are informed and believe, and on that basis allege, that
5 Defendants concealed from Plaintiffs their hazardous waste violations, their stipulated
6 judgment with DTSC, and their failure to obtain a permit to operate the business during
7 their occupancy of the Property.

8       23.   On or about March 2005, Technichem, Inc. and Mark Ng informed Mario
9 Pellegrini that they intended to vacate their space at the Property and relocate to
10 Hayward, California, and that they expected to proceed with facility closure of their
11 solvent recycling operations under the direction of the DTSC.  At that time, Mark Ng told
12 Mario Pellegrini that Technichem, Inc.'s business operations resulted in no releases of
13 hazardous substances onto the Property, and that facility closure required only above-
14 ground, inside decontamination of the building and the removal of equipment, products,
15 and materials.

16      24.   On or around March 2005, Plaintiffs were unaware that any release of
17 hazardous substances had occurred on the Property, that Technichem, Inc. and Mark Ng
18 had been cited for hazardous waste violations, that Technichem, Inc. and Mark Ng
19 entered into a Stipulated Judgment, and that Defendants had failed to obtain and
20 operate under a standardized permit.

21      25.   On or about March 14, 2005, Plaintiffs' attorney Michael Lamphere notified
22 Technichem, Inc. and Mark Ng, that Technichem, Inc. and Mark Ng owed back rent from
23 January 2005 to March 2005 in the amount of $5,097.50 each month, totaling $13,195,
24 and requested that Technichem, Inc. and Mark Ng pay its late rent immediately or
25 provide a payment schedule.

26      26.   On or about March 15, 2005, Technichem, Inc. and Mark Ng notified
27 Plaintiffs that Technichem, Inc. and Mark Ng retained the services of Clayton Group
28 Services, Inc., an environmental engineering firm, to facilitate Technichem, Inc. and

WACTOR & WICK LLP
180 Grand Avenue  Suite 950
Oakland CA 94612

-7-

COMPLAINT

1  Mark Ng's regulatory compliance for site closure.  Mark Ng told Michael Lamphere that he
2  believed Mr. Pellegrini agreed to forego any rent payments from Technichem, Inc. and
3  Mark Ng.

4      27.    On or about March 22, 2005, Plaintiffs' attorney Michael Lamphere notified
5  Technichem, Inc. and Mark Ng that Mr. Pellegrini required payment of the outstanding
6  rent for January, February, and March 2005 in full and never agreed to forego any rent
7  payments by Technichem, Inc. and Mark Ng.  Mr. Lamphere also notified Mark Ng that
8  Technichem, Inc. and Mark Ng remained responsible for monthly rent until DTSC and the
9  City of Emeryville provided final closure and clearance of the Technichem facility.

10     28.    In or about April 2005, Plaintiffs retained PES Environmental, Inc. ("PES")
11 to monitor the closure activities of Defendants.

12     29.    Defendants physically vacated the premises in or around May 2005, and
13 moved the business to Hayward, California.

14     30.    In or about June 2005, Plaintiffs discovered for the first time that there was
15 soil and groundwater contamination at, on, and under the Property, when PES reported
16 the findings of Clayton Group Services, Inc.'s May 27, 2005 "Facility Closure Passive Soil
17 Gas Investigation Work Plan."

18     31.    Plaintiffs are informed and believe, and on that basis allege, that prior
19 environmental investigations conducted at or near the Property before May 2005 found
20 hazardous substances in the soil and groundwater at, on, under, or emanating from
21 Defendants' operations at the Property, which Defendants concealed from Plaintiffs.

22     32.    Plaintiffs are informed and believe, and on that basis allege, that during
23 Defendants' period of occupancy and operation, Defendants caused the discharge,
24 dispersal, and release of hazardous substances, including but not limited to
25 perchloroethylene ("PCE") and degradation products such as trichloroethylene ("TCE"),
26 dichloroethane 1,1 and 1,2 and dichloroethene 1,1 and 1,2 ("cis-1,2-DCE"), vinyl chloride
27 (hereinafter, collectively, "Hazardous Substances") into soil and groundwater at, on,
28 near, and under the Property.

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

1      33.    Plaintiffs are informed and believe, and on that basis allege, that
2   Defendants caused contamination by not properly handling, storing, or disposing of those
3   hazardous substances.

4      34.    Defendants knew, at the time of Defendants' occupancy of the Property,
5   that hazardous wastes and substances from its solvent recycling operations had been
6   disposed on or around the Property and had not been cleaned up.

7      35.    Plaintiffs are informed and believe, and on that basis allege, that solid and
8   hazardous wastes handled and disposed of at the Property have contaminated the soil
9   and groundwater at, under, on, or near the Property, which may present an imminent
10  and substantial endangerment to health or the environment.

11     36.    Throughout Defendants' tenancy, and continuing until June 2005, Plaintiffs
12  had no knowledge of any contamination on the Property.

13     37.    On or about August 23, 2005, Technichem, Inc. and Mark Ng told Plaintiffs'
14  attorney Michael Lamphere and Mr. Pellegrini that they had only $15,000 in assets and
15  risked bankruptcy if Technichem, Inc. and Mark Ng proceeded with the facility closure
16  work required by DTSC.

17     38.    On or about September 2005, Technichem, Inc. and Mark Ng represented
18  to both Mr. Lamphere and Mr. Pellegrini that the cost of site characterization and facility
19  closure was estimated to be less than $60,000.

20     39.    On or about January 6, 2006, Technichem, Inc. and Mark Ng notified
21  Plaintiffs and DTSC that Technichem, Inc. lacked the financial resources to undertake any
22  facility closure activities, and consequently, Technichem, Inc. and Mark Ng requested
23  that Plaintiffs assume closure and corrective action obligations associated with the
24  closure of the Technichem, Inc. facility.

25     40.    On or about January 30, 2006, DTSC agreed to allow Plaintiffs to accept
26  complete control and obligation of the closure and corrective action process associated
27  with closure of the Technichem, Inc. facility.

28

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

-9-

41. On or about January 2006, Plaintiffs, in reliance of Technichem, Inc. and Mark Ng's assurances and cost estimates, began to expend their own resources to assist in Technichem, Inc.'s facility closure in order to expedite the sale of the Property to a prospective buyer. However, due to the extent of contamination on the Property and the failure of Technichem, Inc. and Mark Ng to complete the facility closure, Plaintiffs could not complete the sale of the Property.

42. From January 2006 to present, Plaintiffs expressly informed Technichem, Inc. and Mark Ng that they remained responsible for any and all Plaintiffs' costs expended to assist in facility closure, as well as payment for back rent owed, and damages incurred for loss of use of the Property until DTSC approved the facility closure.

43. Plaintiffs never conducted any solvent-related operations at the Property and never stored, sold, or used PCE at the Property.

44. Plaintiffs are informed and believe, and on that basis allege, that during their period of occupancy and operation Defendants were involved in the business of purchasing, using, producing, generating, processing, storing, releasing, discharging, disposing of, and venting Hazardous Substances. As such, Defendants had superior knowledge regarding the attributes and propensities of the Hazardous Substances and their effects on the environment and human health. Because Defendants have such superior knowledge with respect to their own business processes and the Hazardous Substances it produced, generated, emitted, released, discharged, and vented, Defendants had and continue to have an obligation to disclose to Plaintiffs and the public accurate, reliable and completely truthful information about the dangers and consequences of exposure to such Hazardous Substances. Further, Defendants had and continue to have an obligation not to conduct their business activities in an oppressive and malicious manner.

45. Plaintiffs are informed and believe, and on that basis allege, that Defendants knew or should have known that their business activities and the Hazardous Substances they handled and disposed of were dangerous to human health and the

1  environment. Defendants acted with malice and oppression toward Plaintiffs and the
2  public by:

3      ■  failing to prevent the discharge or release of Hazardous Substances
4  which Defendants knew, and/or acted with a willful and conscious disregard for the fact
5  that Hazardous Substances would, harm the soil, water, and environment;

6      ■  failing to comply with laws, guidelines, and safety practices
7  applicable to generating, emitting, releasing, discharging, storing, processing and venting
8  Hazardous Substances, failing to establish and maintain adequate pollution control
9  technologies to prevent, reduce, and/or control discharges of Hazardous Substances;

10      ■  failing to timely and adequately repair equipment and toxic chemical
11  storage and disposal containers to prevent, reduce and/or control emissions and
12  discharges of Hazardous Substances;

13      ■  failing to report and/or disclose releases, leaks, and spills, whether
14  accidental, negligent or intentional, but which were known to Defendants;

15      ■  failing to accurately report and/or disclose to Plaintiffs and the public
16  the amounts of discharges, leaks and spills;

17      ■  failing to establish and maintain safety practices and procedures to
18  protect human health and the environment from being harmed by Hazardous Substances
19  released by Defendants; and

20      ■  failing to implement measures to prevent exposure to humans
21  knowing that such releases had happened in the past.

22    46. Plaintiffs have had to perform investigation and cleanup activities, and to
23  retain and pay consultants and attorneys for that purpose, in accordance with directives
24  from the DTSC. Those activities, costs, and fees will continue after the filing of this
25  Complaint.

26    47. Hazardous Substances, including solid and hazardous wastes, handled,
27  stored, and disposed of at the Property have contaminated the soil and groundwater at
28  the Property, and may be migrating to adjacent properties.

1          48.     Plaintiffs discovered contamination at the Property no earlier than June
2  2005, and could not have made the discovery of the contamination earlier than June
3  2005 despite reasonable diligence because Defendants conspired to continue the
4  nuisance and to conceal its existence from Plaintiffs.

5          49.     An actual controversy has arisen and now exists between Defendants and
6  Plaintiffs in that Plaintiffs contend, and Defendants deny, that: (a) as between
7  Defendants and Plaintiffs, responsibility for the damages claimed by Plaintiffs rests
8  entirely with Defendants; and (b) as a result, Defendants are obligated to fully indemnify
9  Plaintiffs for any sums that Plaintiffs have expended in prosecuting this action and
10  defending against third party claims for investigation and cleanup of the Property,
11  including but not limited to any amount Plaintiffs may pay due to any costs, damages, or
12  judgments related to the contamination caused by Defendants.

13          50.     As a result of Defendants' acts and omissions, Plaintiffs have been and will
14  be damaged as follows:

15          (a)     Plaintiffs have incurred substantial expenses of approximately over
16  $115,000 as of April 3, 2007, and will continue to expend additional sums, in an exact
17  amount to be proved at trial, including consultants' and attorneys' fees, associated with
18  investigating, monitoring, assessing and evaluating soil and groundwater contamination
19  on, under and around the Property;

20          (b)     DTSC intends to name Plaintiffs in a cleanup and abatement order,
21  as responsible parties, due to Plaintiffs' ownership of the Property.  DTSC intends to
22  require further investigation, remediation and monitoring of environmental contamination
23  on the Property, which will cause Plaintiff to incur substantial additional costs to
24  investigate, remediate, monitor and report on environmental contamination at the
25  Property until facility closure is achieved;

26          (c)     Plaintiffs will incur substantial additional costs to remove the
27  contamination from the Property in order to receive site closure and sell the property;

28

1         (d)    Plaintiffs' use of the Property has been limited and restricted by
2 virtue of the contamination, because the contamination precludes developing the
3 Property for its highest and best use, and because Plaintiffs' use of the Property may be
4 restricted in the future absent adequate remediation, causing damage to Plaintiffs in
5 amounts to be proved at trial;

6         (e)    the value of Plaintiffs' Property has been diminished by the
7 contamination, with the specific amount to be proved at trial, in that, among other
8 things, it has significantly delayed Plaintiffs' ability to sell or lease the Property from 2005
9 to a date as yet unknown;

10         (f)    Plaintiffs have incurred and will continue to incur attorneys' fees,
11 costs and expenses in prosecuting this action, and to respond to and defend against
12 governmental agency administrative actions; and

13         (g)    Plaintiffs may be required to defend future actions and
14 administrative proceedings arising directly or indirectly from Defendants' contamination
15 of the Property.

16     51.    By virtue of the above-described acts and omissions of Defendants,
17 Plaintiffs (a) will incur response costs, including attorneys' fees, due to the contamination
18 caused by Defendants at the Property, (b) anticipate that they will be required to expend
19 additional sums to achieve regulatory compliance and site closure, and (c) have suffered
20 a negative impact on their real property value resulting in compensable damages for
21 diminution in its property value. As a result of the foregoing, Plaintiffs have been and
22 will be damaged in an amount which will be proven at trial.

23
24
25
26
27
28

1 **FIRST CAUSE OF ACTION**

2 *(Injunctive Relief and Attorneys' Fees Under RCRA § 7002(a)(1)(A))*

3    52.    Plaintiffs reallege paragraphs 1 through 51 and incorporate them by
4 reference.

5    53.    RCRA section 7002(a), 42 U.S.C. § 6972(a), provides that any person may
6 commence a civil action "against any person . . . who is alleged to be in violation of any
7 permit, standard, regulation, condition, requirement, prohibition, or order which has
8 become effective pursuant to this chapter."

9    54.    Plaintiffs, each of them, is a person within the meaning of RCRA section
10 1004(15), 42 U.S.C. § 6903(15).

11    55.    Defendants, each of them, is a "person" within the meaning of RCRA
12 section 1004(15), 42 U.S.C. § 6903(15).

13    56.    California has been and is authorized by the U.S. Environmental Protection
14 Agency to operate its hazardous waste control laws and regulations pursuant to RCRA.
15 Pursuant to Section 3006(d) of RCRA, 42 U.S.C. § 6926(d), "Any action taken by a State
16 under a hazardous waste program authorized under this section shall have the same
17 force and effect as action taken by the Administration under this subchapter."

18    57.    Plaintiffs allege that Defendants are in violation of a permit, standard,
19 regulation, condition, requirement, prohibition, or order which has become effective
20 under RCRA, including violations of subchapter III of RCRA (including, but not limited to,
21 42 U.S.C. §§ 6922, 6923, 6924, 6925 and 6934).

22    58.    Prior to filing this action, Plaintiffs gave notice pursuant to RCRA §
23 7002(b)(1)(A), 42 U.S.C. § 6972(b)(1)(A) and 40 C.F.R. § 254.1 to the Administrator of
24 the United States Environmental Protection Agency ("U.S. EPA"), Region IX,
25 Administrator of the U.S. EPA, the United States Attorney General, the Director of the
26 California Department of Toxic Substance Control, and Defendants, informing them of
27 the alleged violations and of Plaintiffs' intent to bring this suit against Defendants. This

28

1 action is authorized to be brought "immediately after such notification" pursuant to 42

2 U.S.C. § 6972(b)(1)(A).

3      59.      Plaintiffs seek injunctive relief under RCRA, ordering Defendants to

4 investigate, abate and remediate the endangerment posed by the contamination, and to

5 comply, at their expense, with any and all regulatory agencies' demands regarding the

6 contamination.

7      60.      Pursuant to 42 U.S.C § 6972(e), Plaintiffs seek an award of the costs of this

8 litigation including but not limited to reasonable attorneys' fees and experts' fees, and

9 including but not limited to similar fees to monitor Defendants' compliance with any

10 orders or judgments issued by this Court.

11

12                         **SECOND CAUSE OF ACTION**

13          (Injunctive Relief and Attorneys' Fees Under RCRA § 7002(a)(1)(B))

14      61.      Plaintiffs reallege paragraphs 1 through 60 and incorporate them by

15 reference.

16      62.      RCRA section 7002(a), 42 U.S.C. § 6972(a), provides as follows:

17             "(a) . . . any person may commence a civil action on this behalf --
               (1) . . .
18                  (B) against any person . . . who has contributed or who is
                    contributing to the past or present handling, storage, treatment,
19                  transportation, or disposal of any solid or hazardous waste which
                    may present an imminent and substantial endangerment to health or
20                  the environment . . . ."

21      63.      Defendants have contributed and/or are contributing to the handling,

22 storage, treatment, transportation and/or disposal of "solid or hazardous wastes" within

23 the meaning of RCRA sections 1004(27) and 1004(5), 42 U.S.C. §§ 6903(27) and

24 6903(5), that "may present an imminent and substantial endangerment to health or the

25 environment" within the meaning of RCRA section 7002(a), 42 U.S.C. § 6972(a).

26      64.      Plaintiffs allege that Defendants' contribution to the past or present

27 handling, storage, treatment, transportation and/or disposal of solid and hazardous

28 wastes which may present an imminent and substantial endangerment to health or the

1 environment includes violations of subchapter III of RCRA (including, but not limited to,

2 42 U.S.C. §§ 6922, 6923, 6924, 6925 and 6934).

3    65.    Prior to filing this action, Plaintiffs gave notice pursuant to RCRA

4 § 7002(b)(2)(A), 42 U.S.C. § 6972(b)(2)(A) and 40 C.F.R. § 254.1 to the Administrator of

5 the United States Environmental Protection Agency ("U.S. EPA"), Region IX,

6 Administrator of the U.S. EPA, the United States Attorney General, the Director of the

7 California Department of Toxic Substance Control, and Defendants, informing them of

8 the endangerment and of Plaintiffs' intent to bring this suit against Defendants.  This

9 action is authorized to be brought "immediately after such notification" pursuant to 42

10 U.S.C. § 6972(b)(2)(A).

11    66.    Plaintiffs seek injunctive relief under RCRA, ordering Defendants to

12 investigate, abate and remediate the endangerment posed by the contamination, and to

13 comply, at their expense, with any and all regulatory agencies' demands regarding the

14 contamination.

15    67.    Pursuant to 42 U.S.C § 6972(e), Plaintiffs seek an award of the costs of this

16 litigation including but not limited to reasonable attorneys' fees and experts' fees, and

17 including but not limited to similar fees to monitor Defendants' compliance with any

18 orders or judgments issued by this Court.  Accordingly, Plaintiffs request that judgment

19 be entered in favor of Plaintiffs and against Defendants as set forth below.

20

21                         **THIRD CAUSE OF ACTION**

22                         *(Cost Recovery under CERCLA)*

23    68.    Plaintiffs reallege paragraphs 1 through 70 and incorporate them by

24 reference.

25    69.    CERCLA Section 107(a), 42 U.S.C. § 9607(a), provides as follows:

26         (2) any person who at the time of disposal of any
           hazardous substances owned or operated any facility at which
27         such hazardous substances were disposed of, [or]

28         (3) any person who . . . arranged for disposal or
           treatment . . . of hazardous substances . . . at any facility

(4)  shall be liable for –

(B) any other necessary costs of response incurred by any other person consistent with the national contingency plan. . . .

70.    A "release" of hazardous substances within the meaning of CERCLA Section 101(22), 42 U.S.C. § 9601(22), occurred at the Property.

71.    Chemicals released at the Property are "hazardous substances" within the meaning of CERCLA Section 101(14), 42 U.S.C. §9601(14).

72.    The Property is a "facility" within the meaning of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

73.    As a result of the "release" of "hazardous substances," Plaintiffs have conducted and are conducting a "response" within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25), and have incurred and will incur response costs.

74.    Defendants are liable under CERCLA § 107(a)(2), (3) and (4), 42 U.S.C. § 9607(a)(2),(3) and (4) as the operators of the Property "at the time of disposal," as persons who "arranged for disposal" of CERCLA hazardous substances on the Property, and as persons who transported hazardous substances to the Property.  Each Defendant therefore is a "covered person," liable for any and all costs, damages, and other relief under 42 U.S.C. § 9607(a).

75.    Plaintiffs have incurred, and will continue to incur, substantial costs consistent with the National Contingency Plan to investigate and remediate hazardous substances in soils and groundwater at the Property.

76.    Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendants pursuant to 42 U.S.C. § 9607(a) for all response costs that Plaintiffs have incurred and will in the future incur to investigate, remove or remediate hazardous substances at the Property.

## FOURTH CAUSE OF ACTION

*(Contribution under CERCLA)*

77.    Plaintiffs reallege paragraphs 1 through 76 and incorporate them by reference.

78.    Each Defendant is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

79.    The Property is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

80.    Chemicals used, stored, and disposed of by Defendants at the Property were "hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and a "release" or "threatened release" of hazardous substances within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), has occurred at the Property.

81.    Defendants are liable under CERCLA § 107(a)(2), (3) and (4), 42 U.S.C. § 9607(a)(2),(3) and (4) as the operators of the Property "at the time of disposal," as persons who "arranged for disposal" of hazardous substances on the Property, and as persons who transported hazardous substances to the Property.  Each Defendant is therefore a "covered person," liable for any and all costs, damages, and other relief under 42 U.S.C. Sections 9607(a) and 9613.

82.    If the Court concludes that Plaintiffs are liable under CERCLA § 107(a) simply because they are the current owners and operators of the Property on which Defendants released hazardous substances, or because they owned or operated the Property at the time of disposal of hazardous substances thereon, then Plaintiffs are entitled to contribution under CERCLA § 113, 42 U.S.C. § 9613, from Defendants.

83.    Plaintiffs have incurred, and likely will continue to incur, substantial costs consistent with the National Contingency Plan to investigate, remove or remediate hazardous substances found in soils and groundwater at the Property.

84.     Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendants pursuant to 42 U.S.C. § 9613 for the response costs that Plaintiffs have incurred to investigate and/or remediate hazardous substances at the Property.

## FIFTH CAUSE OF ACTION

*(Declaratory Judgment under CERCLA)*

85.     Plaintiffs reallege paragraphs 1 through 84, and incorporate them by reference.

86.     CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that in an action to recover costs, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

87.     This action is a cost-recovery action of the type described in CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2).

88.     Plaintiffs will incur additional response costs consistent with the National Contingency Plan.

89.     An actual controversy presently exists between Plaintiffs and Defendants.

90.     Plaintiffs desire a determination of the respective rights, duties, and liabilities of Plaintiffs and Defendants for future response costs and damages. Plaintiffs are entitled to declaratory relief under 42 U.S.C. Sections 9607 and 9613, establishing the liability of Defendants for such response costs for the purposes of this and any subsequent action or actions to recover further response costs. Accordingly, Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendants as set forth below.

## SIXTH CAUSE OF ACTION

*(Contribution Under Hazardous Substance Account Act)*

91.     Plaintiffs incorporate the allegations of paragraphs 1 through 90 above, and incorporate those paragraphs by reference.

92.     The California Hazardous Substance Account Act ("HSAA") codified at California Health & Safety Code §§ 25300 through 25395.45, states, in relevant part, at § 25363(e):

> Any person who has incurred removal or remedial action costs in accordance with this chapter or the federal act [defined as the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended (42 U.S.C. §§9601, *et seq.*)] may seek contribution or indemnity from any person who is liable pursuant to this chapter...

93.     Plaintiffs, each of them, is a "person" who has incurred or will incur removal and remedial action costs in accordance with Chapter 6.8 of the HSAA and with the federal act, within the meaning of HSAA § 25319.

94.     Each Defendant is a "person who is liable" for removal and remedial action costs incurred by Plaintiffs within the meaning of HSAA §§ 25319 and 25323.5.

95.     The contaminants released or discharged by Defendants are "hazardous substances" within the meaning of HSAA § 25316, and the federal act.

96.     The Property is a "site" within the meaning of HSAA § 25323.9.

97.     The costs incurred by Plaintiffs to investigate and remediate hazardous substances at the Property have been incurred for "removal" or "remedial" actions within the meaning of HSAA §§ 25322 and 25323.

98.     All removal and remedial costs incurred, and to be incurred, by Plaintiffs at the Property are necessary costs of response that are consistent with HSAA § 25356.1.

99.     Plaintiffs have given or will give written notice of this action to the Director of the California Department of Toxic Substances Control pursuant to HSAA § 25363(e).

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland CA 94612

-20-

COMPLAINT

1        100.    Defendants are liable to Plaintiffs for all removal and remedial costs
2   incurred to remedy hazardous substances Defendants have released or disposed at the
3   Property.

4        101.    Plaintiffs are entitled to contribution from Defendants for all response costs
5   under California Health & Safety Code Section 25363(e). Accordingly, Plaintiffs request
6   that judgment be entered in favor of Plaintiffs and against Defendants as set forth below.

7

8                                **SEVENTH CAUSE OF ACTION**

9                                    *(HSAA Declaratory Relief)*

10       102.    Plaintiffs reallege and incorporate by reference the allegations of the
11  foregoing paragraphs 1 through 101 as if fully set forth herein.

12       103.    Plaintiffs have incurred costs in connection with their investigation of
13  contamination on the Property in accordance with the HSAA, California Health & Safety
14  Code §25300, et seq.

15       104.    An actual controversy has arisen and now exists among Plaintiffs and
16  Defendants in that Plaintiffs contend, and Defendants deny, that Defendants are liable
17  under the HSAA for the costs incurred and to be incurred by Plaintiffs to investigate,
18  remove or remediate Hazardous Substances at the Property.

19       105.    Because the extent and magnitude of the contamination of the Property is
20  not fully known at this time, the contamination has not been fully mitigated, and the
21  Hazardous Substances continue to migrate from the Property, Plaintiffs will incur
22  necessary response costs under the HSAA in the future.

23       106.    Pursuant to California Health and Safety Code § 25363, Plaintiffs are
24  entitled to a declaratory judgment establishing Defendants' liability for such response
25  costs for the purposes of this and any subsequent action or actions to recover further
26  response costs. Accordingly, Plaintiffs request that judgment be entered in favor of
27  Plaintiffs and against Defendants as set forth below.

28

1

**EIGHTH CAUSE OF ACTION**

2

*(Contribution)*

3      107.   Plaintiffs incorporate the allegations of paragraphs 1 through 106, inclusive,

4   of these causes of action by this reference as though fully set forth herein.

5      108.   As a direct and proximate result of the releases of Hazardous Substances

6   into the environment, as alleged above, Plaintiffs have incurred and will incur response

7   costs, beyond their share, for investigation and cleanup of the alleged contamination.

8      109.   Plaintiffs are informed and believe, and on that basis allege, that the

9   conduct of Defendants was the proximate cause of the damages which Plaintiffs have

10   incurred because of claims from third parties such as the DTSC.

11      110.   Under Section 1432 of the California Civil Code (which provides in pertinent

12   part, "a party to ... a joint and several obligation, who satisfies more than his share of

13   the claim against all, may require a proportionate contribution from all the parties joined

14   with him"), and under general equitable principles and rules governing this action,

15   Plaintiffs are entitled to contribution from Defendants for their share of the response

16   costs and damages paid and to be paid by Plaintiffs.

17

18

**NINTH CAUSE OF ACTION**

19

*(Breach of Contract/Breach of Lease)*

20      111.   Plaintiffs reallege and incorporate herein by reference each and every

21   allegation set forth in Paragraphs 1 through 110 as though fully set forth herein.

22      112.   Plaintiffs are informed and believe and, upon such information and belief,

23   allege that Defendants Technichem, In. and Mark Ng entered into contracts and leases to

24   conduct business operations on the Property.

25      113.   Plaintiffs have performed all of their obligations in said agreements.

26      114.   Plaintiffs are informed and believe and, upon such information and belief,

27   allege that Defendants Technichem, Inc. and Mark Ng have not performed their

28   contractual obligations and duties expressly identified in their contracts with Plaintiffs.

1    115.    As a direct and proximate result of the breach of contractual duties by
2   Defendants Technichem, Inc. and Mark Ng, Plaintiffs have sustained damages in a sum
3   presently unascertained, but in an amount to be shown according to proof at trial.

4    116.    Plaintiffs are informed and believe, and on such basis allege, that these
5   damages include but are not limited to costs incurred by Plaintiffs to respond to the
6   claims of regulatory agencies, including the DTSC, to make insurance demands and
7   claims, to begin facility closure and investigate environmental contamination at the
8   Property, rent owed to Plaintiffs for Defendants' occupancy of the Property, loss of use
9   damages from May 2005 through the present, and continuing, due to Plaintiffs' inability
10  to rent, lease or sell the Property because of Defendant's contamination, and loss
11  associated with diminution in value of the Property.  Plaintiffs are continuing to be
12  damaged, and will have to spend additional sums.

13    117.    Plaintiffs are informed and believe and, upon such information and belief,
14  allege that Plaintiffs' damages are directly and proximately caused and contributed to by
15  the sole fault and/or negligence and/or strict liability or other actionable conduct of
16  Defendants Technichem, Inc. and Mark Ng.

17    118.    Plaintiffs pray for judgment as hereinafter set forth.

18

19                        **TENTH CAUSE OF ACTION**

20                        *(Contractual Indemnity)*

21    119.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 through
22  118, inclusive, of these causes of action by this reference as though fully set forth herein.

23    120.    Defendants Technichem, Inc., and Mark Ng (collectively, the "Lessee"),
24  entered into written contracts (the Leases) with Plaintiffs (collectively, the "Lessor"),
25  which expressly stated that:

26                Lessee shall indemnify and hold harmless Lessor from and
           against any and all claims arising from Lessee's use of the
27         [Property], or from the conduct of Lessee's business or from any
           activity, work or things done, permitted or suffered by lessee in or
28         about the [Property] or elsewhere and shall further indemnify and
           hold harmless Lessor from and against any and all claims arising

1       from any breach or default in the performance of any obligation on
        Lessee's part to be performed under the terms of this Lease, or
2       arising from any act or omission of Lessee, or any of Lessee's
        agents, contractors, or employees, and from and against all costs,
3       attorney's fees, expenses and liabilities incurred in the defense of
        any such claim or any action or proceedings brought thereon, and in
4       case any action or proceeding be brought against Lessor by reason
        or any such claim.
5    [Section 8.7 of 1993 Lease].

6       121.  Defendant Mark J. Ng personally guaranteed the obligations of said Lessee

7    and further agreed "to indemnify and hold Lessor harmless from any and all liabilities and

8    expenses of collection against said Lessee, including attorneys' fees and costs."

9       122.  Plaintiffs have performed and satisfied all the conditions precedent to the

10   obligations of the contracts.

11      123.  Plaintiffs are informed and believe and, upon such information and belief,

12   allege that Defendants Technichem, Inc. and Mark Ng have not performed their

13   contractual obligations and duties expressly identified in their contracts with Plaintiffs.

14      124.  Plaintiffs are informed and believe and, upon such information and belief,

15   allege that Plaintiffs' damages are directly and proximately caused and contributed to by

16   the sole fault, and/or negligence, and/or strict liability and/or other actionable conduct of

17   Defendants Technichem, Inc. and Mark Ng, in breaching such terms of their agreements

18   with Plaintiffs.

19      125.  Plaintiffs are entitled to indemnity from Defendant Technichem, Inc. and

20   Mark Ng as expressly provided by contract for all costs incurred, and to be incurred, by

21   Plaintiffs in connection with the contamination at and emanating from the Property,

22   including attorneys' fees.

23

24

25

26

27

28

WACTOR & WICK LLP
180 Grand Avenue  Suite 950
Oakland, CA 94612

-24-

COMPLAINT

**ELEVENTH CAUSE OF ACTION**

*(Equitable Indemnity and Recovery of Attorneys' Fees under CCP 1021.6)*

126.   Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 125, inclusive, of these causes of action by this reference as though fully set forth herein.

127.   Plaintiffs never used PCE or any other hazardous substances at the Property, and never stored, sold, or used PCE or other hazardous substances at the Property.

128.   Defendants, through their acts and omissions, have discharged and released hazardous substances at the Property, and have refused to take the necessary action to investigate and clean up those substances and prevent their migration in the environment, despite a legal obligation to do so.

129.   Plaintiffs are informed and believe, and upon such basis allege, that any environmental contamination at the Property relates solely to activities of Defendants and that Defendants are responsible as a matter of equity.

130.   Plaintiffs have notified (and intend this complaint to be additional notification) Defendants by tendering to Defendants the obligation to defend Plaintiffs from claims by DTSC and others, pursuant to California Code of Civil Procedure Section 1021.6. As a result of Defendants' conduct and failure to defend, Plaintiffs have been required to respond to the DTSC and may be required to defend against additional actions brought by third parties related to the contamination for which Defendants are solely responsible.  Plaintiffs again hereby demand defense and indemnity from Defendants.  Plaintiffs are informed and believe, and thereon allege, that Defendants refused, and continue to refuse, said tender of defense by Plaintiffs.

131.   Plaintiffs have incurred, and will continue to incur, response and defense costs relating to Hazardous Substances released by Defendants on the Property.

132.   Plaintiffs' costs have been necessary to address contamination proximately caused by the acts and omissions of Defendants.

1    133.   Plaintiffs' costs have been and will be incurred because of Defendants'
2  refusal to satisfy their legal obligations.

3    134.   Plaintiffs are entitled to equitable indemnity from Defendants for all costs
4  incurred, and to be incurred, by Plaintiffs in connection with the contamination at and
5  emanating from the Property, including attorneys' fees.

6

7                        **TWELFTH CAUSE OF ACTION**

8                               *(Negligence)*

9    135.   Plaintiffs reallege and incorporate the allegations of paragraphs 1 through
10 134, inclusive, of these causes of action by this reference as though fully set forth herein.

11   136.   Defendants had a duty of care with respect to its actions at and upon the
12 Property.

13   137.   Plaintiffs are informed and believe, and on that basis allege, that
14 Defendants breached their duty of care in connection with their operation of or activities
15 at the Property by virtue of their actions as alleged herein.

16   138.   Said breaches of duty by Defendants proximately caused the release or
17 threatened release of Hazardous Substances at the Property.  Plaintiffs have incurred
18 costs in responding to that release or threatened release and expect to incur additional
19 costs in the future as a result of said negligence on the part of Defendants.

20   139.   Consequently, Plaintiffs are entitled to damages according to proof at trial.

21

22                      **THIRTEENTH CAUSE OF ACTION**

23                           *(Negligence Per Se)*

24   140.   Plaintiffs reallege and incorporate the allegations of paragraphs 1 through
25 139, inclusive, of these causes of action by this reference as though fully set forth herein.

26   141.   Plaintiffs are informed and believe, and on that basis allege, that
27 Defendants' conduct leading to the release or threatened release of hazardous
28 substances at the Property violated applicable legal requirements governing the

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland CA 94612
                                      -26-
                                   COMPLAINT

1   transport, handling, storage, treatment, use and disposal of hazardous substances. Such
2   release or threatened release is the type of occurrence which the aforementioned legal
3   requirements are designed to prevent.

4       142.   Plaintiffs are informed and believe, and on that basis allege, that
5   Defendants had knowledge or reasonable cause to believe that a release or threatened
6   release of a hazardous substance has come or will come to be located on or beneath the
7   Property in amounts required to be reported to a state or local agency pursuant to law,
8   and Defendants knowingly and willfully did not give Plaintiffs timely and adequate written
9   notice, if any, of the release or threatened release or of that condition to Plaintiffs.

10      143.   Plaintiffs are among the class of persons which such legal requirements
11  were designed and intended to protect.

12      144.   The violations by Defendants of those legal requirements proximately
13  caused harm to Plaintiffs, who have been required to respond to said release and
14  threatened release of hazardous substances at the Property, and who will be required to
15  continue to respond to them in the foreseeable future. As a result of Defendants'
16  actions, Plaintiffs are entitled to damages according to proof at trial.

17      145.   The foregoing acts and omissions of Defendants violate various statutory
18  provisions, including but not limited to, California Health and Safety Code §§ 25359, et.
19  seq.; California Health and Safety Code §§ 25249.5 et seq.; California Health and Safety
20  Code §§ 25100 et seq.; Health & Safety Code §§ 25189(c)-(d); California Water Code §§
21  13000 et. seq.; and Fish & Game Code §§ 5650, et. seq.

22      146.   Defendants failed to comply with the state law as detailed above. Plaintiffs
23  have sustained injury as a result of Defendants' negligent conduct, including investigative
24  costs, attorney's fees, and other costs, as described herein. As a further direct and
25  proximate cause of the negligence per se by Defendants, Plaintiffs have suffered
26  damages as previously described herein, including other consequential, incidental, and
27  general damages to be proven at trial.

28

147.   As a result of Defendants' statutory violations, Plaintiffs pray for damages
and any other relief appropriate under the law as set forth below.

## **FOURTEENTH CAUSE OF ACTION**

### *(Nuisance)*

148.   Plaintiffs reallege and incorporate the allegations of paragraphs 1 through
147, inclusive, of these causes of action by this reference as though fully set forth herein.

149.   Plaintiffs seek economic and property damages proximately caused by the
acts and omissions of Defendants which caused the contamination at the Property.

150.   Plaintiffs are informed and believe, and on that basis allege, that
Defendants used the Property in violation of the law and public and private safety by
improperly releasing, discharging, handling, and disposing of Hazardous Substances and
contaminants, resulting in contamination of the Property.

151.   Plaintiff are informed and believe, and on that basis allege, that the
contamination at the Property constitutes a nuisance under California Civil Code Section
3479, because it is injurious to health so as to interfere with Plaintiffs' free use and
comfortable enjoyment of the property.

## **FIFTEENTH CAUSE OF ACTION**

### *(Continuing Public Nuisance)*

152.   Plaintiffs reallege and incorporate the allegations of paragraphs 1 through
151, inclusive, of these causes of action by this reference as though fully set forth herein.

153.   Defendants' discharge, deposit, disposal and release of hazardous
substances and contaminants has resulted in conditions that are injurious to health,
offensive to the senses, and an interference with the free use of property so as to
interfere with the comfortable enjoyment of life and property.  The conditions caused by
Defendants constitute a nuisance within the meaning of California Civil Code § 3479.

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

1  154. The nuisance caused by Defendants is a public nuisance because it affects
2 an entire neighborhood and a considerable number of persons within the meaning of
3 California Civil Code § 3480.

4  155. Plaintiffs have standing to bring this action to abate the public nuisance
5 because it has been specially injurious to Plaintiffs within the meaning of California Civil
6 Code § 3495.

7  156. The public nuisance is continuing because, among other things, it can be
8 abated and it varies over time.

9  157. As a direct and proximate result of the public nuisance caused by
10 Defendants, Plaintiffs have been damaged as alleged herein.  In accordance with
11 California Code of Civil Procedure § 731, Plaintiffs are entitled to damages as well as
12 injunctive relief requiring Defendants to abate the continuing public nuisance.

13  158. In causing the public nuisance alleged herein, Defendants acted with
14 oppression, fraud or malice, and in wanton disregard of the health and safety of those
15 impacted by its public nuisance, including Plaintiffs.

16  159. As a result of the public nuisance, Plaintiffs pray for injunctive relief and
17 damages as set forth below.

18

19          **SIXTEENTH CAUSE OF ACTION**

20             *(Trespass)*

21  160. Plaintiffs reallege and incorporate the allegations of paragraphs 1 through
22 159, inclusive, of these causes of action by this reference as though fully set forth herein.

23  161. At all material times, Plaintiffs were in lawful possession of their land.

24  162. Defendants caused hazardous substances to intrude on Plaintiffs' land.
25 Such intrusion was not permitted.

26  163. Plaintiffs are informed and believe, and on that basis allege, that this
27 intrusion was intentional, negligent, or resulted from ultra hazardous conduct.

28

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

-29-
COMPLAINT

1    164.    Defendants' trespass directly and proximately caused Plaintiffs' damages,

2 including harm to property and economic interests.

3    165.    Consequently, Plaintiffs are entitled to damages according to proof at trial.

4

5    **SEVENTEENTH CAUSE OF ACTION**

6    *(Waste)*

7    166.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 through

8 165, inclusive, of these causes of action by this reference as though fully set forth herein.

9    167.    Plaintiffs are informed and believe, and on that basis allege, that

10 Defendants committed waste at and upon the Property by contaminating the property

11 with Hazardous Substances and not remediating the contamination.

12    168.    As a direct and proximate result of the above waste committed by

13 Defendants, Plaintiffs have been damaged in an amount to be proven at trial for loss of

14 use of the Property and inability to lease or sell the Property at the reasonable rental

15 value of the Property.

16

17    **EIGHTEENTH CAUSE OF ACTION**

18    *(Fraud/Constructive Fraud)*

19    169.    Plaintiffs reallege and incorporate by reference the allegations of

20 paragraphs 1 through 168 as though fully set forth herein.

21    170.    Pursuant to various leases with Plaintiffs, a stipulated judgment with DTSC,

22 and environmental laws and regulations, Defendants knew that they were obligated to

23 comply with environmental laws and regulations, investigate site conditions, conduct

24 remedial activities, and obtain regulatory closure of the facility located on the Property.

25    171.    Plaintiffs are informed and believe and, upon such information and belief,

26 allege that: from the beginning of Defendants' tenancy until 2005, Defendants

27 represented to Plaintiffs that Defendants' operations and activities on the Property

28 complied with environmental laws and regulations; Defendants failed to notify Plaintiffs

1 of any discharges or releases of hazardous substances, in order to induce Plaintiffs to
2 enter into and to refrain from terminating these written leases and amendments for the
3 continued tenancy on the site of Defendants Technichem Inc. and Mark Ng.

4    172.   Plaintiffs are informed and believe and, upon such information and belief,
5 allege that Defendants Technichem Inc. and Mark Ng represented to Plaintiffs that no
6 defaults or breaches existed in their performance of the terms, covenants, and conditions
7 of their lease agreements with Plaintiffs, including but not limited to:

8       •   Technichem Inc. and Mark Ng had complied with laws, guidelines,
9 and safety practices applicable to generating, emitting, releasing, discharging, storing,
10 processing and venting of hazardous substances,

11       •   Technichem Inc. and Mark Ng had repaired and maintained the
12 leased premises, the fixtures and appurtenances in good order and repair and in clean
13 and wholesome, condition, in compliance with all laws and ordinances,

14       •   Technichem Inc. and Mark Ng had used and occupied the leased
15 premises in accordance with all appropriate federal, state, county and city laws,
16 ordinances, or regulations; and

17       •   Technichem Inc. and Mark Ng had not committed any waste upon
18 the leased premises or any nuisance or misuse of the leased premises.

19    173.   Plaintiffs are informed and believe and, upon such information and belief,
20 allege that these representations were made by Technichem Inc. and Mark Ng to induce
21 Plaintiffs to continue contracting for the lease of Property, and, in reliance upon those
22 representations, Plaintiffs entered into a lease agreement and continued to lease the
23 Property to Defendants Technichem Inc. and Mark Ng .

24    174.   Plaintiffs are informed and believe and, upon such information and belief,
25 allege that Defendants Technichem Inc. and Mark Ng knowingly and willfully made these
26 representations with no reasonable grounds for believing them to be true, and that by or
27 before January 6, 2006, Defendants ceased its investigative work at the Property,

28

1   purposefully failing to comply with regulatory directives for additional investigation of the
2   contamination at the Property, and knowingly delaying remediation of the Property.

3         175.   Plaintiffs reasonably relied on Defendants' actions and representations and
4   had no knowledge of any actual or potential contamination to the Property from
5   Defendants' operations until January 2006.  In or about January 2006, Plaintiffs
6   discovered that the representations made by Defendants were in fact false, in that
7   Defendants were not competently pursuing site closure.  Plaintiffs are informed and
8   believe and, upon such information and belief, allege that Defendants purposefully or
9   negligently exacerbated the contamination at the Property due to their repeated delays in
10  responding to the regulatory directives.

11        176.  Plaintiffs are informed and believe, and on that basis allege, that
12  Defendants failed to comply with minimum commercial, professional and regulatory
13  standards, misled Plaintiffs into believing their operations and activities were in
14  compliance with the law and with the terms of the lease, misrepresented Defendants'
15  ability to complete facility closure and the cost of facility closure, and concealed from
16  Plaintiffs their: (a) practices for the disposal of hazardous substances, (b) failure to
17  maintain its equipment (and the premises and fixtures and appurtenances thereto) to
18  minimize or prevent leaks or spills of PCE or other hazardous materials, and (c) intent to
19  cease its voluntary investigative and cleanup efforts under the oversight of DTSC.

20        177.   Plaintiffs are informed and believe, and on that basis allege, that
21  Defendants operated their solvent recycling business knowing of the discharge of
22  hazardous substances into the environment, or the actions that resulted in the discharge,
23  and had the legal ability to prevent, minimize, mitigate, clean up, abate, investigate
24  and/or otherwise respond to the discharge.

25        178.  Plaintiffs are informed and believe, and on that basis allege, Defendants'
26  acts or omissions have proximately caused Plaintiffs' damages.

27
28

1      179.   Defendants, in connection with their generation, release, discharge,
2  handling, collection, storage, processing, and/or disposal of the Hazardous Substances,
3  have engaged in a pattern of negligent, oppressive, and malicious behavior.

4      180.   Plaintiffs are informed and believe, and on that basis allege, that (although
5  Defendants have known about this contamination and the fact that such contamination
6  may move to adjacent properties), Defendants have concealed from Plaintiffs, the
7  releases of hazardous substances, the violations of environmental laws and regulations,
8  DTSC's enforcement action against Technichem, Inc. and Mark Ng for such violations,
9  and Defendants' intent to abandon all investigation and remediation efforts from
10 Plaintiffs.

11     181.   Plaintiffs are informed and believe, and on that basis allege, that
12 Defendants acted wrongfully and/or negligently in (a) failing to meet commercial or
13 professional standards, (b) failing to comply with environmental laws and regulations, (c)
14 contaminating the Property, and (d) ceasing in bad faith its efforts to investigate and
15 clean up the Property under the oversight of DTSC.

16     182.   By virtue of the relationship existing between Defendants and Plaintiffs,
17 Defendants owed a fiduciary duty to Plaintiffs, which was breached by the false
18 representations made to Plaintiffs by Defendants.

19     183.   As a direct and proximate result of Defendants' failure to comply with the
20 terms of the lease and with regulatory directives, and their concealment from Plaintiffs of
21 such failure, Plaintiffs have sustained damages, and are continuing to be damaged, in a
22 sum presently unascertained, but in an amount to be shown according to proof at the
23 time of trial.

24     184.   Plaintiffs pray for judgment as hereinafter set forth.

25

26

27

28

WACTOR & WICK LLP
180 Grant Avenue. Suite 950
Oakland, CA 94612

-33-
COMPLAINT

## NINETEENTH CAUSE OF ACTION

*(Business & Professions Code § 17200)*

185.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 184, inclusive, of these causes of action by this reference as though fully set forth herein.

186.    California Business & Professions Code § 17200 defines unfair competition to include any "... unlawful, unfair or fraudulent" business act or practice.

187.    Plaintiffs are informed and believes, and on that basis alleges, that Technichem, Inc. and Mark J. Ng  and Stephen S. Tung have engaged, and continues to engage, in unlawful and unfair business practices within the meaning of California Business & Professions Code § 17200 through Technichem, Inc. and Mark Ng's discharges of solid and hazardous wastes, hazardous substances, and contaminants at the Property, failure to mitigate the contamination, and  concealment of regulatory and statutory violations as alleged herein.

188.    Plaintiffs are informed and believe, and on that basis allege, that by violating Health and Safety Code section 25359.7(b)(which protects landlords by obligating a lessee who knows or has reasonable cause to believe that any release of a hazardous substance has come or will come to be located on or beneath that real property to provide written notice of that condition to the lessor), Defendants Technichem, Inc. and Mark Ng have committed an unlawful business act and therefore violated § 17200.

189.    Plaintiffs are informed and believe, and on that basis allege, that Defendants' knowing and willful conduct leading to the release or threatened release of hazardous substances at the Property and Defendants' purposeful failure to mitigate (as required by the Water Code) the contamination violated applicable legal requirements governing the transport, handling, storage, treatment, use and disposal of solid and hazardous wastes and Hazardous Substances, which is the type of conduct that Business and Profession Code section 17200 et seq. is designed to prevent.

1       190.    Business and Professions Code section 17204 permits "any person who has
2   suffered injury in fact and has lost money or property as a result of such unfair
3   competition" to bring an action on behalf of itself, its members, or the general public.

4       191.    Plaintiffs have an ownership interest in the property that Defendants
5   Technichem, Inc. and Mark Ng have leased.  Plaintiffs have suffered injury in fact and
6   have lost money and property value as a result of the unlawful business practices,
7   because Plaintiffs are unable to sell the Property for full market value or lease the
8   Property for full rental value.  Thus, Plaintiffs have standing to bring this claim because
9   they are among the class of persons such legal requirements were designed and
10  intended to protect.

11      192.    Plaintiffs bring this enforcement action on behalf of themselves, all others
12  similarly situated, the general public, and in the interest of the public pursuant to
13  Business and Professions Code § 17204 to prevent future harm to the public at large by
14  seeking to enjoin the unlawful business practices that resulted in soil and groundwater
15  contamination at the Property and that continue to allow the contamination to spread.
16  Thus, Plaintiffs' action under Business and Professions Code § 17200 is predicated on
17  Technichem, Inc. and Mark Ng's violation of Health & Safety Code § 25359.7(b) pursuant
18  to the California Business & Professions Code § 17204.

19      193.    California Business & Professions Code § 17203 provides that the court may
20  make such orders or judgments as may be necessary to:

21              ... prevent the use or employment by any person of any
                practice which constitutes unfair competition, as defined in
22              this chapter, or as may be necessary to restore to any person
                in interest any money or property, real or personal, which
23              may have been acquired by means of unfair competition.

24      194.    As a result of Defendants' violations of California Business & Professions
25  Code §§ 17200, et seq., Plaintiffs pray for injunctive relief and restitution as set forth
26  herein.

27

28

## **TWENTIETH CAUSE OF ACTION**

*(Declaratory Relief Under State Law)*

195.   Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 194, inclusive, of these causes of action by this reference as though fully set forth herein.

196.   An actual controversy exists between Plaintiffs and Defendants with respect to their respective rights and obligations under federal and state laws.  Plaintiffs seek a judicial determination of the respective rights and duties of the parties with respect to the rights, claims and damages alleged herein.

197.   Plaintiffs also seek a declaration by this court that Defendants were obligated contractually to investigate and clean up the contamination; that Plaintiffs complied with all conditions and obligations under the leases with respect to their rights to defense and indemnity relating to the underlying claims; that because of Defendants' breach of contract, negligence, fraud/misrepresentation, nuisance, trespass, unfair business practices, and statutory violations, Plaintiffs have been damaged according to proof.

198.   The requested declaration is necessary and appropriate at this time to allow Plaintiffs to ascertain their rights and duties with respect to the claims at issue in this action.

199.   As a result, Plaintiffs pray for declaratory relief as set forth below.

## **PRAYER FOR RELIEF**

Plaintiffs pray for judgment against Defendants as follows:

1.   For mandatory, preliminary and permanent injunction pursuant to RCRA ordering Defendants to take all necessary actions to investigate, abate, and cleanup the contamination at or emanating from the Property, including but not limited to ordering Defendants to investigate, abate and remediate the endangerment posed by the contamination, and to comply, at their expense, with any and all regulatory agencies' demands regarding the contamination;

1     2.     For a declaration that Defendants have operated and are operating a solid
2 waste disposal facility that may present an imminent and substantial endangerment in
3 violation of section 7002 of RCRA;

4     3.     For entry of judgment against Defendants for all response costs incurred by
5 Plaintiffs attributable to hazardous substances released by Defendants at, under, or near
6 the Property;

7     4.     For civil penalties of up to $2,500 per day per individual exposure to
8 Hazardous Substances discharged by Defendant during the course of its business
9 operations and in the absence of facility closure, pursuant to Health and Safety Code §
10 25249.7(b);

11     5.     For contribution by Defendants for any and all response costs, including
12 those that may be incurred by Plaintiffs in the future;

13     6.     For indemnification by Defendants, for all costs, damages, expenses or
14 claims resulting from claims related to the contamination on, at, or near the Property;

15     7.     For a declaration that Defendants are obligated to indemnify Plaintiffs from
16 and against any and all claims arising out of contamination at the Property;

17     8.     For an order directing Defendants to cease the unlawful open dumping of
18 solid waste.

19     9.     For an order directing that Defendants conduct a comprehensive
20 investigation and study to determine the characteristics of the waste and to clean up the
21 extent of the contamination;

22     10.     For a mandatory preliminary and permanent injunction as specifically
23 authorized by California Business & Professions Code § 17200, *et seq.,* ordering
24 Defendants to take all actions necessary to cleanup contamination at or emanating from
25 the Property;

26     11.     For an order pursuant to California Business & Professions Code § 17203
27 restoring to Plaintiffs all money they have spent to respond to, investigate, remove or
28 remediate the contamination;

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

-37-
COMPLAINT

1     12.    For damages according to proof at trial, including but not limited to rent
2  owed to Plaintiffs for Defendants' occupancy of the Property and all costs and expenses
3  paid and to be paid in complying with regulatory agency's claims relating to investigation
4  and cleanup of the Property;

5     13.   For an award of the costs of this litigation including but not limited to costs
6  that Plaintiffs have incurred and continue to incur to defend themselves against third-
7  party claims relating to the investigation and cleanup of site contamination on the
8  Property, reasonable attorneys' fees and experts' fees, and including but not limited to
9  similar fees to monitor Defendants' compliance with any orders or judgments issued by
10  this Court pursuant to RCRA § 7002(e), 42 U.S.C § 6972(e), and California Code of Civil
11  Procedure § 1021.5;

12     14.    For any award of damages, in amount according to proof at trial, consisting
13  of the costs, fees, and other expenses authorized under California Code of Civil
14  Procedure section 1021.6;

15     15.    For any and all remedies authorized under section California Health and
16  Safety Code §§ 25359, et. seq.; California Health and Safety Code §§ 25249.5 et seq.;
17  California Health and Safety Code §§ 25100 et seq.; Health & Safety Code §§ 25189(c)-
18  (d); California Water Code §§ 13000 et. seq.; and Fish & Game Code §§ 5650, et. seq.,
19  including but not limited to actual damages and civil penalties for each incident in which
20  Defendants knowingly and willfully failed to provide written notice when required by
21  Health and Safety Code §§ 25359.7(b)(1) and 25182(c)-(d) of the release or threatened
22  release at or under the Property or of that condition to Plaintiffs under Defendants'
23  lease(s);

24     16.    For declaratory judgment pursuant to Code of Civil Procedure, § 1060
25  declaring that Defendants are engaged in an unlawful business practice constituting
26  unfair competition in violation of Business and Professions Code, §§ 17200 et seq. by
27  having knowingly and intentionally exposed individuals to a chemical known to the State

28

1  of California to cause developmental and reproductive toxicity without first giving clear

2  and reasonable warning as required by Health and Safety Code §§ 25359.7 et seq.;

3      17.    For punitive and exemplary damages as justified by proof at trial pursuant

4  to Cal. Civ. Code § 3294, because Defendants' conduct was so outrageous and

5  oppressive as to demonstrate a conscious and/or reckless disregard for human health

6  and safety and the environment;

7      18.    For entry of a declaratory judgment against Defendants and in favor of

8  Plaintiffs according to proof at trial;

9      19.    For prejudgment interest at the maximum rate permitted by law;

10      20.    For such other and further relief as the Court may deem appropriate.

11

12  **JURY DEMAND**

13  Plaintiffs hereby demand a trial by jury of all issues triable by jury.

14

15  Dated: May 9, 2007

16      WACTOR & WICK LLP

17

18      By:

    WILLIAM D. WICK

19      ANNA L. NGUYEN

20      Attorneys for Plaintiffs
    Virginia Pellegrini, and

21      Virginia Pellegrini,
    Trustee of the Mario J. and Virginia E.
    Pellegrini Trust

22

23

24

25

26

27

28