BRIAN M. LEDGER (SBN 156942)
bledger@gordonrees.com
PAUL A. HENREID (SBN 214527)
phenreid@gordonrees.com
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys For Defendants TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual<br><br>Plaintiff,<br><br>v.<br><br>TECHNICHEM, INC., a California corporation; MARK J. NG, an individual; and STEPHEN S. TUNG, an individual,<br><br>Defendants. | Case No. 07-CV-02497-CRB<br><br>***EX PARTE* APPLICATION AND ORDER EXTENDING TIME TO PLEAD**<br><br>Courtroom: 8, 19th floor<br>Judge: Charles R. Breyer<br><br>Complaint Filed: May 9, 2007 |

## NOTICE OF *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that Defendants TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG (collectively "Defendants") respectfully submit the following *Ex Parte* Application for an additional 15 days to respond to plaintiffs' complaint, up to and including June 25, 2007. Defendants bring this Application pursuant to Local Rule 7-10 and paragraph 4 of this Court's Standing Order. Plaintiffs' counsel intends to oppose this Application. This Application is supported by the following memorandum of points and authorities reflecting the requisite good cause and the Declaration of Brian M. Ledger.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTS

Plaintiffs filed the complaint on May 9, 2006. (Docket Entry No. 1) Plaintiffs served the complaint on defendant Marc J. Ng by substitute service on May 14, 2007. Plaintiffs served the complaint on defendant Stephen S. Tung by personal service on May 15, 2007. Plaintiffs served the complaint on the agent for service of process for defendant Technichem, Inc. on May 16, 2007. (Docket Entry Nos. 4, 5, and 7)

On May 30, 2007, defense counsel contacted plaintiffs' counsel and requested a 15-day extension to respond to plaintiffs' complaint, which consists of 39 pages and 20 causes of action in a complex environmental cost recovery action. (Paragraph Nos. 2 and 5 of Declaration of Brian M. Ledger, hereinafter "Ledger Decl." attached as Exhibit "A") Defense counsel requested the same 15-day on June 1, 2007 and again on June 4, 2007; but plaintiffs' counsel would only provide a 5-day extension. (Ledger Decl. ¶¶ 3-4) Pursuant to Local Rule 6.1(a), the parties stipulated to extend the time for Defendants to respond to the complaint by 5 days. (See attached Exhibit "B")

Defense counsel has made multiple unsuccessful attempts to stipulate with plaintiffs' counsel to a 15-day extension. (See Ledger Decl. ¶¶ 2-4) Plaintiffs' counsel has not agreed to more than a 5-day extension. Consequently, Defendants bring this *Ex Parte* Application for an additional 15 days to respond to plaintiffs' complaint, up to and including June 25, 2007.

## II.

## GOOD CAUSE EXISTS FOR DEFENDANTS' *EX PARTE* APPLICATION

It is Defendants' burden, as the movants, to show good cause for the hearing of their request on an *ex parte* basis. Mission Power Eng'g Co. v. Cont'l. Ca. Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995). Defendants satisfy this burden because the

1 current deadline for defendant Mark Ng to respond to the plaintiff's complaint is
2 June 8, 2007. The current deadline for defendants Technichem, Inc. and Stephen
3 Tung is June 11, 2007. Thus, a determination from this Court as to whether an
4 extension of time is approved is needed on an expedited basis because there is
5 insufficient time to request such a change under Local Rules 6-1 or 6-2.
6 Otherwise, Defendants will be prejudiced by the short period of time for their
7 response and assertion of issues that must be included with the first appearance of
8 a party. (Ledger Decl. ¶ 7) Accordingly, good cause exists for the hearing of this
9 Application on an *ex parte* basis under Local Rule 7-10 and paragraph 4 of this
10 Court's Standing Order.

## III.

## GOOD CAUSE EXISTS FOR AN EXTENSION OF TIME FOR DEFENDANTS TO RESPOND TO THE COMPLAINT

Local Civil Rule 6.1(a) for the United Stated District Court, Northern District of California, states: "Parties may stipulate in writing, without a Court order, to extend the time within which to answer or otherwise respond to the complaint, or to enlarge or shorten the time in matters not required to be filed or lodged with the Court, provided the change will not alter the date of any event or any deadline already fixed by Court order. Such stipulations shall be promptly filed pursuant to Civil L.R. 5." Pursuant to L.R. 6.1(a), the parties stipulated to extend the time for plaintiffs to respond by 5 days. (See attached Exhibit "B")

Here, good cause exists for an additional 15 days to respond to plaintiffs' complaint, up to and including June 25, 2007. Plaintiffs' complaint is a complex environmental cost recovery case consisting of 39 pages and 20 causes of action. (Ledger Decl. ¶ 5) In addition, defense counsel is experiencing an unusually large volume of cases and "press of business" at this time. (Ledger Decl. ¶ 6) Additional time, beyond the current stipulated time for a response, is needed to prepare a thoughtful response to this complex case. (Ledger Decl. ¶ 7)

The requested extension of 15 additional days is not lengthy, and will not cause significant delay or undue prejudice to any party. Indeed, plaintiff's counsel has indicated its refusal to agree to a greater extension is because plaintiffs are upset and want to move the case forward. (Ledger Decl. ¶ 8)

Based on the foregoing, good cause exists for this Court's approval and grant of additional time for Defendants to respond to the pleadings in this matter, up to and including June 25, 2007.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their *Ex Parte* Application for an additional 15 days to respond to plaintiffs' complaint, and thus allow Defendants up to and including June 25, 2007 to file such pleading or motion.

Dated: June 5, 2007            **GORDON & REES LLP**

_____
Brian M. Ledger
Paul A. Henreid
Attorneys for Defendants TECHNICHEM, INC., MARK J. NG, AND STEPHEN S. TUNG

## ORDER

Having reviewed Defendants' *Ex Parte* Application for an extension of time to respond to plaintiffs' complaint, and good cause appearing,

IT IS HEREBY ORDERED THAT:

Defendants are granted an additional 15 days to respond to plaintiffs' complaint, up to and including June 25, 2007.

DATED: June         , 2007

_____
U.S. District Judge
Hon. Charles R. Beyer

**EXHIBIT A**

BRIAN M. LEDGER (SBN 156942)
bledger@gordonrees.com
PAUL A. HENREID (SBN 214527)
phenreid@gordonrees.com
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys For Defendants TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual<br><br>Plaintiff,<br><br>v.<br><br>TECHNICHEM, INC., a California corporation; MARK J. NG, an individual; and STEPHEN S. TUNG, an individual,<br><br>Defendants. | Case No. 07-CV-02497-CRB<br><br>**DECLARATION OF BRIAN M. LEDGER IN SUPPORT OF *EX PARTE* APPLICATION TO EXTEND TIME TO PLEAD**<br><br>Courtroom: 8, 19th floor<br>Judge: Charles R. Breyer<br><br>Complaint Filed: May 9, 2007 |

I, Brian M. Ledger, declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California. I am a partner in the law firm of Gordon & Rees, LLP, counsel of record for defendants TECHNICHEM, INC., MARK J. NG and STEPHEN S. TUNG ("Defendants") in this matter. If called and sworn as a witness, I could competently testify to the matters stated in this declaration as being true and correct, based upon my personal knowledge of such matters.

2. On May 30, 2007, in a telephone conversation, I requested a 15-day extension from Anna Le Nguyen, counsel to plaintiffs, to respond to the complaint

- 1 -
DECLARATION OF BRIAN M. LEDGER IN SUPPORT OF *EX PARTE* APPLICATION TO EXTEND TIME TO PLEAD

on behalf of Defendants. Ms. Nguyen indicated that plaintiff would agree to a 5-day extension, not a 15-day extension. I indicated that we require a 15-day extension and would need to seek relief through an ex parte motion to extend the date for defendants' responses.

3. On June 1, 2007, Paul A. Henreid, an associate in my law firm, requested a 15-day extension from Anna Le Nguyen, counsel to plaintiffs, to respond to the complaint on behalf of Defendants. Ms. Nguyen again indicated that plaintiff would agree to a 5-day extension, not a 15-day extension. Mr. Henreid indicated that we require a 15-day extension and would need to seek relief through an ex parte motion to extend the date for defendants' responses. Ms. Nguyen indicated plaintiffs' intent to oppose such a motion.

4. On June 4, 2007 - for a third time – defense counsel requested a 15-day extension from Anna Le Nguyen, counsel to plaintiffs, to respond to the complaint. Ms. Nguyen again indicated that plaintiff would only agree to a 5-day extension, not a 15-day extension, and would oppose an *ex parte* application seeking an additional extension.

5. Plaintiffs' complaint is a complex environmental cost recovery case consisting of 39 pages and 20 causes of action.

6. I am experiencing an unusually large volume of cases and "press of business" at this time.

7. Additional time, beyond the current stipulated time for a response, is needed to prepare a thoughtful response to this complex case. Otherwise, Defendants will be prejudiced by the short period of time for their response and assertion of issues that must be included with the first appearance of a party.

8. The requested extension of 15 additional days is not lengthy, and will not cause significant delay or undue prejudice to any party. Indeed, Ms. Nguyen indicated that plaintiff would agree to a 5-day extension, not a 15-day extension, because plaintiffs are upset with defendants and want to move the case forward.

- 2 -
DECLARATION OF BRIAN M. LEDGER IN SUPPORT OF *EX PARTE* APPLICATION TO EXTEND TIME TO PLEAD

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 5th day of June, 2007 at San Diego, California.

_____
Brian M. Ledger

**EXHIBIT B**

1  WILLIAM D. WICK (SBN 063462)
   JON K. WACTOR (SBN 141566)
2  ANNA LE NGUYEN (SBN 226829)
   anguyen@ww-envlaw.com
3  WACTOR & WICK LLP
   180 Grand Avenue, Suite 950
4  Oakland, CA 94612
   Telephone: (510) 465-5750
5  Facsimile: (510) 465-5697

6  Attorneys For Plaintiffs VIRGINIA PELLEGRINI, Trustee of the Mario J. and
   Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual
7

8  BRIAN M. LEDGER (SBN 156942)
   bledger@gordonrees.com
9  PAUL A. HENREID (SBN 214527)
   phenreid@gordonrees.com
10 GORDON & REES LLP
   101 West Broadway, Suite 1600
11 San Diego, CA 92101
   Telephone: (619) 696-6700
12 Facsimile: (619) 696-7124

13 Attorneys For Defendants TECHNICHEM, INC., MARK J. NG,
   and STEPHEN S. TUNG
14

15            UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17 VIRGINIA PELLEGRINI, Trustee of the    Case No. 07-CV-02497-CRB
   Mario J. and Virginia E. Pellegrini Trust,
18 and VIRGINIA PELLEGRINI, an            **STIPULATION EXTENDING**
   individual                             **TIME TO PLEAD**
19
20            Plaintiff,                   Courtroom: 8, 19th floor
                                           Judge: Charles R. Breyer
21 v.
                                           Complaint Filed: May 9, 2007
22 TECHNICHEM, INC., a California
   corporation; MARK J. NG, an individual;
23 and STEPHEN S. TUNG, an individual,

24
              Defendants.
25

26
           **STIPULATION EXTENDING TIME TO PLEAD**
27
   Plaintiffs VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E.
28

- 1 -
STIPULATION EXTENDING TIME TO PLEAD

Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual ("Plaintiffs"), by and through their counsel Anna Le Nguyen, Esq. of Wactor & Wick LLP, and Defendants TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG ("Defendants"), by and through their counsel Paul A. Henreid, Esq. of Gordon & Rees LLP, stipulate pursuant to Local Civil Rule 6-1(a) that Defendants are granted an additional 5 days to respond to Plaintiffs' Complaint.

Dated: June 4, 2007

WACTOR & WICK LLP

By: _____
William D. Wick, Esq.
Jon K. Wactor, Esq.
Anna Le Nguyen, Esq.
Attorneys for Plaintiffs VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual

Dated: June 5, 2007

GORDON & REES LLP

By: _____
Brian M. Ledger, Esq.
Paul A. Henreid, Esq.
Attorneys for Defendants TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG

- 2 -
STIPULATION EXTENDING TIME TO PLEAD