BRIAN M. LEDGER (SBN 156942)
bledger@gordonrees.com
PAUL A. HENREID (SBN 214527)
phenreid@gordonrees.com
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys For Defendants TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual<br><br>Plaintiff,<br><br>v.<br><br>TECHNICHEM, INC., a California corporation; MARK J. NG, an individual; and STEPHEN S. TUNG, an individual,<br><br>Defendants. | Case No. 07-CV-02497-CRB<br><br>**ANSWER TO COMPLAINT**<br><br>Courtroom: 8, 19th floor<br>Judge: Charles R. Breyer<br><br>Complaint Filed: May 9, 2007 |

COMES NOW Defendants Technichem, Inc., Mark J. Ng, and Stephen S. Tung ("Defendants") and answers Plaintiffs' complaint, and hereby admits, denies and alleges as follows:

## ANSWER TO COMPLAINT

### Parties

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 1 of Plaintiffs' complaint, and therefore deny the same.

2. Admit that Defendant Technichem, Inc. is a California corporation with its principal place of business in Hayward, California. Deny as to all other allegations in paragraph 2 of Plaintiffs' complaint.

3. Admit that defendant Mark Ng is an individual who resides in the State of California and was a corporate officer of Technichem, Inc. Deny that Mr. Ng was a lessee, operated the Property, and that at all times herein mentioned was and is the President of Technichem, Inc.

4. Admit that defendant Stephen S. Tung is an individual who resides in the State of California and was a corporate officer of Technichem, Inc. Deny that Mr. Tung operated the Property, and at all times herein mentioned was and is the Chief Operating Officer of Technichem, Inc.

## Nature Of The Action

5. Defendants deny that this action arises from pollution caused by their acts and omissions.

6. Defendants deny that they have caused or permitted the release of hazardous substances, contaminating the soil and groundwater on Plaintiffs' property.

7. Deny that Plaintiffs seek various relief as a result of environmental contamination caused by Defendants.

## Jurisdiction

8. Paragraph 8 of the Complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations; alternatively, Defendant lacks sufficient information and belief to admit or deny the allegations of Paragraph 8, and therefore denies same, but admits that the Court has subject matter jurisdiction over RCRA, CERCLA, and Declaratory Judgment Act claims pursuant to 42 U.S.C. § 6972(a), 42 U.S.C. § 9613, and 28 U.S.C. § 1331.

ANSWER TO COMPLAINT

9. Admit that the Court has discretion whether or not to exercise supplemental jurisdiction or pendent jurisdiction over plaintiff's Claims for Relief under state law. As to the remainder of the allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments.

## Venue

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 10 of Plaintiffs' complaint.

## General Allegations

11. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 11 of Plaintiffs' complaint that the Mario J. and Virginia E. Pellegrini Trust owns the real property located near the corner of Park Avenue and Halleck Streets in Emeryville, California with Assessors Parcel Number 049-1036-002-00 and business address of 4245 Halleck Street, which consists of a large commercial building and various tenant spaces ("the Property"), or that Mario J. and Virginia E. Pellegrini owned the Property prior to transferring it to the Trust.

12. Admit to the extent the lease was between Technichem and Pellegrini trust with lease payments guaranteed by Mark Ng.

13. Defendants deny the allegations in paragraph 13 of Plaintiffs' complaint to the extent they misquote the 1993 Lease and take quotes out of context. Defendants admit that the 1993 Lease speaks for itself.

14. Defendants admit that paragraph 14 of Plaintiffs' complaint properly quotes section 8.8 of the 1993 Lease but deny the allegations to the extent they misquote section 8.7 of 1993 Lease. Defendants admit that the 1993 Lease speaks for itself.

15. Admit that the quoted language in paragraph 15 of Plaintiffs' complaint appears in the Guarantee of Lease.

16. Defendants lack sufficient information and belief to admit or deny the

allegations in paragraph 16, and therefore deny the same.

17. Defendants admit that they operated a chemical recycling business at the Property for a period of time that used, handled, and stored tetrachloroethene ("PCE"), but lack sufficient information and belief to admit or deny the remaining allegations in paragraph 17 of Plaintiffs' complaint, and therefore deny the same.

18. Defendants admit that State of California, Department of Toxic Substances ("DTSC") alleged violations; Defendants lack sufficient information and belief to admit or deny the remainder of the allegations paragraph 18 of Plaintiffs' complaint, and therefore deny the same.

19. Defendants admit that DTSC filed a complaint in state court against Technichem, Inc. and Mark Ng alleging violations of regulations with respect to their operations at the Property, but lack sufficient information and belief to admit or deny the remaining allegations in paragraph 19 of Plaintiffs' complaint, and therefore deny the same.

20. Defendants admit that Technichem, Inc. and Mark Ng entered into a Partial consent decree with DTSC, but lack sufficient information and belief to admit or deny the remaining allegations in paragraph 20 of Plaintiffs' complaint, and therefore deny the same.

21. Defendants admit that Technichem, Inc. and Mark Ng entered into a Stipulated Final Judgment with DTSC related to alleged violations, but lack sufficient information and belief to admit or deny the remaining allegations in paragraph 21 of Plaintiffs' complaint, and therefore deny the same.

22. Defendants deny the allegations in paragraph 22 of Plaintiffs' complaint.

23. Defendants admit that on or about March 2005, Technichem, Inc. and Mark Ng informed Mario Pellegrini that they intended to vacate their space at the Property. Defendants deny all other allegations in paragraph 23 of Plaintiffs' complaint.

ANSWER TO COMPLAINT

1  24.     Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 24, and therefore deny the same.

25.     Admit.

26.     Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 26, and therefore deny the same.

27.     Admit.

28.     Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 28, and therefore deny the same.

29.     Admit.

30.     Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 30, and therefore deny the same.

31.     Defendants deny that they concealed any information from Plaintiffs. As to the remainder of the allegations in paragraph 31, Defendants lack sufficient information and belief to admit or deny the allegations, and therefore deny the same.

32.     Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 32, and therefore deny the same.

33.     Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 33, and therefore deny the same.

34.     Defendants deny the allegations of paragraph 34.

35.     Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 35, and therefore deny the same.

36.     Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 36, and therefore deny the same.

37.     Admit that Defendants Technichem, Inc. and Mark Ng told Plaintiffs' attorney Michael Lamphere and Mr. Pellegrini that they risked bankruptcy if Technichem, Inc. and Mark Ng proceeded with the facility closure work required by DTSC; deny as to other allegations in paragraph 37 of Plaintiffs' complaint.

38. Admit that Defendants provided a cost estimate based on a quotation provided by Clayton Group Services ("Clayton") for site characterization and facility closure. Clayton reviewed information available and concluded that minimal contamination could be removed and closure obtained for less than $60,000.

39. Defendants deny that on or about January 6, 2006, Technichem, Inc. and Mark Ng notified Plaintiffs and DTSC that Technichem, Inc. lacked the financial resources to undertake any facility closure activities. Defendants deny that Technichem, Inc. and Mark Ng requested that Plaintiffs assume closure and corrective action obligations associated with the closure of the Technichem, Inc. facility.

40. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 40, and therefore deny the same.

41. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 41, and therefore deny the same.

42. Deny to the extent that Defendants believed it was Plaintiffs' desire to take complete control of the facility closure and to use their own funds and insurance proceeds. Defendants admit that Plaintiffs believed they were responsible for back rent owed.

43. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 43, and therefore deny the same.

44. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 44, and therefore deny the same.

45. Defendants deny that they acted with malice and oppression toward Plaintiffs and the public by: failing to prevent the discharge or release of hazardous substances; failing to comply with laws, guidelines, and safety practices applicable to hazardous substances; failing to establish and maintain adequate pollution control technologies; failing to repair equipment and toxic chemical storage and

disposal containers; failing to report releases; failing to accurately report and/or disclose to Plaintiffs and the public the amounts of discharges, leaks and spills; failing to establish and maintain safety practices and procedures; and failing to implement measures to prevent exposure of hazardous substances to humans. As to the remainder of the allegations in paragraph 45, Defendants lack sufficient information and belief to admit or deny the allegations, and therefore deny the same.

46. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 46, and therefore deny the same.

47. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 47, and therefore deny the same.

48. Deny to the extent that Defendants did not conspire to conceal anything from Plaintiffs. Defendants lack sufficient information and belief to admit or deny the remaining allegations in paragraph 48, and therefore deny the same.

49. Defendant admits the described controversy apparently exists.

50. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 50, and therefore deny the same.

51. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 51, and therefore deny the same.

### First Cause of Action

*(Injunctive Relief and Attorneys' Fees Under RCRA § 7002(a)(1)(A))*

52. Paragraph 52 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

53. Paragraph 53 of Plaintiffs' complaint quotes a section of the Resource Conservation and Recovery Act ("RCRA") and contains no charging allegations

against Defendants, and Defendants are therefore not required to admit or deny the allegations.

54.  Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 54, and therefore deny the same.

55.  Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 55, and therefore deny the same.

56.  Paragraph 56 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

57.  Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 57, and therefore deny the same.

58.  Defendants admit that Plaintiffs gave them notice of their intent to bring a lawsuit against them, but lack sufficient information and belief to admit or deny the remaining allegations in paragraph 58, and therefore deny the same.

59.  Paragraph 59 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

60.  Paragraph 60 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

## Second Cause of Action

*(Injunctive Relief and Attorneys' Fees Under RCRA 7002(a)(1)(B)*

61.  Paragraph 61 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

62.  Paragraph 62 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the

allegations.

63. Defendants deny that they have caused an imminent and substantial endangerment to health or the environment, and lack sufficient information and belief to admit or deny the remaining allegations in paragraph 63, and therefore deny the same.

64. Defendants deny that they have caused an imminent and substantial endangerment to health or the environment, and lack sufficient information and belief to admit or deny the remaining allegations in paragraph 64, and therefore deny the same.

65. Defendants admit that Plaintiffs gave them notice of their intent to bring a lawsuit against them, but lack sufficient information and belief to admit or deny the remaining allegations in paragraph 65, and therefore deny the same.

66. Paragraph 66 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

67. Paragraph 67 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

### Third Cause of Action

*(Cost Recovery Under CERCLA)*

68. Paragraph 68 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

69. Paragraph 69 of Plaintiffs' complaint quotes the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

70. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 70, and therefore deny the same.

71. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 71, and therefore deny the same.

72. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 72, and therefore deny the same.

73. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 73, and therefore deny the same.

74. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 74, and therefore deny the same.

75. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 75, and therefore deny the same.

76. Paragraph 76 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

### Fourth Cause of Action

*(Contribution Under CERCLA)*

77. Paragraph 77 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

78. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 78, and therefore deny the same.

79. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 79, and therefore deny the same.

80. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 80, and therefore deny the same.

81. Defendants lack sufficient information and belief to admit or deny the

allegations in paragraph 81, and therefore deny the same.

82. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 82, and therefore deny the same.

83. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 83, and therefore deny the same.

84. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 84, and therefore deny the same.

### Fifth Cause of Action

*(Declaratory Judgment Under CERCLA)*

85. Paragraph 85 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

86. Paragraph 86 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

87. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 87, and therefore deny the same.

88. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 88, and therefore deny the same.

89. Defendant admits the described controversy apparently exists.

90. Paragraph 90 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

### Sixth Cause of Action

*(Contribution Under Hazardous Substance Account Act)*

91. Paragraph 91 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the

1 allegations.

92. Paragraph 92 of Plaintiffs' complaint quotes the California Hazardous Substance Account Act ("HSAA") and contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

93. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 93, and therefore deny the same.

94. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 94, and therefore deny the same.

95. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 95, and therefore deny the same.

96. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 96, and therefore deny the same.

97. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 97, and therefore deny the same.

98. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 98, and therefore deny the same.

99. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 99, and therefore deny the same.

100. Defendants deny that they are liable to Plaintiffs for all removal and remedial costs.

101. Defendants deny that Plaintiffs are entitled to contribution from Defendants for all response costs. Defendants' lack sufficient information and belief to admit or deny the remainder of the allegations in paragraph 101, and therefore deny the same.

///
///
///

## Seventh Cause of Action

*(Hazardous Substance Account Act Declaratory Relief)*

102. Paragraph 102 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

103. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 103, and therefore deny the same.

104. Defendant admits the described controversy apparently exists.

105. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 105, and therefore deny the same.

106. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 106, and therefore deny the same.

## Eighth Cause of Action

*(Contribution)*

107. Paragraph 107 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

108. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 108, and therefore deny the same.

109. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 109, and therefore deny the same.

110. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 110, and therefore deny the same.

## Ninth Cause of Action

*(Breach of Contract/Breach of Lease)*

111. Paragraph 111 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit

1 | or deny the allegations.

112. Admit that defendant Technichem, Inc. entered into contracts and leases to conduct business operations on the Property, but deny that Mark Ng did the same.

113. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 113, and therefore deny the same.

114. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 114, and therefore deny the same.

115. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 115, and therefore deny the same.

116. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 116, and therefore deny the same.

117. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 117, and therefore deny the same.

118. Paragraph 118 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

## Tenth Cause of Action

*(Contractual Indemnity)*

119. Paragraph 119 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

120. Admit that defendant Technichem, Inc. entered into the 1993 Lease, which speaks for itself, but deny that Mark Ng did the same.

121. Admit that the quoted language in paragraph 121 of Plaintiffs' complaint appears in the Guarantee of Lease.

122. Defendants lack sufficient information and belief to admit or deny the