allegations in paragraph 122, and therefore deny the same.

123.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 123, and therefore deny the same.

124.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 124, and therefore deny the same.

125.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 125, and therefore deny the same.

### Eleventh Cause of Action

*(Equitable Indemnity and Recovery of Attorneys' Fees under CCP 1021.6)*

126.   Paragraph 126 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

127.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 127, and therefore deny the same.

128.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 128, and therefore deny the same.

129.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 129, and therefore deny the same.

130.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 130, and therefore deny the same.

131.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 131, and therefore deny the same.

132.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 132, and therefore deny the same.

133.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 133, and therefore deny the same.

134.   Defendants deny that Plaintiffs are entitled to equitable indemnity

from Defendants for attorneys' fees. As to the remainder of the allegations in paragraph 134, Defendants lack sufficient information and belief to admit or deny these allegations, and therefore deny the same.

## Twelfth Cause of Action

*(Negligence)*

135.   Paragraph 135 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

136.   Defendants admit that Technichem had a duty of care. As to the remainder of the allegations in paragraph 136, Defendants lack sufficient information and belief to admit or deny these allegations, and therefore deny the same.

137.   Defendants deny that they breached their duty of care in connection with their activities at the Property.

138.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 138, and therefore deny the same.

139.   Paragraph 139 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

## Thirteenth Cause of Action

*(Negligence Per Se)*

140.   Paragraph 140 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

141.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 141, and therefore deny the same.

142.   Defendants lack sufficient information and belief to admit or deny the

allegations in paragraph 142, and therefore deny the same.

143. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 143, and therefore deny the same.

144. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 144, and therefore deny the same.

145. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 145, and therefore deny the same.

146. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 146, and therefore deny the same.

147. Paragraph 147 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

### Fourteenth Cause of Action

*(Nuisance)*

148. Paragraph 148 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

149. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 149, and therefore deny the same.

150. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 150, and therefore deny the same.

151. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 150, and therefore deny the same.

### Fifteenth Cause of Action

*(Continuing Public Nuisance)*

152. Paragraph 148 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit

or deny the allegations.

153. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 153, and therefore deny the same.

154. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 154, and therefore deny the same.

155. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 155, and therefore deny the same.

156. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 156, and therefore deny the same.

157. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 157, and therefore deny the same.

158. Defendants deny that they have acted with oppression, fraud or malice, and in wanton disregard of the health and safety of anyone, including Plaintiffs.

159. Paragraph 159 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

### Sixteenth Cause of Action

*(Trespass)*

160. Paragraph 160 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

161. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 161, and therefore deny the same.

162. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 162, and therefore deny the same.

163. Defendants lack sufficient information and belief to admit or deny the

allegations in paragraph 163, and therefore deny the same.

164. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 164, and therefore deny the same.

165. Paragraph 160 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

### Seventeenth Cause of Action

*(Waste)*

166. Paragraph 166 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

167. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 167, and therefore deny the same.

168. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 168, and therefore deny the same.

### Eighteenth Cause of Action

*(Fraud/Constructive Fraud)*

169. Paragraph 169 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

170. Defendants knew that they were obligated to comply with environmental laws and regulations, but lack sufficient information and belief to admit or deny the remaining allegations in paragraph 170, and therefore deny the same.

171. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 171, and therefore deny the same.

172. Defendants deny that Mark Eng was a lessee for the Property.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

Defendants lack sufficient information and belief to admit or deny the remainder of the allegations in paragraph 172, and therefore deny the same.

173. Defendants deny that Technichem or Mark Eng made any false statements to Plaintiffs to induce Plaintiffs to continue contracting for the lease of the property. Defendants lack sufficient information and belief to admit or deny the remainder of the allegations in paragraph 173, and therefore deny the same.

174. Defendants deny that Technichem Inc. and Mark Ng knowingly and willfully made representations with no reasonable grounds for believing them to be true, and admit that since January 6, 2006, Defendants have ceased investigative work at the Property at the request of the plaintiff.

175. Defendants deny that they purposefully or negligently exacerbated the contamination at the Property or made false representations to Plaintiffs of any potential or actual contamination; Defendants lack sufficient information and belief to admit or deny the remaining allegations in paragraph 175, and therefore deny the same.

176. Defendants deny that they misrepresented or concealed anything from Plaintiffs regarding their practices for the disposal of hazardous substances; Defendants lack sufficient information and belief to admit or deny the remaining allegations in paragraph 176, and therefore deny the same.

177. Defendants deny that they operated a chemical recycling business knowing of the discharge of hazardous substances into the environment; Defendants lack sufficient information and belief to admit or deny the remaining allegations in paragraph 177, and therefore deny the same.

178. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 178, and therefore deny the same.

179. Defendants deny that they have engaged in any oppressive or malicious behavior and lack sufficient information and belief to admit or deny the remaining allegations in paragraph 179, and therefore deny the same.

180. Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 180, and therefore deny the same.

181. Defendants deny that Defendants acted in bad faith. Defendants lack sufficient information and belief to admit or deny the remainder of the allegations in paragraph 181, and therefore deny the same.

182. Defendants deny they breached a fiduciary duty to Plaintiffs by making false statements.

183. Defendants deny that Defendants concealed any information from Plaintiffs. Defendants lack sufficient information and belief to admit or deny the remainder of the allegations in paragraph 183, and therefore deny the same.

184. Paragraph 184 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

### Nineteenth Cause of Action

*(Business & Professions Code § 17200)*

185. Paragraph 185 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

186. Paragraph 186 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

187. Defendants deny that Defendants concealed any information from Plaintiffs. Defendants lack sufficient information and belief to admit or deny the remainder of the allegations in paragraph 187, and therefore deny the same.

188. Defendants deny that Mark Eng was a lessee for the Property and has any potential personal liability for violations of Health and Safety Code section 25359.7(b). Defendants lack sufficient information and belief to admit or deny the

1 | remainder of the allegations in paragraph 188, and therefore deny the same.

2 | 189.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 189, and therefore deny the same.

190.   Paragraph 190 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

191.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 191, and therefore deny the same.

192.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 192, and therefore deny the same.

193.   Paragraph 193 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

194.   Paragraph 194 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

### Twentieth Cause of Action

*(Declaratory Relief Under State Law)*

195.   Paragraph 195 of Plaintiffs' complaint contains no charging allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

196.   Defendants admit that an actual controversy apparently exists.

197.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 197, and therefore deny the same.

198.   Defendants lack sufficient information and belief to admit or deny the allegations in paragraph 198, and therefore deny the same.

199.   Paragraph 195 of Plaintiffs' complaint contains no charging

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

allegations against Defendants, and Defendants are therefore not required to admit or deny the allegations.

## AFFIRMATIVE DEFENSES

To further answer Plaintiffs' complaint, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

One or more of the claims asserted in Plaintiffs' complaint fail to state a claim against Defendants for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Uncertainty)

The Plaintiffs' complaint, and each purported cause of action asserted therein, is uncertain.

## THIRD AFFIRMATIVE DEFENSE

(Assumption of Risk)

Defendants are informed and believe and on such basis allege that Plaintiffs knowingly and voluntarily assumed the risk, if any, of the damages alleged in the complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Intervening Acts)

Defendants alleges that they are not liable to Plaintiffs because of the subsequent and intervening acts of the Plaintiffs, other Defendants, other third parties and/or acts of God, all of which caused the damages, if any, alleged in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

(Cause in Fact)

Defendants allege that Plaintiffs cannot prove any facts showing that the conduct of Defendants was the cause in fact of any threatened or actual releases of

- 23 -
ANSWER TO COMPLAINT

hazardous substances or hazardous wastes as alleged in the complaint.

### SIXTH AFFIRMATIVE DEFENSE

(Proximate Cause/Substantial Factor)

Defendants allege that Plaintiffs cannot prove any facts showing that the conduct of Defendants was the proximate cause of, or a substantial factor in, any threatened or actual releases of hazardous substances or hazardous wastes as alleged in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Comparative Negligence Against Plaintiff)

Defendants allege that the negligence of Plaintiffs proximately caused and/or was a substantial factor in whatever injuries or damages are alleged by plaintiff in the Plaintiffs' complaint. By reason thereof, Plaintiffs' recovery, if any, must be diminished by the proportion of its own negligence.

### EIGHTH AFFIRMATIVE DEFENSE

(Comparative Negligence of Third Persons)

Defendants allege that the negligence and/or intentional misconduct of third parties proximately caused and/or was a substantial factor in whatever injuries or damages are alleged by Plaintiffs in the complaint. By reason thereof, Plaintiffs' recovery, if any, must be diminished by the proportion of the negligence and/or intentional misconduct of the third parties.

### NINTH AFFIRMATIVE DEFENSE

(Conformance With Statute, Regulations, and Industry Standards)

Defendants allege that to the extent Plaintiffs prove that Defendants conducted any of the activities alleged in the complaint, those activities conformed with and were pursuant to statutes, government regulations and industry standards based upon the state of knowledge existing at the time of the activities.

/ / / /

/ / /

## TENTH AFFIRMATIVE DEFENSE

(Estoppel)

By virtue of the acts, conduct and omissions of Plaintiffs, it is estopped from asserting the claims alleged in the complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

(Waiver)

Defendants allege that as a result of the acts, conduct and omissions of Plaintiffs, it has waived its right to assert the purported causes of action in the complaint.

## TWELFTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

Defendants allege that Plaintiffs have failed to take reasonable steps to mitigate any damages by failing to timely and economically investigate the existence and extent of the alleged contamination of the soil and groundwater beneath and adjacent to the site, and by failing to timely and economically remediate such contamination.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendants allege that some of the causes of action in Plaintiffs' complaint asserted therein are barred by the applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Laches)

By virtue of Plaintiffs' unreasonable delay in commencing this action which delay has caused prejudice to Defendants, the doctrine of laches bars some of the purported causes of action asserted in the complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

(De Minimis Effect)

Defendants allege that if hazardous substances or hazardous wastes as

alleged by Plaintiffs leaked or spilled form the site, such leak or spill was of such a minor, trivial or insignificant amount in view of the circumstances surrounding the alleged contamination of the soil and groundwater at the site that no reasonable person would conclude that Defendants created or caused the damages alleged in the complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Defense Under Section 107(b) of CERCLA, Indispensable Parties)

Plaintiffs have failed to join all persons necessary for a full and just adjudication of the purported causes of action asserted in the complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Defense Under Section 107(b) of CERCLA,

Based on the Actions or Omissions of a Third Party)

Defendants allege that the releases or threats of releases of hazardous substances and hazardous wastes, if any, alleged in Plaintiffs' complaint and the resulting damages there from, were solely caused by the acts or omissions of a third party or parties. Such third party or parties were neither an employee nor an agent of Defendants, nor did the acts or omissions of such third party or parties occur in connection with a contractual relationship, existing directly or indirectly, with any of the Defendants. If it is determined that there were releases of hazardous substances or hazardous wastes, then Defendants allege that they exercised due care with respect to the hazardous substances and hazardous wastes allegedly concerned, taking into consideration the characteristics of such hazardous substances and hazardous wastes in light of all relevant facts and circumstances and took precautions against foreseeable acts or omissions of any third party and the consequence that could foreseeably result from such acts or omissions. Therefore, Defendants are not liable for any resulting response costs or damages by reason of the provisions of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") Section 107(b)(3), 42 U.S.C.

§ 9607(b)(3).

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Defense Under Section 107(b) of CERCLA, Based on an Act of God)

Defendants allege that some or all of the releases or threats of releases of hazardous substances or hazardous wastes, if any, alleged in Plaintiffs' complaint and the resulting damages there from, were solely caused by an Act of God, as defined by CERCLA Section 101(1), 42 U.S.C. § 9601(1). To the extent this caused releases or threatened releases of hazardous or hazardous wastes at or from the property, Defendants are not liable for any resulting response costs or damages by reason of the provisions of CERCLA Section 107(b)(1), 42 U.S.C. § 9607(b)(1).

### NINETEENTH AFFIRMATIVE DEFENSE

(Defense Under Section 107(b)(4) of CERCLA, Based on a Combination of an Act of God and the Actions of a Third Party)

19. Defendants allege that some or all of the releases or threats of release of hazardous substances or hazardous wastes, if any, alleged in Plaintiffs' complaint and the resulting damages there from, were caused by an act of God, as defined by CERCLA Section 101(1), 42 U.S.C. § 9601(1), in combination with the acts of a third party or parties. To the extent this caused releases or threatened releases of hazardous substances or hazardous wastes at or from the Property, Defendants are not liable for any resulting response costs or damages by reason of the provisions of CERCLA Section 107(b)(1), (3) and (4), 42 U.S.C. § 9607(b)(1), (3) and (4).

### TWENTIETH AFFIRMATIVE DEFENSE

(Inconsistency with National Contingency Plan)

Section 107(a)(4)(B) of CERCLA, 42 U.S.C. § 9607(a)(4)(B), authorizes recovery only for response costs incurred which are "necessary" and "consistent with the national contingency plan." A part or all of the response costs allegedly

incurred and to be incurred by Plaintiffs is not necessary costs of response or are not consistent with the National Contingency Plan. As such, Plaintiffs are not entitled to recovery for such activities and costs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Release During Ownership)

The release or threatened release that caused Plaintiffs to incur response costs did not occur during any ownership or operation of the property by Defendants and therefore they cannot be liable under CERCLA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Joint and Several Liability)

Joint and several liability should not be imposed on Defendants because joint and several liability is not mandatory and it would be inequitable to impose joint and several liability on Defendants as an innocent party. Defendants are not jointly and severally liable for any damage alleged in Plaintiffs' complaint because there is a reasonable basis upon which to apportion any liability among the parties to the captioned action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Basis for Attorneys' Fees Under CERCLA)

Plaintiffs may not recover all or a portion of its claimed attorneys' fees under CERCLA.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiffs' claims are barred by the doctrine of unclean hands.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(No Contribution)

Plaintiffs cannot prove any facts showing that the conduct of Defendants contributed to the release of hazardous wastes or hazardous substances as alleged in the Plaintiffs' complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Offset)

Plaintiffs' recovery, if any, against Defendants must be offset by any amount that Plaintiffs must pay as a responsible party.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Failure to give Proper Notice under RCRA)

Plaintiffs are barred from recovery on the RCRA claim for lack of notice.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant exercised due care with respect to all matters alleged in the Plaintiffs' complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent its costs, if any, were incurred as the result of its violation of regulatory standards or failure to cooperate with public officials.

### THIRTIETH AFFIRMATIVE DEFENSE

The costs claimed by Plaintiffs do not constitute response costs within the meaning of CERCLA, 42 U.S.C. § 9607(a).

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs are not entitled to a recovery of remedial costs from Defendants because Plaintiffs' alleged remedial actions were not and are not "cost-effective" pursuant to CERCLA, 42 U.S.C. § 9621.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Any release or threat of release of any hazardous substance, any imminent and substantial endangerment relating to any hazardous waste, and any other damage alleged in Plaintiffs' complaint were caused by the acts, omissions or fault of person or entitles other than Defendants whose acts, omissions or fault are imputed to Plaintiffs by reason of the relationship of said persons or entities to

Plaintiffs.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Whatever damage, injury, loss, or expense may be, or may have been, incurred by Plaintiffs under the circumstances and events alleged in Plaintiffs' complaint was solely, directly, and proximately caused, or alternatively, contributed to, by the misconduct, negligence, or wrongful conduct of by third parties whose identities are not now known by Defendants. Therefore, Defendants request that in the event Plaintiffs recover against Defendants whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties. Defendants further request a judgment and declaration of indemnification and contribution against all those parties or persons in accordance with the apportionment of fault.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants assert all applicable defenses pled by any other defendant or cross-defendant to this action, and hereby incorporate the same herein by reference.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Insignificant Contribution)

Defendants should not be liable for response costs because its disposal is inconsequential to the costs of the clean up.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants reserve the right to offer additional defenses which cannot now be articulated due to Plaintiffs' failure to particularize its claims or to Defendants' lack of knowledge of the circumstances surrounding Plaintiffs' claims. Upon further particularization of the claims by Plaintiffs or upon discovery of further information concerning Plaintiffs' claims, Defendants reserve the right to assert additional defenses.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the principles of collateral estoppel and *res judicata*.

WHEREFORE Defendants pray as follows:

1. Defendants deny the relief sought by way of the prayer contained in Plaintiffs' complaint;
2. That Plaintiffs take nothing by its action;
3. That Plaintiffs' complaint be dismissed in its entirety;
4. That Defendants be awarded its costs, expert consultants and witness fees, and reasonable attorney's fees;
5. For a declaration declaring that Defendants are not liable to Plaintiffs in any amount; and
6. For such other relief as the Court deems just and proper.

Dated: June 25, 2007

**GORDON & REES LLP**

Brian M. Ledger
Paul A. Henreid
Attorneys for Defendants TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

ZRCAM/1045704/445659v.1

BRIAN M. LEDGER (SBN: 156942)
bledger@gordonrees.com
PAUL HENREID (SBN: 214527)
phenreid@gordonrees.com
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys For: Defendants
TECHNICHEM, INC., A CALIFORNIA CORPORATION; MARK J. NG, AN INDIVIDUAL; STEPHEN S. TUNG, AN INDIVIDUAL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TECHNICHEM, INC., a California corporation, MARK J. NG, an individual; STEPHEN S. TUNG, an individual,<br><br>Defendants. | CASE NO.<br><br>**PROOF OF SERVICE**<br><br>Complaint filed: May 9, 2007<br>Trial Date: ** |

I, the undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which the within-mentioned service occurred; and that I am not a party to the subject cause. My business address is 101 West Broadway, Suite 1600, San Diego, California 92101.

On June 25, 2007, I served the following document(s):

**ANSWER TO COMPLAINT**

by placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:

Anna L. Nguyen (SBN: 226829)
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612-3572
Ph: (510) 465-5750

-1-
PROOF OF SERVICE

1  Fax: (510) 465-5697

2

3  **( X )  BY MAIL.**  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.

4

5

6  **(  )  BY FAX.**  In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee pursuant to Code of Civil Procedure §1013(e).

7

8  **(  )  BY PERSONAL SERVICE.**  I hand-delivered said document(s) to the addressee pursuant to Code of Civil Procedure §1011.

9  **(  )  PERSONAL SERVICE BY CAUSE.**  I caused said documents to be hand-delivered to the addressee on June 25, 2007, pursuant to Code of Civil Procedure §1011.

10

11 **(  )  BY OVERNIGHT MAIL**  I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

12

13  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14

15  Executed on June 25, 2007.

16

                                                    Jewell Silcott

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

ZRCAM/1045704/443148v.1

- 2 -
PROOF OF SERVICE