1  BRIAN M. LEDGER (SBN: 156942)
   bledger@gordonrees.com
2  PAUL A. HENREID (SBN: 214527)
   phenreid@gordonrees.com
3  GORDON & REES LLP
   101 West Broadway, Suite 1600
4  San Diego, CA 92101
   Telephone: (619) 696-6700
5  Facsimile: (619) 696-7124

6  Attorneys For Defendants
   TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> TECHNICHEM, INC., a California corporation, MARK J. NG, an individual; STEPHEN S. TUNG, an individual, <br><br> Defendants. | CASE NO. 07-CV-02497-CRB <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Courtroom: 8, 19th Floor <br> Judge: Charles R. Breyer <br><br> Complaint filed: May 9, 2007 <br> Trial Date: ** <br><br> CMC Date: October 5, 2007 <br> Time: |

The parties file this Joint Case Management Statement pursuant to Civil Local Rule 16-9 and the "Standing Order For All Judges Of The Northern District of California – Contents of Joint Case Management Statement."

Respective counsel for the parties held a meeting to confer on all issues on August 15, 2007. William D. Wick and Anna L. Nguyen attended on behalf of Plaintiffs Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and Virginia Pellegrini, an individual (collectively, "Plaintiffs"). Brian M. Ledger and Paul A. Henreid attended on behalf of defendants Technichem, Inc., Mark J. Ng, and Stephen S. Tung (collectively, "Defendants").

1. <u>Jurisdiction and Service</u>: The court has subject matter jurisdiction because Plaintiffs' claims involve various federal questions. No issues exist regarding personal jurisdiction. Venue is proper. No parties remain to be served.

2. <u>Facts</u>: Plaintiffs filed the complaint on May 9, 2007, alleging that Defendants operated a chemical recycling business on Plaintiffs' property in Oakland, California that caused the release of hazardous substances, including but not limited to perchloroethylene ("PCE"). As a result, Plaintiffs claim they have been unable to sell or lease the property, incurred environmental investigation expenses and legal fees, and will have to pay for future cleanup to satisfy the requirements of the State of California, Department of Toxic Substances Control ("DTSC"). Plaintiffs seek injunctive relief to force Defendants to remediate the contamination, and want Defendants to indemnify them for their costs, including attorneys' fees.

The factual issues relate to liability, the extent of environmental contamination, costs of remediation, and other damages alleged in the complaint.

3. <u>Legal Issues</u>:

A. Plaintiffs' Statement

The legal issues that arise with respect to environmental contamination caused by Defendants include: breach of warranties, negligence, fraud, duty to disclose, failure to maintain the leasehold, and the scope of remediation.

B. Defendants' Statement

In addition to those identified by Plaintiffs, Defendants identify the following legal issues: Whether the complaint states the circumstances constituting fraud or mistake "with particularity." Fed. R. Civ. P. 9(b). Whether Plaintiffs have standing to assert a claim under CERCLA § 107(a) when they are the current owners and operators of the facility. Whether Plaintiffs are entitled to

- 2 -
**JOINT CASE MANAGEMENT STATEMENT**

attorneys' fees under California Code of Civil Procedure § 1021.6.  Whether a separate cause of action for waste exists under California law.  Whether Plaintiffs can assert a claim under California Business & Professions Code §17200 for a violation of California Health and Safety Code § 25359.7(b).  Whether Plaintiffs can assert a violation under California Health and Safety Code § 25249.7(b) when Plaintiffs have not served a Proposition 65 notice and have not asserted a separate Proposition 65 claim.  Whether Plaintiffs' claims for future costs of investigation and remediation are premature or speculative.

4. <u>Motions</u>:  Defendants anticipate filing a Motion To Dismiss For Failure To Plead Fraud With Particularity Under FRCP 9(b).  Further, Defendants anticipate that, depending upon the results of an investigation and discovery, Defendants may file a motion for partial summary judgment, and a motion for judgment on the pleadings.  The subjects of the motions may include, without limitation, plaintiff's failure to comply will notice provisions of the statutory claims for relief, primary jurisdiction, and the subjects of some other affirmative defenses.

5. <u>Amendment of Pleadings</u>:
A. Plaintiffs' Statement

Plaintiffs do not anticipate filing any motions to add parties, add claims, or amend pleadings.  Plaintiffs propose the following deadline for amending the pleadings:  November 5, 2007.

B. Defendant' Statement

Defendants are just beginning investigation and discovery.  If investigation and discovery disclose that third parties not currently named in this matter caused or contributed to the release of hazardous substances on or under the Plaintiffs' property, Defendants will seek leave to file a third party complaint against those

- 3 -
**JOINT CASE MANAGEMENT STATEMENT**

1  parties. Defendants do not anticipate filing any other motions to add parties, add
2  claims, or amend pleadings. Defendants propose the following deadline for
3  amending the pleadings: Monday, December 21, 2007.

5        6.    <u>Evidence Preservation</u>: The parties have been advised by their
6  counsel to preserve evidence relevant to the issues reasonably evident in this
7  action, including interdiction of any document-destruction program and any
8  ongoing erasures of e-mails, voice mails, and other electronically-recorded
9  material.

11       7.    <u>Disclosures</u>: Both parties have complied with the initial disclosure
12 requirements of Rule 26(a) of the Federal Rules of Civil Procedure by serving
13 Initial Disclosure Statements and Initial Disclosure documents concurrently via
14 electronic discs by August 28, 2007.

16       8.    <u>Discovery</u>:
17 In Paragraph 17, the parties submit individually proposed discovery plans
18 pursuant to Fed. R. Civ. P. 26(f).

20       A.    Plaintiffs' Statement
21 This case has not been designated as complex litigation, and is in fact, a
22 relatively simple case involving contamination of property by the tenants. It is not
23 a multi-party contaminated case. Plaintiffs never conducted any operations on the
24 property and did not use PCE or other hazardous substantces. Defendants did
25 conduct operations on the property, and did use PCE and other hazardous
26 substances. Therefore, the scope and extent of discovery should be governed by
27 the Federal Rules of Civil Procedure. Any modification to the federal rules of
28 discovery, including but not limited to any expansion on the number of requests for

production of documents, interrogatories, or depositions, must be obtained by stipulation of the parties or upon noticed motion with leave of court.

### B.   Defendants' Statement

Other than initial disclosures, there has been no discovery to date. Defendants have requested the DTSC produce all of its files for this site. The DTSC has indicated that it has 6-8 bankers boxes of documents for the site, which Defendants are in the process of reviewing. Defendants anticipate that virtually all these documents will be analyzed by the parties' attorneys and experts to prepare for deposition and expert reports. Defendants anticipate that these documents will identify further percipient witnesses that will need to be deposed that are unknown at this time. Defendants anticipate that all named individuals will be deposed. Defendants further anticipate the need for the depositions of numerous personnel employed by the DTSC and by environmental consultants that have performed work at the site.

Both the liability and damages aspects of this case present technical issues involving the cause and migration of contamination and the methods and costs of investigating and remediation, thus compelling the parties to present expert witnesses. Defendants anticipate that Plaintiffs and Defendants will have up to four experts each. These experts may need to work with thousands of pages of historical and technical documents produced during the non-expert discovery phase, and the deposition transcripts of the percipient witnesses, in preparing their expert reports and presenting their own deposition testimony.

Given that Plaintiffs have asserted twenty complicated environmental claims, including twenty separate items under Plaintiffs' Prayer for Relief, Defendants request the right to expand the number of interrogatories permitted to a total of 150. Defendants do not currently propose any modification to the limit of 10 percipient witness depositions; however, depending upon the result of discovery and investigation, Defendants anticipate the possibility that more than 10

1  percipient witness depositions may be needed.
2      Defendants submit the dates below as part of the proposed discovery plan
3  pursuant to Fed. R. Civ. P. 26(f).

5      9.   Class Actions:  Not applicable.

7      10.  Related Cases:  None, except administrative proceedings still pending
8  before the DTSC.

10     11.  Relief:  Plaintiffs seek various reliefs, including but not limited to
11  cleanup costs, damages, declaratory and injunctive relief, restitution, attorneys'
12  fees and experts' costs as a result of environmental contamination caused by
13  Defendants.  Given the early stage of the lawsuit, Defendants cannot determine
14  how damages should be calculated if liability is established.

16     12.  Settlement and ADR:  The parties have agreed to an Early Neutral
17  Evaluation (ENE) in compliance with ADR L.R. 3-5.  The ENE conference is
18  expected to be completed by November 20, 2007.  Brian S. Haughton, Esq. is the
19  Evaluator.  Defendants believe that discovery may be necessary to determine the
20  extent and cause of the contamination in order to potentially negotiate a resolution.

22     13.  Consent to Magistrate Judge For All Purposes:  Plaintiffs have already
23  opposed and continues to oppose having a magistrate judge conduct all further
24  proceedings including trial and entry of judgment.  Plaintiffs have not consented to
25  a magistrate judge.

27     14.  Other References:  The case is not currently suitable for reference to
28  binding arbitration, a special master, or the Judicial Panel on Multidistrict

- 6 -
**JOINT CASE MANAGEMENT STATEMENT**

Litigation.

15. <u>Narrowing of Issues</u>: Defendants intend to file a motion to dismiss Plaintiffs' fraud claim and to strike Plaintiffs' request for punitive damages, which would narrow the issues, if granted.

16. <u>Expedited Schedule</u>: This is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>:

To cover the next phase of this litigation, the parties individually submit the following proposed scheduling order:

|   | Plaintiffs' Proposed Dates | Defendants' Proposed Dates |
|---|---|---|
| ▪ Last day to add new claims/parties: | November 5, 2007 | December 21, 2007 |
| ▪ Non-expert discovery cutoff: | February 28, 2008 | June 2, 2008 |
| ▪ Non-expert discovery motion cut-off: | March 30, 2008 | July 1, 2008 |
| ▪ Expert witness disclosure and exchange of expert reports: | April 15, 2008 | August 1, 2008 |
| ▪ Rebuttal witness disclosure and exchange of rebuttal expert reports: | May 30, 2008 | September 15, 2008 |

**JOINT CASE MANAGEMENT STATEMENT**

| | | |
|---|---|---|
| ▪ Expert witness discovery cutoff: | July 15, 2008 | November 1, 2008 |
| ▪ Law and motion cutoff: | August 15, 2008 | December 15, 2008 |
| ▪ Final Pre-Trial Conference: | September 15, 2008 | February 15, 2009 |
| ▪ Trial: | October 1, 2008 | April 1, 2009 |

18.   Trial:  The case will be tried to a jury.  Plaintiffs expect the trial to last 3-5 days.  Defendants expect the trial to last approximately 12 days.

19.   Disclosure of Non-party Interested Entities or Persons:  The parties both filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16.  Plaintiffs did not identify any non-party interested entities or persons.  Defendants identified Zurich North America as a liability insurance carrier that may have either i) a financial interest in the subject matter in controversy or in a party to the proceeding, or ii) a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**JOINT CASE MANAGEMENT STATEMENT**

1  Dated: September 27, 2007            GORDON & REES LLP

                                        By: _____
                                            Brian M. Ledger
                                            Paul A. Henreid
                                            Attorneys for Defendants
                                            Technichem, Inc.; Mark J. Ng; and
                                            Stephen S. Tung


9  Dated: September 27, 2007            WACTOR & WICK LLP

                                        By: _____
                                            William D. Wick
                                            Anna L. Nguyen
                                            Attorneys for Plaintiffs
                                            Virginia Pellegrini, and Virginia
                                            Pellegrini, Trustee of the Mario J. and
                                            Virginia E. Pellegrini Trust

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

ZRCAM/1045704/5044917v.1

- 9 -

JOINT CASE MANAGEMENT STATEMENT