WILLIAM D. WICK (State Bar No. 063462)
JON K. WACTOR (State Bar No. 141566)
ANNA L. NGUYEN (State Bar. No. 226829)
WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland CA 94612-3572
Telephone:    (510) 465-5750
Facsimile:    (510) 465-5697

Attorneys for Plaintiffs
Virginia Pellegrini and
Virginia Pellegrini, Trustees
of the Mario J. and Virginia E. Pellegrini Trust

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNICHEM, INC., a California corporation, MARK J. NG, an individual; STEPHEN S. TUNG, an individual;<br><br>Defendants. | Case No.  07-CV-02497-CRB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE** |

## **INTRODUCTION**

The *purpose* of the civil case management system is to achieve the prompt and fair disposal of civil cases. Defendants Techichem, Inc., Mark Ng, and Stephen Tung ("Defendants") have filed an eleventh-hour *ex parte* application to continue the initial Case Management Conference, which has been set for Friday, October 5, 2007 for more than three months, because one of the lawyers in Defendants' law firm is out of the country. A delay at this late date is unwarranted and unnecessary. Defendants' law firm has more than one lawyer working on this case, and one of those lawyers can attend.

Plaintiff Virginia Pellegrini is an elderly woman and recent widow, who seeks prompt resolution of this matter without unnecessary delay.  The October 5, 2007 Case Management Conference has been on calendar since June 4, 2007.  Although the court changed the time from 8:30 am to 1:30 pm, Defendants received at least 30 day notice of this time change to make the necessary arrangements for attendance by counsel.  Moreover, Defendants are represented by Gordon and Rees, a large firm (consisting of more than 320 attorneys) with ample resources to allow attendance by counsel at the scheduled October 5 Case Management Conference.

For these reasons, the Case Management Conference should remain on calendar for October 5, 2007, and Defendants' *ex parte* application should be DENIED.

## STATEMENT OF FACTS

1. Plaintiffs filed this action for cost recovery, contribution, injunctive relief, declaratory relief, and damages on May 9, 2007.

2. William D. Wick and Anna L. Nguyen of Wactor & Wick LLP are counsel of record for Plaintiffs Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and Virginia Pellegrini, an individual (collectively, "Plaintiffs").

3. Brian M. Ledger and Paul A. Henreid of Gordon and Rees are counsel of record for Defendants.

4. On June 4, 2007, the Court scheduled the initial case management conference for Friday, October 5, 2007 at 8:30 a.m.

5. On September 5, 2007, the Court notified the parties that the Court had rescheduled the time of the initial case management conference currently on calendar for 8:30 am on October 5, 2007 to 1:30 p.m. that same day.

6. On or about September 20, 2007, defense counsel Paul Henreid discussed the possibility of a stipulation to continue the Case Management Conference due to a scheduling conflict with Mr. Brian Ledger.  To accommodate Mr. Ledger, Plaintiffs' counsel Anna Nguyen suggested several options, including:  (1) the Case Management

1 Conference take place at an earlier time, (2) the Case Management Conference be
2 rescheduled within a week of the initial October 5, 2007 date, (3) Mr. Ledger attend
3 telephonically, or (4) Mr. Henreid or any other attorney at his 320 lawyer firm attend the
4 Case Management Conference.

5     7.    Defense counsel Paul Henreid rejected all of these options and maintained
6 that the Case Management Conference could not take place any earlier than November
7 2, 2007. Mr. Henreid provided no explanation as to why he could not attend the Case
8 Management Conference in lieu of Mr. Ledger.

9     8.    On September 27, 2007, Plaintiffs' counsel notified Mr. Henreid of Plaintiffs'
10 intent to oppose an *ex parte* for a continuance of the Case Management Conference for
11 the following reasons: (a) Plaintiff Mrs. Virginia Pellegrini is an elderly woman and recent
12 widow who seeks prompt resolution of this case; (b) Defense counsel had adequate
13 notice of the time and date of the currently scheduled Case Management Conference,
14 and (c) Gordon and Rees may substitute any attorney, including Mr. Henreid himself, for
15 Mr. Ledger to avoid delaying the litigation.

16     9.    On October 1, 2007, Defendants' filed an *ex parte application* to continue
17 the Case Management Conference at issue here.

18

19 **LEGAL STANDARD**

20 *Ex parte* relief constitutes emergency relief and will not be granted unless the
21 declaration accompanying the application demonstrates good cause for relief.
22 *Mission Power Eng. Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal.
23 1995). *Ex parte* applications should only be granted when the evidence shows: (1) that
24 the moving party's cause will be irreparably prejudiced if the underlying motion is heard
25 according to regular noticed motion procedures; and (2) the moving party is without fault
26 in creating the crisis that requires *ex parte*.." *Id.*; *see also In re Intermagnetics America,*
27 *Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). This Court's Standing Order discourages
28

changes in the Court's schedule except "by signed order of the Court and only upon a showing of good cause." Judge Charles Breyer's Standing Orders, June 30, 2004, ¶ 4.

## ARGUMENT

**1. Defendants Failed to Show "Good Cause" for a Continuance of the Case Management Conference for Additional Three Weeks.**

Defendants represent that "good cause" exists to continue the case management conference for an additional 21 days because one of the handling attorneys, namely Brian Ledger, is unable to attend due to his vacation schedule. However, Mr. Ledger's representations that he cannot personally attend the CMC do not constitute "good cause" to warrant a continuance. The fact that Defendants had adequate notice of the time change, additional defense attorneys are available to attend the Case Management Conference, and the Case Management Conference is to be held on Friday, October 5, 2007 demonstrates that there is no reason to delay the currently scheduled Case Management Conference.

Defendants assert that "It is important that lead trial counsel attend the initial CMC." *Ex Parte* Application, Decl. of Brian Ledger, ¶ 11. Yet, Defendants characterize the Case Management Conference as "a minor procedural issue." [*Ex Parte Application*, 2: 28- 3:1]. Defendants also *never* explain why Mr. Paul Henreid or any other attorney from Gordon and Rees cannot attend the Case Management Conference in Mr. Ledger's absence. Gordon and Rees, is a large firm consisting of over 320 attorneys, which allows adequate resources to send competent counsel to the CMC.

Furthermore, the Court provided the parties with at least 30 days' notice of the time change. Defendants have not offered a reasonable explanation for the extraordinary lapse between the time-change notice and the filing of this *ex parte* application now before the Court. Defendants had ample time within which to designate an alternate attorney to attend the Case Management Conference in Mr. Ledger's

absence or to raise the issue with the Court to allow for rescheduling of the Case Management Conference prior to Mr. Ledger's vacation. Thus, Defendants fail to show good cause and the court should deny the request for the extension.

### 2. Plaintiffs Suffer Prejudice from a Delay in the Case Management Conference.

Defendants argue that a continuance of the CMC will not cause any prejudice to Plaintiffs because (1) the 21 day delay is not lengthy, (2) the extension does not delay or impact any trial, pre-trial, or discovery dates in the Joint Case Management Conference Statement, and (3) Plaintiffs' counsel had not indicated any conflict with a continuance of the hearing. [*Ex Parte Application,* 3: 13-16]. All three arguments are demonstrably false.

Contrary to Defendants' position, Plaintiffs stand to suffer prejudice from a delay in the case. Plaintiff Mrs. Virginia Pellegrini is an elderly woman and recent widow. In fact, her husband Mr. Mario J. Pellegrini passed away one week before the Complaint in this action was filed. Due to her age and health, Mrs. Pellegrini greatly desires that this action proceed expeditiously and has requested that all delays be avoided.

In addition, this 21-day delay has rippling effects on the procedural timelines in this case. The Joint CMC Statement currently proposes conflicting deadlines, which must be resolved by the Court. Consequently, a 21-day delay of the Case Management Conference prevents the Court from setting a trial date and establishing pre-trial deadlines. Any procedural deadlines will be pushed out for at least an additional 21-days if the CMC is continued.

Lastly, Plaintiffs' counsel did not state that no scheduling conflict occurred if the CMC was rescheduled to October 26, 2007 as Defendants propose. In fact, Plaintiffs' counsel *do* have a conflict. [See Declaration of Anna L. Nguyen]. Plaintiffs' counsel has another CMC in the Superior Court of California, Contra Costa County in Martinez, California on October 26, 2007. Therefore, the Case Management Conference cannot be

held on October 26, 2007 as Defendants propose, which will result in at least a 30 day delay to allow re-scheduling of the CMC.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' *ex parte* application in its entirety and conduct the Case Management Conference as currently scheduled on October 5, 2007 at 1:30 pm.

Dated:  October 1, 2007                             WACTOR & WICK LLP

By:   /s/ *William D. Wick*
WILLIAM D. WICK
ANNA L. NGUYEN
Attorneys for Plaintiffs
Virginia Pellegrini, and
Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust

## DECLARATION OF ANNA L. NGUYEN

I, Anna L. Nguyen, declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California. I am an associate at the law firm of Wactor & Wick LLP, the attorneys of record for Plaintiffs Virginia Pellegrini and Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust ("Plaintiffs"). If called and sworn as a witness, I could competently testify to the matters stated in this declaration as being true and correct, based upon my personal knowledge of such matters.

2. I make this declaration in support of Plaintiffs Opposition to Defendants' *Ex Parte* Application to Continue Case Management Conference.

3. On or about September 20, 2007, defense counsel Paul Henreid requested that Plaintiffs stipulate to a 30-day extension of the October 5, 2007 Case Management Conference due to Mr. Brian Ledger's inability to attend personally. In an attempt to meet and confer on this issue of a continuance, I suggested that: (1) the Case Management Conference take place at an earlier time, (2) the Case Management Conference be rescheduled within a week of the initial October 5, 2007 date, (3) Mr. Ledger attend telephonically, or (4) Mr. Henreid or any other attorney attend the Case Management Conference. Defense counsel Paul Henreid rejected all of these options and maintained that the Case Management Conference could not take place any earlier than November 2, 2007. Mr. Henreid provided no explanation as to why he could not attend the Case Management Conference in lieu of Mr. Ledger.

4. On September 27, 2007, Paul Henreid notified me that Defendants planned to file an ex parte application on Friday, September 28, 2007 to continue the CMC until November 2, 2007.

5. On September 27, 2007, I informed Mr. Henreid of Plaintiffs' intent to oppose any *ex parte* application for the following reasons: (a) Plaintiff Mrs. Virginia Pellegrini is an elderly woman and recent widow who seeks prompt resolution of this

1  case; (b) Defense counsel had adequate notice of the time and date of the currently
2  scheduled Case Management Conference, and (c) Gordon and Rees may substitute any
3  attorney, including Mr. Henreid himself, for Mr. Ledger to avoid delaying the litigation.
4  [See email from Anna L. Nguyen to Paul Henreid dated September 27, 2007, attached as
5  Exhibit A hereto].

6.  On September 28, 2007, Paul Henreid proposed October 26, 2007 as a possible date to reschedule the Case Management Conference.

7.  Plaintiffs' counsel currently has a Case Management Conference in Contra Costa County Superior Court in Martinez, California and therefore have a scheduling conflict with the proposed October 26, 2007 date.

Dated: October 1, 2007          ___/s/  *Anna L. Nguyen*_____
                                              Anna L. Nguyen

## ORDER

Having reviewed Defendants' *Ex Parte* Application to Continue Case Management Conference and all opposition papers, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

Defendants' *ex parte* application is DENIED. The Case Management Conference remains on calendar as currently scheduled on October 5, 2007 at 1:30 pm.

DATED: _____

_____
Honorable Charles R. Breyer
U.S. DISTRICT JUDGE