# EXHIBIT 2



1    BILL LOCKYER, Attorney General
       of the State of California
2    THEODORA P. BERGER
       Senior Assistant Attorney General
3    G. LYNN THORPE (State Bar No. 112122)
       Deputy Attorney General
4    1300 I Street, P.O. Box 944255
     Sacramento, CA 94244-2500
5    Telephone: (916) 322-9226
     Fax: (916) 327-2319
6
     Attorneys for Plaintiffs People of the
7    State of California, ex rel. Edwin F. Lowry,
     Director, Department of Toxic Substances Control

8

9            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ALAMEDA

11

12   PEOPLE OF THE STATE OF CALIFORNIA, ex rel.      Case No.:  826946-1
     Edwin F. Lowry, Director, Department of Toxic
13   Substances Control,                             **NOTICE OF MOTION TO
                                                      ENFORCE PARTIAL CONSENT
14                              Plaintiffs,           DECREE AND SEEK
                                                      PENALTIES**
15          v.
                                                      Date:  December 20, 2002
16   TECHNICHEM, INC., a California Corporation;      Time: 9:00 am
     MARK J. NG, an individual,                       Dept: 31
17
                              Defendants.             Action Date:  June 2, 2000
18

19

20

21   TO: TECHNICHEM, INC., a California Corporation, and its attorney of record, Star Lightner:

22          NOTICE IS HEREBY GIVEN that a Motion to Enforce Partial Consent Decree and Seek

23   Penalties has been set for hearing on December 20, 2002, at 9:00 a.m., or as soon thereafter as

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

                                        1.
     NOTICE OF MOTION TO ENFORCE PARTIAL CONSENT DECREE AND SEEK PENALTIES

FILED
ALAMEDA COUNTY

NOV 1 3 2002

CLERK OF THE SUPERIOR COURT
By _Shifa_
                              DEPUTY

*2030138*

ORIGINAL

1   the matter can be heard, in the courtroom of Department 31 of the above-entitled court located at

2   1225 Fallon Street, Oakland, California.

3                                    Respectfully submitted,
                                     BILL LOCKYER, Attorney General
4                                     of the State of California
                                     THEODORA BERGER
5                                     Assistant Attorney General

6   Dated: 11/8/02

7   By:

    G. LYNN THORPE
8   Deputy Attorney General
    Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2.

1  BILL LOCKYER, Attorney General
     of the State of California
2  THEODORA P. BERGER
     Senior Assistant Attorney General
3  G. LYNN THORPE (State Bar No. 112122)
     Deputy Attorney General
4  1300 I Street, P.O. Box 944255
   Sacramento, CA 94244-2500
5  Telephone: (916) 322-9226
   Fax: (916) 327-2319
6
   Attorneys for Plaintiffs People of the
7  State of California, ex rel. Edwin F. Lowry,
   Director, Department of Toxic Substances Control
8

*2030150*

F I L E D
ALAMEDA COUNTY

NOV 1 3 2002

CLERK OF THE SUPERIOR COURT
By _____
                        DEPUTY

9          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF ALAMEDA

11

12  PEOPLE OF THE STATE OF CALIFORNIA, ex rel.     Case No.: 826946-1
    Edwin F. Lowry, Director, Department of Toxic
13  Substances Control,                           **MEMORANDUM OF POINTS
                                                  AND AUTHORITIES IN
14                              Plaintiffs,        SUPPORT OF MOTION TO
                                                  ENFORCE PARTIAL CONSENT
15               v.                                DECREE AND SEEK
                                                  PENALTIES**
16  TECHNICHEM, INC., a California Corporation;
    MARK J. NG, an individual,                    Date: December 20, 2002
17                                                Time: 9:00 a.m.
                                Defendants.        Dept.: 31
18
                                                  Action Date: June 2, 2000
19

20

21

22

23

24

25

26

27

28

ORIGINAL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION TO ENFORCE PARTIAL
CONSENT DECREE AND SEEK PENALTIES

# TABLE OF CONTENTS

Page

I.    ISSUE ........................................................................................... 2

II.   BACKGROUND ............................................................................ 2

III.  ARGUMENT ................................................................................. 3

    A.    Technichem's Standardized Permit Never Became Final ......... 3

    B.    Technichem May Not Operate Under the Appealed Standardized Permit ... 4

        1. DTSC Stayed the Entire Permit Pending Resolution of Any
           Grant of Review ............................................................... 4

        2. All Provisions of Standardized Permit Were Appealed. ..... 5

        3. All Provisions that DTSC Seeks to Enforce Were Appealed. ... 6

IV.   VIOLATIONS OF THE PARTIAL CONSENT DECREE ............. 6

    A.    Monthly Acceptance, Storage or Treatment Limits Violations. ... 6

        1. May 2002 ........................................................................ 7

        2. April 2002 ....................................................................... 7

        3. March 2002 ..................................................................... 7

        4. February 2002 ................................................................. 8

        5. January 2002 ................................................................... 8

        6. December 2001 ............................................................... 8

        7. November 2001 ............................................................... 8

        8. October 2001 .................................................................. 9

        9. September 2001 .............................................................. 9

        10. August 2001 .................................................................. 9

        11. July 2001 ...................................................................... 9

    B.    Aisle Space Violation ................................................................ 9

    C.    Failure to Label Incoming Waste ............................................. 10

    D.    Hazardous Waste Storage in Unauthorized Areas ................... 10

V.    CONCLUSION .............................................................................. 11

i

PELL ID 0000011

**TABLE OF AUTHORITIES**

1

2                                                                                    **Page**

3     **Other Authorities**

4     California Code of Regulations, title 22, section 66271.14(b)(2)                  4

5     California Code of Regulations, title 22, section 66271.15                        4

6     California Code of Regulations, title 22, section 66271.15(a)(2)                  5

7     Partial Consent Decree (June 28, 2000)                                        *passim*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PELL ID 0000012

1  BILL LOCKYER, Attorney General
   of the State of California
2  THEODORA P. BERGER
   Senior Assistant Attorney General
3  G. LYNN THORPE (State Bar No. 112122)
   Deputy Attorney General
4  1300 I Street, P.O. Box 944255
   Sacramento, CA 94244-2500
5  Telephone: (916) 322-9226
   Fax: (916) 327-2319
6
   Attorneys for Plaintiffs People of the
7  State of California, ex rel. Edwin F. Lowry,
   Director, Department of Toxic Substances Control
8

9          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF ALAMEDA

11

12  PEOPLE OF THE STATE OF CALIFORNIA, ex rel.          Case No.:  826946-1
    Edwin F. Lowry, Director, Department of Toxic
13  Substances Control,                                  **MEMORANDUM OF POINTS
                                                         AND AUTHORITIES IN
14                              Plaintiffs,              SUPPORT OF MOTION TO
                                                         ENFORCE PARTIAL CONSENT
15          v.                                           DECREE AND SEEK
                                                         PENALTIES**
16  TECHNICHEM, INC., a California Corporation;
    MARK J. NG, an individual,                           Date:  December 20, 2002
17                                                       Time: 9:00 a.m.
                                Defendants.               Dept.: 31
18
19                                                       Action Date:  June 2, 2000
20

21          Plaintiff People of the State of California, ex rel. Edwin R. Lowry, Director, Department

22  of Toxic Substances Control (hereinafter DTSC) submit the following memorandum of points

23  and authorities in support of the motion to enforce provisions of the Partial Consent and Order

24  for Injunctive Relief (Partial Consent Decree) against Technichem, Inc., (Technichem) in this

25  matter.  Further, DTSC seeks penalties as stipulated in the Partial Consent Decree, in the amount

26  of $1,440,000.

27  / / /

28  / / /

---

1.

# I.

## ISSUE

Technichem is required to comply with its hazardous waste permit and additional requirements as specified in the Partial Consent Decree. (Partial Consent Decree ¶5.) Violations of the Partial Consent Decree carry stipulated penalties of $10,000 per violation, per day. (Partial Consent Decree ¶9.) Technichem has repeatedly violated the Partial Consent Decree, discussed below, including exceeding its monthly limit of hazardous waste, aisle space, failure to label incoming waste and illegal storage of hazardous waste. The question is whether these stipulated penalties can be imposed. DTSC believes that the stipulated penalties can and should be imposed for the reasons set forth below.

# II.

## BACKGROUND

The court signed the Partial Consent Decree on June 28, 2000. The Partial Consent Decree anticipates that Technichem would obtain a DTSC approved final hazardous waste facility permit to replace its existing permit. (Partial Consent Decree ¶5.) Until such time as Technichem obtains a new DTSC approved hazardous waste permit, in this case a Standardized Permit, Technichem is required to comply with paragraphs 7 and 8 of the Partial Consent Decree. (Partial Consent Decree ¶5.) DTSC has not issued a Standardized Permit to Technichem. The court retains jurisdiction to enforce paragraphs 7, 8 and 9 until Technichem obtains its new permit. (Partial Consent Decree ¶5.) Technichem shall be liable for a stipulated penalty of $10,000 per day for each violation of the Partial Consent Decree provisions. (Partial Consent Decree ¶9.)

On June 1, 2001, DTSC provided Notice of a Final Permit Decision to issue a Standardized Hazardous Waste Facility Permit to Technichem. (See Exhibit A, Notice of Final Permit Decision.) Technichem's Standardized Hazardous Waste Facility Permit was attached to the Notice of Final Permit Decision. (See Exhibit B, Standardized Hazardous Waste Facility Permit (Standardized Permit).) The Notice indicates the final Standardized Permit would become effective on July 9, 2001, subject to a 30 day administrative appeal period pursuant to

2.

1  California Code of Regulations (Cal. Code Regs.), title 22, section 66271.18.  (See Exhibit A,

2  Notice of Final Permit Decision.)

3      On July 6, 2001, the City of Emeryville filed an appeal of the final permit decision.  (See

4  Exhibit C, City of Emeryville's Appeal of Final Permit Decision (Emeryville's Permit Appeal).)

5  Technichem filed an appeal on July 9, 2001.  (See Exhibit D, Technichem's Request for Review,

6  Permit Decision (Technichem's Permit Appeal).)

7      On August 2, 2001, DTSC acknowledged receipt of the appeals by the City of Emeryville

8  and Technichem.  (See Exhibit E, Acknowledgment of Receipt of Request for Review, Final

9  Permit Decision; Notice of Ineffectiveness/Stay of Permit to the City of Emeryville (Emeryville's

10  Permit Appeal Acknowledgment); and Exhibit F, Acknowledgment of Receipt of Request for

11  Review, Final Permit Decision; Notice of Ineffectiveness/Stay of Permit to Technichem

12  (Technichem's Permit Appeal Acknowledgment).)  Emeryville's Permit Appeal

13  Acknowledgment mentioned and attached Technichem's Permit Appeal.  (See Exhibit E,

14  Emeryville's Permit Appeal Acknowledgment, p. 2, ¶1.)  Similarly, Technichem's Permit Appeal

15  Acknowledgment mentioned and attached Emeryville's Permit Appeal Acknowledgment.  (See

16  Exhibit F, Technichem's Permit Appeal Acknowledgment, p. 2, ¶1.)

17      Technichem is required to operate pursuant to the provisions of the Partial Consent

18  Decree since the permit appeal has not been resolved by DTSC.  However, Technichem claims

19  that the Partial Consent Decree is no longer effective and that it may, instead, operate under the

20  stayed permit.

21  **III.**

22  **ARGUMENT**

23  **A.    Technichem's Standardized Permit Never Became Final**

24      Technichem claims it has been issued a Standardized Permit and thus, the court has lost

25  its jurisdiction to enforce the hazardous waste requirements of the Partial Consent Decree.

26  However, as discussed below, there is no factual or legal support for Technichem's assertion.

27  Technichem's Standardized Permit never became effective and therefore the court never lost its

28  jurisdiction to hold Technichem accountable for violations of the Partial Consent Decree.

3.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION TO ENFORCE PARTIAL
CONSENT DECREE AND SEEK PENALTIES

PELL TD 0000015

1    On August 2, 2001, DTSC's Dorothy Rice notified both the City of Emeryville and

2    Technichem that the "contested permit is ineffective pending request for review and stayed

3    pending any grant of review." (See Exhibit E, Emeryville's Permit Appeal Acknowledgment,

4    p. 2, and Exhibit F, Technichem Permit Appeal Acknowledgment, p. 2.) Ms. Rice's letter

5    references Cal. Code Regs., title 22, section 66271.14(b)(2) which states:

6        (b) A final permit decision . . . shall become effective 30 days after
         the service of notice of the decision unless:

7
         (2) review is requested under section 66271.18[.]"

8

9    As mentioned above, both the City of Emeryville and Technichem appealed DTSC's

10   permit decision.  (See Exhibit C, Emeryville's Permit Appeal, and Exhibit D, Technichem's

11   Permit Appeal.) Consequently, the permit did not become final and effective pursuant to Cal.

12   Code Regs., title 22, section 66271.15. Since Technichem has not secured a final hazardous

13   waste permit, the court retains its jurisdiction to enforce the provisions of the Partial Consent

14   Decree. (Partial Consent Decree, ¶5.)

15   **B.    Technichem May Not Operate Under the Appealed Standardized Permit**

16   Technichem claims that, even if its Standardized Permit is not final, it may still operate

17   under those provisions in the Standardized Permit that were not appealed.  DTSC assumes that

18   Technichem's position is that these unappealed provisions of the Standardized Permit somehow

19   modify the Partial Consent Decree requirement for Technichem to obtain from DTSC an

20   approved final hazardous waste permit. (Partial Consent Decree, ¶5.) Assuming, for the sake of

21   discusssion, that the Partial Consent Decree could be modified by Standardized Permit

22   provisions that have not been appealed, Technichem's argument still fails.

23   **1. DTSC Stayed the Entire Permit Pending Resolution of Any Grant of Review**

24   As discussed above, both the City of Emeryville and Technichem were informed by

25   DTSC that the entire permit was stayed pending a grant of review. (See Exhibit E, Emeryville's

26   Permit Appeal Acknowledgment, p. 2, and Exhibit F, Technichem Permit Appeal

27   Acknowledgment, p. 2.) DTSC has not granted the request for review. (See Declaration of

28   Dorothy Rice.) Ms. Rice's letters are not grants for request of review. (See Exhibit E,

4.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION TO ENFORCE PARTIAL
CONSENT DECREE AND SEEK PENALTIES

1   Emeryville's Permit Appeal Acknowledgment, p. 2, and Exhibit F, Technichem Permit Appeal

2   Acknowledgment, p. 2.)

3        However, to the extent that it is contended that Ms. Rice's letters are grants of request of

4   review of the permit, then the provisions of Cal. Code Regs., title 22, section 66271.15(a)(2) are

5   instructive.  This section states, in part, "Stayed provisions of permits for existing facilities shall

6   be identified by the Department."  Here, as mentioned above, the "contested permit is ineffective

7   pending request for review and stayed pending any grant of review."  (See Exhibit E,

8   Emeryville's Permit Appeal Acknowledgment, p. 2, and Exhibit F, Technichem Permit Appeal

9   Acknowledgment, p. 2.)  Consequently, there are no unstayed provisions of the permit under

10  which Technichem may operate.

11       **2. All Provisions of Standardized Permit Were Appealed**

12       Technichem cannot point to a single permit condition that has not been appealed by either

13  the City of Emeryville or by Technichem.  The City of Emeryville's Permit Appeal states:

14          However, a facility like Technichem can only work here [in Emeryville] if
            it is appropriately located given surrounding land uses; if it operates
15          properly and in conformance with applicable laws; and if its impacts have been
            adequately reviewed.  At this point, we do not believe this is the case with
16          Technichem and strongly urge you [DTSC] to reconsider the issuance of a
            Final Permit to Technichem at this time.
17

18  (See Exhibit C, Emeryville's Permit Appeal, p. 1, third paragraph.)  Clearly, Emeryville has

19  appealed Technichem's entire permit.

20       Technichem also appealed virtually all provisions of the Standardized Permit.  (See

21  Exhibit D, Technichem's Permit Appeal.)  In its Permit Appeal cover letter, Technichem objects

22  to the "over sixty (60) separate 'special conditions' that make facility operation nearly an

23  impossible act."  (See Exhibit D, Technichem's Permit Appeal, cover letter, pp. 1-2.)

24       The Standardized Permit contains sixty-four special conditions that include: acceptance,

25  treatment or storage limits of 2,000 gallons of hazardous waste per month (Exhibit B,

26  Standardized Permit, Special Conditions 2, 3 and 59, pp. 16 and 27); aisle space (Exhibit B,

27  Standardized Permit, Special Condition 28, p. 20); labeling requirements (Exhibit B,

28  Standardized Permit, Special Conditions 4, 5 and 6, pp. 16-17); and storage (See Exhibit B,

5.

1    Standardized Permit, Special Conditions 22, 33, 46, and 47).

2         Technichem appealed most of the Standardized Permit conditions including the

3    following: acceptance, treatment or storage limits of 2,000 gallons of hazardous waste until

4    Technichem has secured a modification of its existing Conditional Use Permit from the City of

5    Emeryville (See Exhibit D, Technichem's Permit Appeal, p.14, ¶30); aisle space (Exhibit D,

6    Technichem's Permit Appeal, p.8, ¶17); labeling requirements (Exhibit D, Technichem's Permit

7    Appeal, pp. 4-5, ¶¶7-8); and storage and vehicle parking (Exhibit D, Technichem's Permit

8    Appeal, pp.3-4, ¶¶6(1)-6(2)).  The City of Emeryville has not granted Technichem a modification

9    of its Conditional Use Permit.  (See Exhibit C, Emeryville's Permit Appeal, pp. 5-7.)

10        **3. All Provisions that DTSC Seeks to Enforce Were Appealed**

11        DTSC seeks to enforce those provisions of the Partial Consent Decree that regulated

12   Technichem's acceptance, treatment or storage limit, aisle space requirments, labeling

13   requirements and storage and parking requirements.  (See section IV below.)  As discussed

14   above, Technichem appealed the Standardized Permit provisions that address these issues.

15                                        **IV.**

16                      **VIOLATIONS OF THE PARTIAL CONSENT DECREE**

17        Technichem has committed extensive violations of the Partial Consent Decree.  These

18   violations, as outlined below, stretch over several years.

19   **A.    Monthly Acceptance, Storage or Treatment Limits Violations**

20        The Partial Consent Decree provides that "Technichem shall only accept, store or treat

21   7,000 gallons total of hazardous waste or 2,000 gallons of perc (determined as a percentage of

22   hazardous waste accepted at the facility), whichever is less, in any calendar month."  (Partial

23   Consent Decree, ¶7(B)(2).)  Any wastewater that Technichem accepts shall be included in its

24   7,000 gallon input limitation.  (Partial Consent Decree, ¶7(A)(6)(b).)  Technichem is required to

25   maintain daily logs stating the quantity of hazardous waste accepted.  (Partial Consent Decree,

26   ¶7(B)(2).)

27        On June 13, 2002, Technichem, in response to a request by DTSC, submitted a Monthly

28   Incoming Waste Log for July 2001 through May 2002.  (See Exhibit G, Technichem's Monthly

                                          6.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION TO ENFORCE PARTIAL
CONSENT DECREE AND SEEK PENALTIES

1    Incoming Waste Volume Logs (Monthly Logs.)[1]  These logs evidence that Technichem was in

2    violation of its acceptance, storage or treatment limits for 138 days.  Consequently, DTSC is

3    entitled to penalties of $1,380,000 pursuant to the Partial Consent Decree.

4         The calculations set forth below are based upon the figures set forth in Exhibit G,

5    Technichem's Monthly Logs for any given month.  For the convenience of the reader, an Excel

6    document has been generated for the months in question that has a running total of gallons in the

7    left hand column. (See Exhibit H, Excel calculations.)  Further, the Excel calculations are based

8    only upon the first two columns of Exhibit I for a given month.  The first column for any given

9    month on Exhibits G and H denote distillation bottoms and the second column denotes

10   wastewater contaminated with perc. (See Partial Consent Decree ¶¶7(A)(6)(b) and 7(B)(2).)

11   Lastly, the calculations are based upon the assumption that Technichem had treated all the waste

12   from the previous month and could accept its full 7,000 gallon limit for any given month.

13        1. May 2002

14        Technichem's Incoming Waste Volume Log indicates that it received over 11,000 gallons

15   of hazardous waste in May 2002. (See Exhibit G, pp. 23 -24; and Exhibit H, pp 23-24.)

16   Technichem exceeded its monthly acceptance limit on May 18, 2002. (See Exhibit G, p. 23 and

17   Exhibit H, p. 24.)  In May 2002, Technichem was in violation of the Partial Consent Decree,

18   paragraph 7(B)(2), for 14 days.

19        2. April 2002

20        Technichem's Incoming Waste Volume Log indicates that it received over 9,500 gallons

21   of hazardous waste in April 2002. (See Exhibit G, pp. 21-22;  and Exhibit H, pp. 21-22.)

22   Technichem exceeded its monthly acceptance limit on April 20, 2002. (See Exhibit G, p. 21;  and

23   Exhibit H, p. 21.)  In April 2002, Technichem was in violation of the Partial Consent Decree,

24   paragraph 7(B)(2), for 11 days.

25        3. March 2002

26        Technichem's Incoming Waste Volume Log indicates that it received over 12,000 gallons

27   _____

28       1. The original of Exhibit G, Technichem's Monthly Logs are not consecutively
     paginated.  Page numbers have been added for the ease of referencing a given log.

                                        7.

1  of hazardous waste in March 2002. (See Exhibit G, pp. 19-20; and Exhibit H, pp. 19-20.)

2  Technichem exceeded its monthly acceptance limit on March 16, 2002. (See Exhibit G, p. 20;

3  and Exhibit H, p. 20.)  In March 2002, Technichem was in violation of the Partial Consent

4  Decree, paragraph 7(B)(2), for 16 days.

5       4. February 2002

6       Technichem's Incoming Waste Volume Log indicates that it received over 12,000 gallons

7  of hazardous waste in February 2002. (See Exhibit G, pp. 17-18; and Exhibit H, pp. 17-18.)

8  Technichem exceeded its monthly acceptance limit on February 16, 2002. (See Exhibit G, p. 17;

9  and Exhibit H, p. 17.)  In February 2002, Technichem was in violation of the Partial Consent

10 Decree, paragraph 7(B)(2), for 13 days.

11      5. January 2002

12      Technichem's Incoming Waste Volume Log indicates that it received over 9,700 gallons

13 of hazardous waste in January 2002. (See Exhibit G, pp. 15-16; and Exhibit H, pp. 15-16.)

14 Technichem exceeded its monthly acceptance limit on or before January 24, 2002. (See Exhibit

15 G, p. 16; and Exhibit H, p. 16.)  In Janurary 2002, Technichem was in violation of the Partial

16 Consent Decree, paragraph 7(B)(2), for eight days.

17      6. December 2001

18      Technichem's Incoming Waste Volume Log indicates that it received over 11,000 gallons

19 of hazardous waste in December 2001. (See Exhibit G, pp. 13-14; and Exhibit H, pp. 12-14.)

20 Technichem exceeded its monthly acceptance limit on December 15, 2001. (See Exhibit G, p.

21 14; and Exhibit H, p. 13.)   In December 2001, Technichem was in violation of the Partial

22 Consent Decree, paragraph 7(B)(2), for 17 days.

23      7. November 2001

24      Technichem's Incoming Waste Volume Log indicates that it received over 9,000 gallons

25 of hazardous waste in November 2001. (See Exhibit G, pp. 11-12; and Exhibit H, pp. 10-11.)

26 Technichem exceeded its monthly acceptance limit on November 20, 2001. (See Exhibit G, p.

27 12; and Exhibit H, p. 11.)   In November 2001, Technichem was in violation of the Partial

28 Consent Decree, ¶7(B)(2), for 11 days.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION TO ENFORCE PARTIAL
CONSENT DECREE AND SEEK PENALTIES

8. October 2001

Technichem's Incoming Waste Volume Log indicates that it received over 9,000 gallons of hazardous waste in October 2001. (See Exhibit G, pp. 9-10; and Exhibit H, pp. 8-9.) Technichem exceeded its monthly acceptance limit on October 20, 2001. (See Exhibit G, p. 10; and Exhibit H, p. 9.)  In October 2001, Technichem was in violation of the Partial Consent Decree, paragraph 7(B)(2), for 12 days.

9. September 2001

Technichem's Incoming Waste Volume Log indicates that it received over 11,000 gallons of hazardous waste in September 2001. (See Exhibit G, pp. 7-8; and Exhibit H, pp. 6-7.) Technichem exceeded its monthly acceptance limit on September 20, 2001. (See Exhibit G, p. 8; and Exhibit H, p. 7.)  In September 2001, Technichem was in violation of the Partial Consent Decree, paragraph 7(B)(2), for 11 days.

10. August 2001

Technichem's Incoming Waste Volume Log indicates that it received over 12,000 gallons of hazardous waste in August 2001. (See Exhibit G, pp. 4-6; and Exhibit H, pp. 3-5.) Technichem exceeded its monthly acceptance limit on August 18, 2001. (See Exhibit G, p. 5; and Exhibit H, p. 4.)  In August 2001, Technichem was in violation of the Partial Consent Decree, paragraph 7(B)(2), for 14 days.

11. July 2001

Technichem's Incoming Waste Volume Log indicates that it received over 10,500 gallons of hazardous waste in July 2001. (See Exhibit G, pp. 2-3; and Exhibit H, p. 1-2.)  Technichem exceeded its monthly acceptance limit on July 21, 2001. (See Exhibit G, p. 2 and Exhibit H, p. 1.)  Technichem was in violation of the Partial Consent Decree, paragraph 7(B)(2), for 11 days.

B.    **Aisle Space Violation**

The Partial Consent Decree provides that "Technichem shall maintain aisle space in Areas 1 and 4 of at least thirty inches to allow unobstructed movement of personnel, fire protection equipment, spill control equipment and decontamination equipment to any of the facility operation in case of an emergency." (See Partial Consent Decree, ¶7(C), 7:4-8.)

9.

1      On June 12, 2002, DTSC inspected Technichem's facility.  Technichem was not

2  maintaining thirty inches of aisle space within Area 1.  DTSC inspectors found that the aisle

3  space in this area varied from twenty-six inches to as little as three inches in some places.  (See

4  Declaration of Luz Castillo ("Castillo Decl."), ¶2.)  Technichem was in violation of Partial

5  Consent Decree, paragraph 7(C), for one day and liable for a $10,000 stipulated penalty.

6  **C.**    **Failure to Label Incoming Waste**

7      The Partial Consent Decree provides that "Technichem shall make and label all incoming

8  DOT-approved containers of perchloroethylene ("perc")-containing hazardous waste that are

9  received from offsite generators and containers of newly generated sludge with different colored,

10  large-sized placards or tags."  (See Partial Consent Decree, ¶7(A)(2), 3:15-17.)  The Partial

11  Consent Decree further requires placards or tags to contain:  internal drum or container number;

12  the type of generator; and manifest number, date and exact time to the nearest minute of waste

13  acceptance.  (See Partial Consent Decree ¶7(A)(2).)

14      On June 12, 2002, DTSC inspected Technichem and found four containers that were

15  unlabeled.  (See Castillo Decl. ¶3.)  While labels were located near these containers, they did not

16  bear all of the required information.  (See Castillo Decl. ¶3.)  Technichem was in violation of

17  Partial Consent Decree, ¶7(A)(2), for one day and liable for a $10,000 stipulated penalty.

18  **D.**    **Hazardous Waste Storage in Unauthorized Areas**

19      The Partial Consent Decree provides "Technichem shall not transfer, store, treat, or

20  process any hazardous waste in any area other than the liquid/solid strainer, which must be

21  located in Area 4, or those areas identified on the map on Attachment A to this Consent

22  Decree[.]"  (See Partial Consent Decree paragraph 7(A)(1).)

23      On October 24, 2000, DTSC found that Technichem had two vehicles parked outside its

24  facility on Halleck Street.  One tractor trailer (license plate YC7994) held 64 containers of

25  hazardous waste.  (See Castillo Decl. ¶6.)  The other truck (license plate D5G41515) held 36

26  containers of hazardous waste.  (See Castillo Decl. ¶6.)

27      On October 27, 2000, DTSC found that truck (license plate D5G41515) still parked on

28  Halleck Street.  It still contained 36 hazardous waste drums.  (See Castillo Decl. ¶8.)  Truck

10.

1   (license plate YC7994) was no longer parked on Halleck Street. (See Castillo Decl. ¶8.)

2   However, another Technichem truck (license plate 3Z90216) was now parked on Halleck Street.

3   (See Castillo Decl. ¶8.) This truck held 35 containers of hazardous waste. (See Castillo Decl.

4   ¶8.)

5        Halleck Street is not identified as an area that hazardous waste may be stored by the

6   Partial Consent Decree. Technichem was in violation of Partial Consent Decree, paragraph

7   7(A)(1), for four days and liable for a $40,000 stipulated penalty.

8                                        V.

9                                   **CONCLUSION**

10       The violations documented above clearly run afoul of the Partial Consent Decree's

11  provisions. Here, Technichem unilaterally decided that it could operate under the Standardized

12  Permit, even though it appealed the Standardized Permit and was notified that the permit was

13  stayed pending the resolution of Technichem's and the City of Emeryville's permit appeals.

14       DTSC respectfully requests that the court find Technichem in violation of all the

15  foregoing provisions of the Partial Consent Decree and impose a stipulated penalty of

16  $1,440,000.

17                                        Respectfully submitted,

18                                        BILL LOCKYER, Attorney General
                                          of the State of California
19                                        THEODORA BERGER
                                          Assistant Attorney General
20

21  Dated: 11/8/07            By:

22                                        G. LYNN THORPE
                                          Deputy Attorney General
23                                        Attorneys for Plaintiff

24

25

26

27

28

                                   11.



1  BILL LOCKYER, Attorney General
   of the State of California
2  THEODORA P. BERGER
   Senior Assistant Attorney General
3  G. LYNN THORPE (State Bar No. 112122)
   Deputy Attorney General
4  1300 I Street, P.O. Box 944255
   Sacramento, CA 94244-2500
5  Telephone: (916) 322-9226
   Fax: (916) 327-2319
6
   Attorneys for Plaintiffs People of the
7  State of California, ex rel. Edwin F. Lowry,
   Director, Department of Toxic Substances Control
8

**F I L E D**
ALAMEDA COUNTY

NOV 13 2002

CLERK OF THE SUPERIOR COURT
By _Shifra_
                    DEPUTY

9            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ALAMEDA

11

12  | PEOPLE OF THE STATE OF CALIFORNIA, ex rel. | Case No.: 826946-1 |

| PEOPLE OF THE STATE OF CALIFORNIA, ex rel. Edwin F. Lowry, Director, Department of Toxic Substances Control, <br><br> Plaintiffs, <br><br> v. <br><br> TECHNICHEM, INC., a California Corporation; MARK J. NG, an individual, <br><br> Defendants. | Case No.: 826946-1 <br><br> **DECLARATION OF DOROTHY RICE IN SUPPORT OF MOTION TO ENFORCE PARTIAL CONSENT DECREE AND SEEK PENALTIES** <br><br> Date: December 20, 2002 <br> Time: 9:00 am <br> Dept: 31 <br><br> Action Date: June 2, 2000 |

21        I, Dorothy Rice, declare:

22        1. I am employed by the Department of Toxic Substances Control (DTSC) as a Deputy

23  Director for the Site Mitigation Program.

24        2. I have been appointed to review Technichem's and the City of Emeryville's Appeal of

25  Final Permit Decision re Technichem, Incorporated.

26        3. To date, the Department of Toxic Substances Control has not issued an order granting

27  or denying Technichem's or the City of Emeryville's appeals.

28        4. Technichem's Standardized Permit cannot become final prior to the resolution of these

1.

ORIGINAL

1    appeals pursuant to California Code of Regulations, title 22, section 66271.18.

2         I declare under penalty of perjury that the foregoing is true and correct and that this

3    declaration is executed in Sacramento, California, on November 7, 2002.

4

5                                                    DOROTHY RICE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

DECLARATION OF DOROTHY RICE IN SUPPORT OF MOTION TO ENFORCE PARTIAL CONSENT
DECREE AND SEEK PENALTIES



1  BILL LOCKYER, Attorney General
   of the State of California
2  THEODORA P. BERGER
   Senior Assistant Attorney General
3  G. LYNN THORPE (State Bar No. 112122)
   Deputy Attorney General
4  1300 I Street, P.O. Box 944255
   Sacramento, CA 94244-2500
5  Telephone: (916) 322-9226
   Fax: (916) 327-2319
6
7  Attorneys for Plaintiffs People of the
   State of California, ex rel. Edwin F. Lowry,
   Director, Department of Toxic Substances Control
8

FILED
ALAMEDA COUNTY

NOV 1 3 2002

CLERK OF THE SUPERIOR COURT
By _Shira_
                    DEPUTY

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF ALAMEDA

11

12  PEOPLE OF THE STATE OF CALIFORNIA, ex rel.    Case No.:  826946-1
    Edwin F. Lowry, Director, Department of Toxic
13  Substances Control,                           **DECLARATION OF LUZ
                                                   CASTILLO IN SUPPORT OF
14                              Plaintiffs,        MOTION TO ENFORCE
                                                   PARTIAL CONSENT DECREE
15           v.                                    AND SEEK PENALTIES**

16  TECHNICHEM, INC., a California Corporation;    Date:  December 20, 2002
    MARK J. NG, an individual,                     Time: 9:00 am
17                                                 Dept: 31
                                Defendants.
18                                                 Action Date:  June 2, 2000

19

20       I, Luz Castillo, declare:

21       1. I am employed by the Department of Toxic Substances Control (DTSC) as a Senior

22  Hazardous Substances Scientist.

23       2. I, along with Essam Eissa, inspected Technichem on June 12, 2002.  During that

24  inspection, I noted that Technichem did not maintain the thirty inch aisle space required by the

25  Partial Consent Decree.  On the north wall of the hazardous waste drum storage area,

26  Technichem had aisle space ranging from two inches to twenty-six inches.

27       3. During my June 12, 2002, inspection, I noticed four barrels of hazardous waste in the

28  drum storage area that did not have hazardous waste labels as required by the Partial Consent

                                          1.
DECLARATION OF LUZ CASTILLO IN SUPPORT OF MOTION TO ENFORCE PARTIAL CONSENT
DECREE AND SEEK PENALTIES

ORIGINAL

1    Decree. There were labels on the wooden pallets upon which the drums were stored. These were

2    blue labels that indicated the business that shipped the waste, the EPA identification number of

3    each business and reference to a hazardous waste manifest number. Further, the information on

4    the blue label failed to include an internal drum number and the type of generator.

5         4. Technichem admitted in its response to violations, issued after the June 12, 2002,

6    inspection, that the labels on the pallets were affixed to drums after our inspection.

7         5. On October 24, 2000, I, along with Senior Hazardous Substances Scientist Doug

8    Hohman, conducted an inspection of the Technichem, Incorporated (Technichem) facility located

9    at 4245 Halleck Street, Emeryville, California to determine whether Technichem was in

10   compliance with the Partial Consent Decree and Order in this case and its hazardous waste

11   permit. I conducted a follow-up inspection on October 27, 2000.

12        6. On October 24, 2000, I noted a Technichem truck (license plate number DG41515)

13   and a tractor-trailer (license plate number YC7994) parked outside the facility on Halleck Street.

14   The truck contained 36 barrels of hazardous waste. The tractor-trailer contained 46 barrels of

15   hazardous waste. Neither one of these vehicles contained hazardous waste manifests for the

16   waste that they contained.

17        7. Ultimately, Mr. Tom Perry, Technichem Plant Manager, provided copies of the

18   hazardous waste manifests for both the truck (license plate number DG41515) and the tractor-

19   trailer (license plate number YC7994). The manifests had been stored in the facility. The

20   manifests indicated that the hazardous waste was tetrachloroethylene. Tretrachloroethylene is the

21   same chemical as perchloroethylene or "perc" referred to in the Partial Consent Decree and Order

22   and Technichem's permit. The manifests had not been signed by Technichem as the receiving

23   treatment and disposal facility.

24        8. During my October 27, 2000, follow-up inspection, I again noted Technichem truck

25   (license plate number DG41515) parked on Halleck Street. This truck still contained 36 barrels

26   of hazardous waste. The Technichem tractor-trailer (license plate number YC7994) was no

27   longer parked on Halleck Street. Mr. Perry indicated that the tractor-trailer had gone to Southern

28   California without unloading the 46 barrels of hazardous waste noted on October 24, 2000. A

2.

DECLARATION OF LUZ CASTILLO IN SUPPORT OF MOTION TO ENFORCE PARTIAL CONSENT
DECREE AND SEEK PENALTIES

1    second Technichem truck (license plate number 3Z90216) was parked on Halleck Street. This

2    truck contained 35 barrels of hazardous waste. Both trucks had the appropriate hazardous waste

3    manifests. However, the manifests had not been signed and dated by Technichem as the

4    receiving facility.

5         9. During my October 27, 2000, follow-up inspection, Mr. Stephen Tung, Technichem's

6    Chief Operating Officer, indicated that the hazardous waste noted in the two trucks and the

7    tractor-trailer had not been unloaded because Technichem had accepted 6,950 gallons of

8    hazardous waste for the month of October and could not accept anymore waste without

9    exceeding the 7,000 gallon limit set forth in the Partial Consent and Order. Mr. Tung indicated

10   that the waste would be moved into the facility on November 1, 2000.

11        I declare under penalty of perjury that the foregoing is true and correct and that this

12   declaration is executed in Berkeley, California, on November 7, 2002.

13

14                                              LUZ CASTILLO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.

DECLARATION OF LUZ CASTILLO IN SUPPORT OF MOTION TO ENFORCE PARTIAL CONSENT
DECREE AND SEEK PENALTIES



1 | BILL LOCKYER, Attorney General
   | of the State of California
2 | THEODORA P. BERGER
   | Senior Assistant Attorney General
3 | G. LYNN THORPE (State Bar No. 112122)
   | Deputy Attorney General
4 | 1300 I Street, P.O. Box 944255
   | Sacramento, CA 94244-2500
5 | Telephone: (916) 322-9226
   | Fax: (916) 327-2319
6 |
7 | Attorneys for Plaintiffs People of the
   | State of California, ex rel. Edwin F. Lowry,
   | Director, Department of Toxic Substances Control
8 |

F I L E D
ALAMEDA COUNTY

NOV 1 3 2002

CLERK OF THE SUPERIOR COURT
By ___Shifa___
                                    DEPUTY

9 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF ALAMEDA

11 |

12 | PEOPLE OF THE STATE OF CALIFORNIA, ex rel.
    | Edwin F. Lowry, Director, Department of Toxic
13 | Substances Control,
14 |                          Plaintiffs,
15 |         v.
16 | TECHNICHEM, INC., a California Corporation;
    | MARK J. NG, an individual,
17 |
18 |                          Defendants.

Case No.:  826946-1

**DECLARATION OF SERVICE**

Date:  December 20, 2002
Time: 9:00 am
Dept: 31

Action Date:  June 2, 2000

19 |
20 |    See attached.
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

ORIGINAL

**DECLARATION OF SERVICE**
(AG Mailroom)

Case Name: **People v. Technichem, Inc., et al.**

No.: 826946-1

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On November 8, 2002, I served the attached:

1)    **NOTICE OF MOTION TO ENFORCE PARTIAL CONSENT DECREE**
2)    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE PARTIAL CONSENT DECREE**
3)    **DECLARATION OF LUZ CASTILLO IN SUPPORT OF MOTION TO ENFORCE PARTIAL CONSENT DECREE**
4)    **DECLARATION OF DOROTHY RICE IN SUPPORT OF MOTION TO ENFORCE PARTIAL CONSENT DECREE**
5)    **DECLARATION OF SERVICE**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 1300 I Street, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

**Star Lightner, Esq.**
**Paul, Hastings, Janofsky & Walker**
**324 California Street**
**San Francisco, CA 94104-2635**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on November 8, 2002, at Sacramento, California.

| | |
|---|---|
| C. DUNKLE | _C. Dunkle_ |
| Typed Name | Signature |

2.
DECLARATION OF SERVICE