EXHIBIT 3

BILL LOCKYER, Attorney General
  of the State of California
THEODORA BERGER
  Senior Assistant Attorney General

G. LYNN THORPE (State Bar No. 112122)
  Deputy Attorney General
1300 I Street, P.O. Box 944255
Sacramento, California 94244
Telephone: (916) 322-9226
Fax: (916) 327-2319

ENDORSED
FILED
ALAMEDA COUNTY

DEC. 17, 2003
CLERK OF THE SUPERIOR COURT
By    BARBARA DELL
        Deputy

Attorneys for Plaintiffs People of the
State of California, ex rel. Edwin F. Lowry,
Director, Department of Toxic Substances Control

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

Case No.: 826946-1

STIPULATED FINAL
JIDGEMENT

PEOPLE OF THE STATE OF CALIFORNIA, ex rel. Edwin F. Lowry, Director, Department of Toxic Substances Control,

        Plaintiffs,

        v.

TECHNICHEM, INC., a California corporation; MARK J. NG, an individual,

This Stipulated Final Judgment ("Stipulated Judgment") is entered into by and between Plaintiff People of the State of California, ex rel. Edwin F. Lowry, Director, Department of Toxic Substances Control ("DTSC") and Defendants Technichem, Inc. ("Technichem") and Mark J. Ng.

1.

STIPULATED JUDGMENT

## RECITALS

A. <u>Complaint</u>.

The complaint in this case alleges that the Defendants violated and continue to violate provisions of the HWCL and its regulations (California Code of Regulations, title 22, Div. 4.5, §§ 66000 et seq.) with respect to hazardous waste operations at the Emeryville facility, and requests injunctive relief and penalties against each of the defendants.

B. <u>Partial Consent Decree</u>.

The parties entered into a Partial Consent Decree which the court signed on June 28, 2000. The Partial Consent Decree provides, among other things, for stipulated penalties for any violation of the provisions of the Partial Consent Decree by Technichem. (See Partial Consent Decree, paragraph 9.)

C. <u>DTSC's Motion to Enforce Partial Consent Decree</u>.

On November 13, 2002, DTSC filed a Notice of Motion to Enforce Partial Consent Decree and Memorandum of Points and Authorities in Support of Motion to Enforce Partial Consent Decree against Technichem ("Motion to Enforce Partial Consent Decree") attached as Exhibit A. By stipulation, the Motion to Enforce Partial Consent Decree has been continued to allow the parties an opportunity to resolve this matter and the underlying complaint.

D. <u>Negotiated Settlement</u>.

After arms-length negotiations, Plaintiff and Defendants have reached and entered into a settlement by way of this Stipulated Judgment in a good faith effort to avoid the uncertainty and expense of protracted litigation. Plaintiff believes that this settlement is in the best interest of the People of the State of California.

## TERMS

THEREFORE, Plaintiff and Defendants, through their counsel, stipulate as follows:

1. <u>Jurisdiction.</u>

2.

STIPULATED JUDGMENT

PELL ID 0000080

The parties agree that the Superior Court for the County of Alameda has subject matter jurisdiction over the matters alleged in this action and personal jurisdiction over the parties to this Stipulated Judgment.

2. Admission of Liability.

Defendants admit none of the allegations of the Complaint. This Stipulated Judgment resolves all relief requested in the Complaint. Defendant Technichem admits all the allegations set forth in the Motion to Enforce Partial Consent Decree.

3. Defendants' Ability to Pay Penalties.

A dispute exists between the parties to the extent to which Defendants can pay penalties. However, the parties agree that Defendant Technichem does not have the present financial ability to pay the entire $1,440,000 penalty DTSC seeks for violations of the Partial Consent Decree. Further, the parties agree that Defendants Technichem and Mark J. Ng do not have the present ability to pay the entire penalty that DTSC would seek under the complaint. In light of the other provisions of this Stipulated Judgment, DTSC will forego any penalties pursuant to the complaint or for violations of the Partial Consent Decree.

4. Technichem's Hazardous Waste Permit.

Technichem will withdraw its pending standardized permit application within 10 days of the execution of this Stipulated Judgment. Technichem may operate under the Partial Consent Decree and 1987 permit until December 31, 2003. Any authorization associated with the Partial Consent Decree and the 1987 permit will terminate on December 31, 2003.

5. Closure of Technichem's Hazardous Waste Facility and Corrective Action.

Technichem must close its facility and implement facility corrective action. Technichem, by entering into this Stipulated Judgment does not make any admission of illegal disposal of hazardous waste. To achieve this, Technichem must implement the following:

    a.    Within forty-five (45) days of the effective date of this Stipulated Judgment, Technichem shall submit a Facility Investigation Workplan

03/23/05  WED 16:57 FAX 415 892 9475        PES ENVIRONMENTAL                    ☒006

("Workplan") that follows DTSC guidance. The Workplan will detail an investigation of all areas (onsite and offsite) potentially impacted by Technichem's facility operations.

b. No investigation work shall begin without DTSC's approval of the Workplan.

c. Technichem will implement the Workplan within 14 days of DTSC's approval of the Workplan.

d. Within 30 days of obtaining the results from Workplan, Technichem shall submit to DTSC an amended closure plan that follows DTSC guidance. This amended closure plan shall address closure of the permitted facility and shall address all Solid Waste Management Units identified by the Workplan results as requiring further remediation.

e. Prior to approving the amended closure plan, DTSC shall comply with CEQA and provide the public an opportunity to comment on the amended closure plan. Technichem shall pay for any necessary documents, including but not limited to, an initial study or initial review, that may be required to comply with CEQA if required.

f. Within 30 days of DTSC's approval of Technichem's amended closure plan, Technichem shall submit to DTSC proof of adequate financial assurance for closure.

g. Technichem shall not begin closure activities until DTSC has notified Technichem that its financial assurance for closure is adequate.

h. Technichem shall begin closure activities within 30 days of DTSC's notification of Technichem that its financial assurance for closure is adequate.

6. <u>Defendants' Release of Plaintiff.</u>

Upon the effective date of this Stipulated Judgment, and except as provided in Paragraph 8, Defendants shall and does release, discharge and covenant not to sue Plaintiff as well as all

4.

STIPULATED JUDGMENT

PELL ID 0000082

past, present and future political subdivisions, officers, agents, directors, employees, contractors, subcontractors, attorneys, representatives, predecessors-in-interest, and successors and assigns of each and every constituent of the State of California, for any and all claims or causes of action, of every kind and nature whatsoever, in law and in equity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, which arise out of or are related to this action, connected with Technichem's 1987 hazardous waste permit, or its application for or appeal of its 2001 Standardized Permit.

7. <u>Plaintiff's Release of Defendant.</u>

Except as provided in Paragraph 8, Plaintiff shall and does release, discharge and covenant not to sue or to take administrative action against Defendants for matters covered. "Matters covered" are the causes of action alleged in the complaint in this matter and the Motion to Enforce Partial Consent Decree. This covenant not to sue shall become effective only upon completion by Defendant, to Plaintiff's satisfaction, of the activities required by this Stipulated Judgment.

8. <u>Reservation of Rights.</u>

Plaintiff, on the one hand, and Defendants, on the other hand, reserve their respective rights to initiate judicial or administrative action against each other for any matter not released by this Stipulated Judgment. Nothing in this Stipulated Judgment shall constitute or be construed as a satisfaction or release from liability for any conditions or claims arising as a result of past, current, or future operations or activities of Defendant that are not matters covered by this Stipulated Judgment. Nothing herein is intended or shall be construed as a waiver of Plaintiff's right to institute an action to compel compliance with this Stipulated Judgment. In addition, nothing in this Stipulated Judgment is intended or shall be construed to preclude Plaintiff from exercising its authority under any statute, regulation, ordinance, or other law.

03/23/05 WED 16:58 FAX 415 892 9475    PES ENVIRONMENTAL    ☒010

9. <u>Jurisdiction, Interpretation</u>.

This Court shall retain jurisdiction to interpret, modify and enforce the terms and conditions of this Stipulated Judgment. This Stipulated Judgment shall be deemed to have been drafted equally by the parties, and shall not be interpreted for or against either party on the ground that any such party drafted it. This Stipulated Judgment shall be governed by and construed in accordance with the laws of the State of California.

10. <u>Integration</u>.

This Stipulated Judgment contains all of the terms and conditions agreed upon by the parties relating to the matters covered by this Stipulated Judgment, and supersedes any and all prior and contemporaneous agreements, negotiations, correspondence, understandings, and communications of the parties, whether oral or written, respecting the matters covered by this Stipulated Judgment. This Stipulated Judgment may be amended or modified only by a writing signed by the parties or their authorized representatives, and then by order of the Court.

11. <u>Knowing, Voluntary Agreement</u>.

Each party to this Stipulated Judgment acknowledges that it has been represented by legal counsel, and that each party has reviewed, and has had the benefit of legal counsel's advice concerning, all of the terms and conditions of this Stipulated Judgment.

12. <u>Authority to Execute</u>.

Each party to this Stipulated Judgment represents and warrants that the person who has signed this Stipulated Judgment on its behalf is duly authorized to enter into this Stipulated Judgment, and to bind that party to the terms and conditions of this Stipulated Judgment.

13. <u>Parties to Bear Their Own Costs and Attorneys Fees</u>.

Each party to this Stipulated Judgment shall bear its own respective costs and attorneys' fees in connection with this matter, including costs and fees associated with negotiating and seeking court approval of this Stipulated Judgment.

03/23/05 WED 16:58 FAX 415 892 9475    PES ENVIRONMENTAL                                    ☒011

14. <u>Enforcement of Stipulated Judgment</u>.

Technichem shall be liable for any and all expenses, including but not limited to, attorneys fees, incurred by DTSC and the Attorney General's Office, for enforcing any portion of this Stipulated Judgment.

15. <u>Counterparts</u>.

This Stipulated Judgment may be executed by the parties in counterpart originals with the same force and effect as if fully and simultaneously executed as a single, original document.

16. <u>Waiver of Appeal Right: Reservation of Right to Appeal Collateral Orders</u>.

The parties agree to waive their right to appeal from this Stipulated Judgment. Nothing in this Stipulated Judgment shall be construed as a waiver of any party's right to appeal from an order that arises from an action to enforce the terms of this Stipulated Judgment.

17. <u>Effective Date</u>.

The effective date of this Stipulated Judgment shall be the date that it is signed by the Judge of the Superior Court.

18. <u>No Third Party Benefits</u>.

This Stipulated Judgment is made for the sole benefit of the parties, and no other person or entity shall have any rights or remedies under or by reason of this Stipulated Judgment, unless otherwise expressly provided for herein.

IT IS SO STIPULATED

                                          DEPARTMENT OF TOXIC SUBSTANCES
                                        CONTROL

Dated:                    By:

                                        KIM F. WILHELM, P.E., Chief
                                        Statewide Compliance Division

                              TECHNICHEM, INC. and MARK NG, as an individual

Dated:                        By:

                              MARK NG, Chairman of Technichem and in his individual capacity

APPROVED AS TO FORM

                              BILL LOCKYER, Attorney General
                              of the State of California
                              THEODORA BERGER
                              Senior Assistant Attorney General

Dated:                        By:

                              G. LYNN THORPE
                              Deputy Attorney General
                              Attorneys for Department of Toxic Substances Control

                              SANGER & OLSON

Dated:                        By:

                              JOHN SANGER
                              Attorneys for Technichem and Mark Ng

IT IS SO ORDERED, ADJUDGED, AND DECREED

Dated:                        By:

                              THE HONORABLE JOHN F. KRAETZER
                              JUDGE OF THE SUPERIOR COURT

8.

STIPULATED JUDGMENT