WILLIAM D. WICK (State Bar No. 063462)
JON K. WACTOR (State Bar No. 141566)
ANNA L. NGUYEN (State Bar. No. 226829)
WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland CA 94612-3572
Telephone:   (510) 465-5750
Facsimile:    (510) 465-5697

Attorneys for Plaintiffs
Virginia Pellegrini and
Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TECHNICHEM, INC., a California corporation, MARK J. NG, an individual; STEPHEN S. TUNG, an individual;<br><br>Defendants. | Case No.  07-CV-02497-CRB<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Further CMC Date:  February 29, 2008<br>Time:  8:30 a.m.<br>Courtroom:  8, 19th Floor<br>Judge:  Charles R. Breyer<br><br>Complaint filed: May 9, 2007<br>Trial Date:  October 6, 2008 |

Plaintiffs Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and Virginia Pellegrini, an individual (collectively, "Plaintiffs") and defendants Technichem, Inc., Mark J. Ng, and Stephen S. Tung (collectively, "Defendants") file this Supplemental Joint Case Management Statement pursuant to Civil Local Rules 16-9 and 16-10, the "Standing Order For All Judges Of The Northern District of California – Contents of Joint Case Management Statement," and Judge Charles Breyer's Order Setting Case Management Conference.

The parties report the progress or changes since the last statement filed on September 27, 2007, and make proposals for the remainder of the case development process, including the parties' views about whether using some form of ADR would be appropriate, as follows:

1. <u>Jurisdiction and Service</u>: No issues exist regarding personal jurisdiction. Venue is proper. Defendants have been served. Other parties may be named (see paragraph 5 below), and those parties have not yet been served.

2. <u>Facts</u>: Plaintiffs filed the complaint on May 9, 2007, alleging that Defendants operated a chemical recycling business on Plaintiffs' property in Emeryville, California that caused the release of hazardous substances, including but not limited to perchloroethylene ("PCE"). Plaintiffs seek injunctive relief, recovery of costs, indemnification, and other damages for their past and future response costs to regulatory directives by the State of California, Department of Toxic Substances Control ("DTSC").

3. <u>Factual and Legal Issues</u>:

The factual issues relate to liability under federal and state laws and contracts (leases and insurance contracts), the extent of environmental contamination, costs of remediation, and other damages alleged in the complaint.

The legal issues that arise with respect to environmental contamination include, without limitation: breach of contract and warranties, negligence, fraud, duty to disclose, failure to maintain the leasehold, and the scope of remediation.

4. <u>Motions</u>:

The parties expect to file the following motions before trial:

| Plaintiffs' Motions | Defendants' Motions |
|---|---|
| Motion for Declaratory Judgment, Establishing that (1) the Stipulated Judgment between DTSC and Technichem imposes a duty on Technichem to investigate and cleanup the Property; and (2) Technichem has violated, and continues to violate, the terms of the Leases for the Property, including its duty to indemnify Plaintiffs. | Motion for judgment on the pleadings based on plaintiff's failure to comply with notice provisions of the statutory claims for relief, primary jurisdiction, and the subjects of some other affirmative defenses. |
| Motion for Partial Summary Judgment | Motion To Dismiss For Failure To Plead Fraud With Particularity Under FRCP 9(b) |
|  | Motion for Partial Summary Judgment |

5. <u>Amendment of Pleadings</u>:

The parties may identify other parties who arranged for the disposal, treatment, and/or transportation of hazardous substances at the site (such as Technichem's customers) or are otherwise liable for costs at the site (because they have been identified as responsible parties by DTSC and because of contractual obligations, such as Zurich Insurance Company.) Plaintiffs expect to receive discovery responses from

Defendants in this regard. Thus, Plaintiffs and/or Defendants may amend the pleadings to add additional parties.

6. <u>Evidence Preservation</u>: The parties have been advised by their counsel to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>: The parties served Initial Disclosure Statements and exchanged Initial Disclosure documents on or about August 28, 2007, pursuant to Fed. R. Civ. P. 26(a)(1)(A).

8. <u>Discovery</u>:

The parties submit individually proposed discovery plans pursuant to Fed. R. Civ. P. 26(f). The following anticipated discovery will be completed by the date specified below:

| Description | Plaintiffs' Date | Defendants' Date |
| --- | --- | --- |
| Written Discovery | July 30, 2008 | July 30, 2008 |
| Depositions | July 30, 2008 | July 30, 2008 |
| Expert Discovery | Sept. 15, 2008 | Sept. 15, 2008 |

9. <u>Class Actions</u>: Not applicable

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiffs seek cleanup costs, damages, declaratory and injunctive relief, restitution, attorneys' fees and experts' costs.

1    12.  <u>Settlement and ADR</u>:  Plaintiffs are willing to participate in mediation with Defendants, providing that Defendants' insurance carrier Zurich Insurance Company is present at the mediation.

Defendants' position is that the Parties have already engaged in an Early Neutral Evaluation, which was unsuccessful.  Defendants do not believe that mediation will be worthwhile at this point.

13.  <u>Consent to Magistrate Judge For All Purposes</u>:  The parties do not consent to a magistrate judge.

14.  <u>Other References</u>:  The case is not currently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.  <u>Narrowing of Issues</u>:  The parties intend to file certain motions as specified above, which would narrow the issues, if granted.

16.  <u>Expedited Schedule</u>:  This case is on an expedited schedule, having been set for trial in October.

17.  <u>Scheduling</u>:

Pursuant to the Federal Rules of Civil Procedure and based on the Court's "Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases Before the Honorable Charles R. Breyer," the parties submit the following scheduling order:

|  | **Procedural Deadline** |
|---|---|
| Last day to add new claims/parties without leave of court: | April 30, 2008 |

| | **Procedural Deadline** |
|---|---|
| Non-expert discovery cutoff: | July 31, 2008 |
| Expert witness disclosure and exchange of expert reports:<br>• Rule 26(a)(2)(C)(i): Absent court's order, disclosures must be made at least 90 days before trial: | July 7, 2008 |
| Rebuttal witness disclosure and exchange of rebuttal expert reports:<br>• Rule 26(a)(2)(C)(ii): Solely to contradict or rebut evidence, disclosure within 30 days after the other party's disclosure: | August 6, 2008 |
| Expert witness discovery cutoff: | August 30, 2008 |
| Law and motion cutoff: | September 6, 2008 |
| Pre-Trial Disclosures:<br>• Rule 26(a)(3)(A)(i)(ii)(iii): Guidelines for requirements for these disclosures.<br>• Rule 26(a) (3) (B): Time for disclosure – unless court orders otherwise, these must be made at least 30 days before trial. | September 6, 2008 |
| Objections to Pre-Trial Disclosures:<br>• Within 14 days after the other party's disclosure, party may serve & file objections. | September 20, 2008 |
| Motions in Limine – Serve but do not File | September 3, 2008 |
| Oppositions to Motions in Limine – Serve Only | September 12, 2008 |
| Motions in Limine & Oppositions to be Filed by moving party | September 16, 2008 |
| Pre-Trial Submissions filed jointly by parties- includes witness list including those appearing by deposition:<br>• See Judge Breyer's Trial and Pretrial Conference Guidelines | September 16, 2008 |
| Final Pre-Trial Conference: | September 23, 2008 at 2:30 pm |
| Trial: | October 6, 2008 at 8:30 am |

18. <u>Trial</u>: The trial is set for **October 6, 2008 at 8:30 a.m.** Trial will be by jury. The parties estimate a trial length of **five to ten days**.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: The parties both filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. Plaintiffs did not identify any non-party interested entities or persons. Defendants identified Zurich North America as a liability insurance carrier that may have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Dated: February 15, 2008

GORDON & REES LLP

By: _____
BRIAN M. LEDGER
PAUL A. HENREID
Attorneys for Defendants TECHNICHEM, INC.; MARK J. NG; and STEPHEN S. TUNG

Dated: February 15, 2008

WACTOR & WICK LLP

By: _____
WILLIAM D. WICK
ANNA L. NGUYEN
Attorneys for Plaintiffs
Virginia Pellegrini, and
Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust

1  WILLIAM D. WICK (State Bar No. 063462)
   JON K. WACTOR (State Bar No. 141566)
2  ANNA L. NGUYEN (State Bar. No. 226829)
   WACTOR & WICK LLP
3  180 Grand Avenue, Suite 950
   Oakland CA 94612-3572
4  Telephone:   (510) 465-5750
   Facsimile:   (510) 465-5697
5

6  Attorneys for Plaintiffs
   Virginia Pellegrini and
7  Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust

8
                    UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11

12
   VIRGINIA PELLEGRINI, Trustee of the         Case No. 07-CV-02497-CRB
13 Mario J. and Virginia E. Pellegrini Trust,
   and VIRGINIA PELLEGRINI, an
14 individual,                                 **CERTIFICATE OF SERVICE**

15            Plaintiffs,

16       v.

17 TECHENICHEM, INC., a California
   corporation, MARK J. NG, an individual;
18 STEPHEN S. TUNG, an individual;

19            Defendants.

20

21

22

23

24

25

26

27

28

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

-1-
CERTIFICATE OF SERVICE
CASE NO. 07-CV-02497-CRB

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 180 Grand Avenue, Suite 950, Oakland, California. On February 15, 2008 I served the within document(s):

**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**

**X**  By electronically filing the document(s) listed above with the United States District Court, Northern District of California through CM/ECF (E-file);

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Oakland, CA, addressed as set forth below;

by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below;

by placing the document(s) listed above in a sealed envelope with postage fully prepaid, and mailing via overnight mail service, addressed as set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 15, 2008 at Oakland, California.

_Carol Ebert_
Carol Ebert

**Addressee(s):**

Brian M. Ledger
Paul A. Henreid
Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101
*Attorneys for Defendants Technichem Inc., Mark J. Ng, and Stephen S. Tung*