℀ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Virginia Pellegrini, Trustee of the Mario J. Pellegrini & Virginia E. Pellegrini Trust, & Virginia Pellegrini, an individual

### DEFENDANTS

Technichem Inc., a California corporation, Mark J. Ng, an individual; Stephen S. Tung, an individual, et al.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

William D. Wick, Jon K. Wactor, Anna L. Nguyen
Wactor & Wick LLP, 180 Grand Avenue, Suite 950, Oakland, CA 94612
(510) 465-5750

Attorneys (If Known)

Paul A. Henreid, Gordon & Rees LLP
101 West Broadway, Suite 1600, San Diego, CA 92101
(619) 696-6700

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [X] 230 Rent Lease & Ejectment
- [X] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury— Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence

**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus – Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [X] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding *(Amended Complaint)*
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Cost recovery/contribution under RCRA & CERCLA for environmental contamination.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*same*

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". *Docket Number 07-CV-02497-CRB*

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND     [ ] SAN JOSE

DATE
4/30/08

SIGNATURE OF ATTORNEY OF RECORD

1   WILLIAM D. WICK (State Bar No. 063462)
2   JON K. WACTOR (State Bar No. 141566)
    ANNA L. NGUYEN (State Bar. No. 226829)
    WACTOR & WICK LLP
3   180 Grand Avenue, Suite 950
    Oakland CA 94612-3572
4   Telephone:   (510) 465-5750
    Facsimile:   (510) 465-5697
5
    Attorneys for Plaintiffs
6   Virginia Pellegrini and
    Virginia Pellegrini, Trustee
7   of the Mario J. and Virginia E. Pellegrini Trust

8

9                        UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13   VIRGINIA PELLEGRINI, Trustee of the          Case No.  07-CV-02497-CRB
     Mario J. and Virginia E. Pellegrini Trust,
14   and VIRGINIA PELLEGRINI, an
     individual,                                  **FIRST AMENDED COMPLAINT FOR
15                                                ENVIRONMENTAL COST RECOVERY
                      Plaintiffs,                 AND CONTRIBUTION, INJUNCTIVE
16                                                RELIEF, DECLARATORY RELIEF, AND
                                                  DAMAGES**
17          v.

18   TECHNICHEM, INC,. a California               **DEMAND FOR JURY TRIAL**
     corporation, MARK J. NG, an individual;
19   STEPHEN S. TUNG, an individual;
     BOBBY PAGE CLEANERS, BONDED
20   CLEANERS, CALIFORNIA HIGHWAY
     PATROL; CALIFORNIA STATE PRISON
21   – CORCORAN, CALIFORNIA STATE
     PRISON AT FOLSOM, CALIFORNIA
22   STATE PRISON – SAN QUENTIN,
     COLONY CLEANERS – 28, DESERT
23   DISCOUNT CLEANERS, DOLLAR
     CLEANERS, DEUEL VOCATIONAL
24   INSTITUTE, ECONOMY CLEANERS,
     EXECUTIVE (ONE HOUR)
25   MARTINIZING,  FRANCHISE TAX
     BOARD,  INTERCITY CLEANERS, M & M
26   CLEANERS, MONROVIA CLEANERS,
     MULE CREEK STATE PRISON, ONE
27   HOUR CLEANERS, ONE PRICE
     CLEANERS, PACIFIC GROVE
28   CLEANERS, PARADISE CLEANERS,
     PARK AVENUE CLEANERS,

1  PROCUREMENT OFFICE OF THE
   DEPARTMENT OF CORRECTIONS,
2  CORRECTIONAL TRAINING FACILITY,
   PROCUREMENT OFFICE OF THE
3  SIERRA CONSERVATION CENTER, R.
   BAUERLE TRUCKING, RESOLVENT,
4  INC., ROMIC ENVIRONMENTAL
   TECHNOLOGIES, SAVE-ON CLEANERS,
5  VIRGINIA CLEANERS, VOGUE
   CLEANERS, ZURICH INSURANCE
6  COMPANY, and DOES 1 to 200,

7
             Defendants.
8

9

10      Plaintiffs VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini

11  Trust, and VIRGINIA PELLEGRINI, individually ("Plaintiffs") seeks recovery of costs

12  incurred and to be incurred, and damages suffered and to be suffered, as a result of the

13  release of hazardous substances and hazardous wastes on Plaintiffs' property at 4245

14  Halleck Street in Emeryville, California ("the Property").  Plaintiffs demand a jury trial and

15  allege as follows:

16

17                              **PARTIES**

18      1.      Virginia Pellegrini is, and at all times material to this complaint has been, an

19  individual who resides in the State of California. She is also the Trustee of the Mario J.

20  and Virginia E. Pellegrini Trust.

21      2.      Plaintiffs are informed and believe, and on that basis allege, that Defendant

22  Technichem, Inc. is, and at all times material to this complaint has been, a corporation

23  organized, and existing under the laws of the State of California, with places of business

24  in Hayward, California and Sparks, Nevada.  Plaintiffs are informed and believe, and on

25  that basis allege, that Technichem, Inc., at all times herein mentioned is and has been

26  an owner and operator of a chemical recycling business, authorized to do business, and

27  doing business as Technichem, Inc., under the laws of the State of California.

28

1        3.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

2 Mark Ng is an individual who resides in the State of California.  Plaintiffs are informed

3 and believe, and on that basis allege, that Mark Ng was an operator and lessee of the

4 Property, and that at all times herein mentioned Mr. Ng was and is the President of

5 Technichem, Inc.

6        4.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

7 Stephen S. Tung is an individual who resides in the State of California.  Plaintiffs are

8 informed and believe, and on that basis allege, that Stephen S. Tung was an operator of

9 the Property, and that at all times herein mentioned Mr. Tung was and is the Chief

10 Operating Officer of Technichem, Inc.  Plaintiffs are informed and believe, and on that

11 basis allege, that Stephen Tung was also an operator of Resolvent, Inc., and at all times

12 herein mentioned Mr. Tung is the President, Director, and Treasurer of Resolvent, Inc.

13        5.    Plaintiffs are informed and believe, and on that basis allege, that defendant

14 Bobby Page Cleaners is an unknown business entity, form unknown, which is authorized

15 to do and is doing business in the State of California.

16        6.    Plaintiffs are informed and believe, and on that basis allege, that defendant

17 Bonded Cleaners is an unknown business entity, form unknown, which is authorized to

18 do and is doing business in the State of California.

19        7.    Plaintiffs are informed and believe, and on that basis allege, that defendant

20 California Highway Patrol is a State of California government agency, which sent

21 hazardous materials and hazardous wastes to the Site for disposal, recycling or other

22 handling and whose materials and wastes were released into the environment at the

23 Site.

24        8.    Plaintiffs are informed and believe, and on that basis allege, that defendant

25 California State Prison – Corcoran is a State of California government agency, which sent

26 hazardous materials and hazardous wastes to the Site for disposal, recycling or other

27 handling and whose materials and wastes were released into the environment at the

28 Site.

1      9.    Plaintiffs are informed and believe, and on that basis allege, that defendant

2 California State Prison at Folsom is a State of California government agency, which sent

3 hazardous materials and hazardous wastes to the Site for disposal, recycling or other

4 handling and whose materials and wastes were released into the environment at the

5 Site.

6      10.    Plaintiffs are informed and believe, and on that basis allege, that defendant

7 California State Prison – San Quentin is a State of California government agency, which

8 sent hazardous materials and hazardous wastes to the Site for disposal, recycling or

9 other handling and whose materials and wastes were released into the environment at

10 the Site.

11      11.    Plaintiffs are informed and believe, and on that basis allege, that defendant

12 Colony Cleaners - 28 is an unknown business entity, form unknown, which is authorized

13 to do and is doing business in the State of California.

14      12.    Plaintiffs are informed and believe, and on that basis allege, that defendant

15 Desert Discount Cleaners is an unknown business entity, form unknown, which is

16 authorized to do and is doing business in the State of California.

17      13.    Plaintiffs are informed and believe, and on that basis allege, that defendant

18 Dollar Cleaners is an unknown business entity, form unknown, which is authorized to do

19 and is doing business in the State of California.

20      14.    Plaintiffs are informed and believe, and on that basis allege, that defendant

21 Deuel Vocational Institute is a State of California government agency, which sent

22 hazardous materials and hazardous wastes to the Site for disposal, recycling or other

23 handling and whose materials and wastes were released into the environment at the

24 Site.

25      15.    Plaintiffs are informed and believe, and on that basis allege, that defendant

26 Economy Cleaners is an unknown business entity, form unknown, which is authorized to

27 do and is doing business in the State of California.

28

16.    Plaintiffs are informed and believe, and on that basis allege, that defendant Executive (One Hour) Martinizing is an unknown business entity, form unknown, which is authorized to do and is doing business in the State of California.

17.    Plaintiffs are informed and believe, and on that basis allege, that defendant Franchise Tax Board is a State of California government agency, which sent hazardous materials and hazardous wastes to the Site for disposal, recycling or other handling and whose materials and wastes were released into the environment at the Site.

18.    Plaintiffs are informed and believe, and on that basis allege, that defendant Intercity Cleaners is an unknown business entity, form unknown, which is authorized to do and is doing business in the State of California.

19.    Plaintiffs are informed and believe, and on that basis allege, that defendant M & M Cleaners is an unknown business entity, form unknown, which is authorized to do and is doing business in the State of California.

20.    Plaintiffs are informed and believe, and on that basis allege, that defendant Monrovia Cleaners is an unknown business entity, form unknown, which is authorized to do and is doing business in the State of California.

21.    Plaintiffs are informed and believe, and on that basis allege, that defendant Mule Creek State Prison is a State of California government agency, which sent hazardous materials and hazardous wastes to the Site for disposal, recycling or other handling and whose materials and wastes were released into the environment at the Site.

22.    Plaintiffs are informed and believe, and on that basis allege, that defendant One Hour Cleaners is an unknown business entity, form unknown, which is authorized to do and is doing business in the State of California.

23.    Plaintiffs are informed and believe, and on that basis allege, that defendant One Price Cleaners is an unknown business entity, form unknown, which is authorized to do and is doing business in the State of California.

24. Plaintiffs are informed and believe, and on that basis allege, that defendant Pacific Grove Cleaners is an unknown business entity, form unknown, which is authorized to do and is doing business in the State of California.

25. Plaintiffs are informed and believe, and on that basis allege, that defendant Paradise Cleaners is an unknown business entity, form unknown, which is authorized to do and is doing business in the State of California.

26. Plaintiffs are informed and believe, and on that basis allege, that defendant Park Avenue Cleaners is an unknown business entity, form unknown, which is authorized to do and is doing business in the State of California.

27. Plaintiffs are informed and believe, and on that basis allege, that defendant Procurement Office of the Department of Corrections, Correctional Training Facility is a State of California government agency, which sent hazardous materials and hazardous wastes to the Site for disposal, recycling or other handling and whose materials and wastes were released into the environment at the Site.

28. Plaintiffs are informed and believe, and on that basis allege, that defendant Procurement Office of the Sierra Conservation Center is a State of California government agency, which sent hazardous materials and hazardous wastes to the Site for disposal, recycling or other handling and whose materials and wastes were released into the environment at the Site.

29. Plaintiffs are informed and believe, and on that basis allege, that defendant R. Bauerle Trucking is an unknown business entity, form unknown, which is authorized to do and is doing business in the State of California.

30. Plaintiffs are informed and believe, and on that basis allege, that defendant Resolvent, Inc. is a corporation that is organized and exists under the laws of Nevada and is authorized to do and is doing business in the State of California.  Plaintiffs are informed and believe, and on that basis allege, that defendant Resolvent Inc. has a contractual or other relationship to Technichem, Inc. and has or may have handled and

1    released hazardous materials and wastes on Plaintiffs' property during the course of its

2    business operations and is therefore liable for Plaintiffs' injuries.

3        31.    Plaintiffs are informed and believe, and on that basis allege, that defendant

4    Romic Environmental Technologies is an unknown business entity, form unknown, which

5    is authorized to do and is doing business in the State of California.

6        32.    Plaintiffs are informed and believe, and on that basis allege, that defendant

7    Save-On Cleaners is an unknown business entity, form unknown, which is authorized to

8    do and is doing business in the State of California.

9        33.    Plaintiffs are informed and believe, and on that basis allege, that defendant

10    Virginia Cleaners is an unknown business entity, form unknown, which is authorized to

11    do and is doing business in the State of California.

12        34.    Plaintiffs are informed and believe, and on that basis allege, that defendant

13    Vogue Cleaners is an unknown business entity, form unknown, which is authorized to do

14    and is doing business in the State of California.

15        35.    Plaintiffs are informed and believe, and on that basis allege, that defendant

16    Zurich Insurance Company is a corporation that is organized and exists under the laws of

17    the State of Illinois and is authorized to do business and is doing business in the State of

18    California.

19        36.    Plaintiffs are ignorant of the true names and capacities of the Defendants

20    sued herein under the fictitious names DOES 1 to 200.  Plaintiffs are informed and

21    believe and thereon allege that each fictitious defendant was in some way responsible

22    for, participated in, or contributed to matters that Plaintiffs complain of, and has a legally

23    responsibility for those matters.  When Plaintiffs become aware of the true names and

24    capacities of the Defendants sued as DOES 1 to 200, Plaintiffs will amend this Complaint

25    to state their true names.

26        37.    Investigations are ongoing regarding the claims and the parties responsible

27    for damages, injuries, and cost as alleged herein.  The allegations of this First Amended

28    Complaint are made on information and belief and are based upon the investigation

1 conducted to date, including the discovery responses of Defendants Technichem, Ng and

2 Tung.  This First Amended Complaint may be amended or supplemented if additional

3 investigation or analysis so warrants.

4

5 ## NATURE OF THE ACTION

6      38.    This is an action that arises from pollution caused by Defendants' acts and

7 omissions at the Property.

8      39.    Defendants have caused or permitted the release of hazardous substances,

9 contaminating the soil and groundwater on Plaintiffs' property.

10     40.    Plaintiffs seek various relief, including but not limited to cleanup costs,

11 damages, declaratory and injunctive relief, restitution, attorneys' fees and experts' costs

12 as a result of environmental contamination caused by Defendants.

13

14 ## JURISDICTION

15     41.    This Court has jurisdiction over the subject matter of this action pursuant to

16 the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972(a); the

17 Comprehensive Environmental Response and Compensation Act (CERCLA), 42 U.S.C.

18 §§ 9613(b) and (f), and 42 U.S.C. § 9607; pursuant to the Declaratory Judgment Act, 28

19 U.S.C. § 2201; and pursuant to 28 U.S.C. § 1331.

20     42.    This Court also has subject matter jurisdiction over Plaintiffs' claims brought

21 under state law by virtue of the supplemental jurisdiction provided in 28 U.S.C. § 1367,

22 and under the doctrine of pendent jurisdiction set forth in *United Mine Workers v. Gibbs*,

23 383 U.S. 715 (1966).  Plaintiffs' claims under state law arise from the same nucleus of

24 operative facts as the claims under federal law.

25

26

27

28

1

## **VENUE**

2        43.    Pursuant to 42 U.S.C. § 9613(b), venue is proper in any District in which

3  the release or damages occurred.  The release and damages occurred in Emeryville,

4  California, which is in the Northern District of California.

5

6

## **GENERAL ALLEGATIONS**

7        44.    The Mario J. and Virginia E. Pellegrini Trust is the owner of the real

8  property located near the corner of Park Avenue and Halleck Streets in Emeryville,

9  California with Assessors Parcel Number 049-1036-002-00 and business address of 4245

10  Halleck Street, which consists of a large commercial building and various tenant spaces

11  ("the Property").  Mario J. and Virginia E. Pellegrini owned the property prior to

12  transferring it to the Trust.

13        45.    On or about February 9, 1993, John Pellegrini & Virginia Pellegrini

14  ("Lessors") and Mark  J. Ng and Technichem, Inc. ("Lessees") entered into a Standard

15  Industrial Lease – Multi Tenant (hereafter "the 1993 Lease"), for a term of seven years,

16  commencing on March 1, 1993 and ending on February 2000 [Section 3.1 of 1993 Lease]

17  with an option to extend the term of the lease for an additional seven years commencing

18  when the prior term expired ["1993 Option to Extend Addendum"].

19        46.    Technichem and Mark J. Ng agreed in the 1993 Lease:

20        ▪        "to promptly comply with all applicable statues, ordinances, rules,

21  regulations, orders, covenants and restrictions of record, and requirements of any fire

22  insurance underwriters or rating bureaus, during the term of Lessee's occupation and use

23  of the leased premises and of common areas on the Property" [Section 6.2(b) of the

24  1993 Lease];

25        ▪        "to not commit any waste upon the leased premises or any nuisance

26  or other act or thing which may disturb the quiet enjoyment of any occupant of the

27  leased premises" [Section 6.2(b) of the 1993 Lease]; and

28

1       • "to accept the leased premises in its existing condition subject to all

2  applicable zoning, municipal, county and state laws, ordinances and regulations

3  governing and regulating the use of the premises and any covenants or restrictions of

4  record" [Section 6.3(b) of the 1993 Lease];

5       • "to keep in good order, condition and repair the leased premises and

6  every part thereof" [Section 7.2(a) of the 1993 Lease];

7       • "to surrender the premises upon termination of the lease in the

8  same condition as received and to repair any damage to the premises occasioned by the

9  installation or removal of Lessee's trade fixtures, alterations, furnishings and equipment"

10 [Section 7.2(c) of the 1993 Lease];

11      • "not to make any changes or alterations to the exteriors of the

12 premises or the exterior of the building located on the premises without Lessor's prior

13 written consent" [Section 7.3 of the 1993 Lease];

14      • "to obtain and keep in force during the term of the lease a policy of

15 Combined Single Limit Bodily Injury and Property Damage insurance insuring Lessor

16 against any liability arising out of the use, occupancy or maintenance of the premises in

17 an amount not less than $500,000 per occurrence to insure performance by Lessee of its

18 indemnity obligations" [Section 8.1 of the 1993 Lease]; and

19      • "indemnify and hold harmless Lessor from and against any and all

20 claims arising from Lessee's use of the Property, or from the conduct of Lessee's

21 business or from any activity, work or things done, permitted or suffered by Lessee in or

22 about the [Property] or elsewhere" [Section 8.7 of the 1993 Lease].

23      47.    The 1993 lease included a provision that "Lessor shall not be liable for any

24 damages arising from any act or negligence of any other lessee, occupant or user of the

25 [Property], nor from the failure of Lessor to enforce the provisions of any other lease of

26 the [Property]" [Section 8.8 of the 1993 Lease] and that "Lessor is to be free from all

27 liability and claims for damages from any cause" [Section 8.7 of the 1993 Lease].

28

48.    On April 12, 1993, Mark Ng executed a Guarantee of Lease where he agreed as the undersigned that "as an inducement to Lessor executing this lease with said Lessee, [Mark Ng] personally guarantee [s] the obligations of said Lessee.  Lessee [Mark Ng] hereby waive[s] Notice of Default and agree[s] that Lessor may proceed against [him] personally without the necessity of obtaining a judgment or proceeding against said Lessee."  Mark Ng further agreed "to indemnify and hold Lessor harmless from any and all liabilities and expenses of collection against said Lessee, including attorneys' fees and costs."

49.    On June 17, 1993, Technichem, Inc. and Mark Ng entered into additional lease terms with Plaintiffs, which allowed Technichem, Inc. and Mark Ng to rent another tenant space at 4245 Halleck Street from Plaintiffs under rental conditions and terms identical to the 1993 Lease, including the 7 year lease term with 7 year option to extend.

50.    Plaintiffs are informed and believe, and on that basis allege, that during their period of operation, Defendants used, handled, and stored various hazardous substances and wastes, including but not limited to tetrachloroethene ("PCE") and operated a chemical recycling business at the Property.

51.    Plaintiffs are informed and believe, and on that basis allege, that the State of California, Department of Toxic Substances ("DTSC") cited Technichem, Inc. and Mark Ng for  hazardous waste violations occurring between October 2000 and May 2002, including but not limited to:

- filing false information on hazardous waste manifests,
- submitting false information to DTSC inspectors,
- improper disposal of hazardous waste,
- unauthorized storage or hazardous waste,
- failing to maintain adequate aisle space in hazardous waste storage areas,
- illegal transportation of hazardous waste,
- failing to comply with the requirements for liability insurance, and

1          ▪     failing to follow hazardous waste manifest requirements.

2          52.    Plaintiffs are informed and believe, and on that basis allege, that DTSC filed

3    a complaint in Alameda Superior Court against Technichem, Inc. and Mark Ng in or about

4    2000, alleging that Technichem and Mark Ng violated and continue to violate

5    environmental regulations with respect to Technichem's and Mark Ng's hazardous waste

6    operations at the Property.

7          53.    Plaintiffs are informed and believe, and on that basis allege, that

8    Technichem, Inc. and Mark Ng entered into a Partial Consent Decree approved by the

9    court on or about June 28, 2000.

10         54.    Plaintiffs are informed and believe, and on that basis allege, that

11   Technichem, Inc. and Mark Ng entered into a Stipulated Final Judgment with DTSC on or

12   about December 2003, related to their hazardous waste violations.

13         55.    Plaintiffs are informed and believe, and on that basis allege, that

14   Technichem, Inc., Mark Ng, and Stephen Tung concealed from Plaintiffs their hazardous

15   waste violations, their stipulated judgment with DTSC, and their failure to obtain a permit

16   to operate the business during their occupancy of the Property.

17         56.    On or about March 2005, Technichem, Inc. and Mark Ng informed Mario

18   Pellegrini that they intended to vacate their space at the Property and relocate to

19   Hayward, California, and that they expected to proceed with facility closure of their

20   solvent recycling operations under the direction of the DTSC.  At that time, Mark Ng told

21   Mario Pellegrini that Technichem, Inc.'s business operations resulted in no releases of

22   hazardous substances onto the Property, and that facility closure required only above-

23   ground, inside decontamination of the building and the removal of equipment, products,

24   and materials.

25         57.    On or around March 2005, Plaintiffs were unaware that any release of

26   hazardous substances had occurred on the Property, that Technichem, Inc. and Mark Ng

27   had been cited for hazardous waste violations, that Technichem, Inc. and Mark Ng

28

1 | entered into a Stipulated Judgment, and that Defendants had failed to obtain and

2 | operate under a standardized permit.

3 |      58.   On or about March 14, 2005, Plaintiffs' attorney Michael Lamphere notified

4 | Technichem, Inc. and Mark Ng, that Technichem, Inc. and Mark Ng owed back rent from

5 | January 2005 to March 2005 in the amount of $5,097.50 each month, totaling $13,195,

6 | and requested that Technichem, Inc. and Mark Ng pay its late rent immediately or

7 | provide a payment schedule.

8 |      59.   On or about March 15, 2005, Technichem, Inc. and Mark Ng notified

9 | Plaintiffs that Technichem, Inc. and Mark Ng retained the services of Clayton Group

10 | Services, Inc., an environmental engineering firm, to facilitate Technichem, Inc. and

11 | Mark Ng's regulatory compliance for site closure.  Mark Ng told Michael Lamphere that he

12 | believed Mr. Pellegrini agreed to forego any rent payments from Technichem, Inc. and

13 | Mark Ng.

14 |      60.   On or about March 22, 2005, Plaintiffs' attorney Michael Lamphere notified

15 | Technichem, Inc. and Mark Ng that Mr. Pellegrini required payment of the outstanding

16 | rent for January, February, and March 2005 in full and never agreed to forego any rent

17 | payments by Technichem, Inc. and Mark Ng.  Mr. Lamphere also notified Mark Ng that

18 | Technichem, Inc. and Mark Ng remained responsible for monthly rent until DTSC and the

19 | City of Emeryville provided final closure and clearance of the Technichem facility.

20 |      61.   In or about April 2005, Plaintiffs retained PES Environmental, Inc. ("PES")

21 | to monitor the closure activities of Technichem, Inc. facility.

22 |      62.   Technichem, Inc., Mark Ng, and Stephen Tung ceased business operations

23 | at the Property in or around May 2005, and moved the business to Hayward, California.

24 |      63.   In or about June 2005, Plaintiffs discovered for the first time that there was

25 | soil and groundwater contamination at, on, and under the Property, when PES reported

26 | the findings of Clayton Group Services, Inc.'s May 27, 2005 "Facility Closure Passive Soil

27 | Gas Investigation Work Plan."

28 |

1      64.    Plaintiffs are informed and believe, and on that basis allege, that prior

2 environmental investigations conducted at or near the Property before May 2005 found

3 hazardous substances in the soil and groundwater at, on, under, or emanating from

4 Defendants' operations at the Property, which Technichem, Inc., Mark Ng, and Stephen

5 Tung concealed from Plaintiffs.

6      65.    Plaintiffs are informed and believe, and on that basis allege, that during

7 Technichem, Inc., Mark Ng, and Stephen Tung's period of occupancy and operation, they

8 caused the discharge, dispersal, and release of hazardous substances, including but not

9 limited to perchloroethylene ("PCE") and degradation products such as trichloroethylene

10 ("TCE"), dichloroethane 1,1 and 1,2 and dichloroethene 1,1 and 1,2 ("cis-1,2-DCE"), vinyl

11 chloride (hereinafter, collectively, "Hazardous Substances") into soil and groundwater at,

12 on, near, and under the Property.

13      66.    Technichem, Inc., Mark Ng, and Stephen Tung knew, at the time of their

14 occupancy of the Property, that hazardous wastes and substances from its solvent

15 recycling operations had been disposed on or around the Property and had not been

16 cleaned up.

17      67.    Plaintiffs are informed and believe, and on that basis allege, that solid and

18 hazardous wastes handled and disposed of at the Property have contaminated the soil

19 and groundwater at, under, on, or near the Property, which may present an imminent

20 and substantial endangerment to health or the environment.

21      68.    Throughout Technichem, Inc.'s tenancy, and continuing until June 2005,

22 Plaintiffs had no knowledge of any contamination on the Property.

23      69.    On or about August 23, 2005, Technichem, Inc. and Mark Ng told Plaintiffs'

24 attorney Michael Lamphere and Mr. Pellegrini that they had only $15,000 in assets and

25 risked bankruptcy if Technichem, Inc. and Mark Ng proceeded with the facility closure

26 work required by DTSC.

27

28

1    70.    On or about September 2005, Technichem, Inc. and Mark Ng represented

2  to both Mr. Lamphere and Mr. Pellegrini that the cost of site characterization and facility

3  closure was estimated to be less than $60,000.

4    71.    On or about January 6, 2006, Technichem, Inc. and Mark Ng notified

5  Plaintiffs and DTSC that Technichem, Inc. lacked the financial resources to undertake any

6  facility closure activities, and consequently, Technichem, Inc. and Mark Ng requested

7  that Plaintiffs assume closure and corrective action obligations associated with the

8  closure of the Technichem, Inc. facility.

9    72.    On or about January 30, 2006, DTSC agreed to allow Plaintiffs to accept

10  complete control and obligation of the closure and corrective action process associated

11  with closure of the Technichem, Inc. facility.

12    73.    On or about January 2006, Plaintiffs, in reliance of Technichem, Inc. and

13  Mark Ng's assurances and cost estimates, began to expend their own resources to assist

14  in Technichem, Inc.'s facility closure in order to expedite the sale of the Property to a

15  prospective buyer.  However, due to the extent of contamination on the Property and the

16  failure of Technichem, Inc. and Mark Ng to complete the facility closure, Plaintiffs could

17  not complete the sale of the Property.

18    74.    From January 2006 to present, Plaintiffs expressly informed Technichem,

19  Inc. and Mark Ng that they remained responsible for any and all Plaintiffs' costs

20  expended to assist in facility closure, as well as payment for back rent owed, and

21  damages incurred for loss of use of the Property until DTSC approved the facility closure.

22    75.    Plaintiffs never conducted any solvent-related operations at the Property

23  and never stored, sold, or used PCE at the Property.

24    76.    Plaintiffs are informed and believe, and on that basis allege, that during

25  their period of occupancy and operation Defendants were involved in the business of

26  purchasing, using, producing, generating, processing, storing, releasing, discharging,

27  disposing of, and venting Hazardous Substances.  As such, Defendants had superior

28  knowledge regarding the attributes and propensities of the Hazardous Substances and

1  their effects on the environment and human health.  Because Defendants have such

2  superior knowledge with respect to their own business processes and the Hazardous

3  Substances it produced, generated, emitted, released, discharged, and vented,

4  Defendants had and continue to have an obligation to disclose to Plaintiffs and the public

5  accurate, reliable and completely truthful information about the dangers and

6  consequences of exposure to such Hazardous Substances.  Further, Defendants had and

7  continue to have an obligation not to conduct their business activities in an oppressive

8  and malicious manner.

9      77.    Plaintiffs are informed and believe, and on that basis allege, that

10  Defendants knew or should have known that their business activities and the Hazardous

11  Substances they handled and disposed of were dangerous to human health and the

12  environment.  Defendants acted with malice and oppression toward Plaintiffs and the

13  public by:

14      ▪      failing to prevent the discharge or release of Hazardous Substances

15  which Defendants knew, and/or acted with a willful and conscious disregard for the fact

16  that Hazardous Substances would, harm the soil, water, and environment;

17      ▪      failing to comply with laws, guidelines, and safety practices

18  applicable to generating, emitting, releasing, discharging, storing, processing and venting

19  Hazardous Substances, failing to establish and maintain adequate pollution control

20  technologies to prevent, reduce, and/or control discharges of Hazardous Substances;

21      ▪      failing to timely and adequately repair equipment and toxic chemical

22  storage and disposal containers to prevent, reduce and/or control emissions and

23  discharges of Hazardous Substances;

24      ▪      failing to report and/or disclose releases, leaks, and spills, whether

25  accidental, negligent or intentional, but which were known to Defendants;

26      ▪      failing to accurately report and/or disclose to Plaintiffs and the public

27  the amounts of discharges, leaks and spills;

28

1        ■      failing to establish and maintain safety practices and procedures to

2 protect human health and the environment from being harmed by Hazardous Substances

3 released by Defendants; and

4        ■      failing to implement measures to prevent exposure to humans

5 knowing that such releases had happened in the past.

6     78.    Plaintiffs have had to perform investigation and cleanup activities, and to

7 retain and pay consultants and attorneys for that purpose, in accordance with directives

8 from the DTSC.  Those activities, costs, and fees will continue after the filing of this

9 Complaint.

10     79.    Hazardous Substances, including solid and hazardous wastes, handled,

11 stored, and disposed of at the Property have contaminated the soil and groundwater at

12 the Property, and may be migrating to adjacent properties.

13     80.    Plaintiffs discovered contamination at the Property no earlier than June

14 2005, and could not have made the discovery of the contamination earlier than June

15 2005 despite reasonable diligence because Defendants conspired to continue the

16 nuisance and to conceal its existence from Plaintiffs.

17     81.    DTSC identified Technichem, Inc., Plaintiffs, and Zurich Insurance Company

18 as responsible parties for the contamination at the Property in letters dated April 17,

19 2007 and February 22, 2008.

20     82.    Each of the Defendants is a "person" as defined in CERCLA § 101(21), 42

21 U.S.C. § 9601(21), and in California Health and Safety Code § 25319 and has by

22 contract, agreement, or otherwise, arranged for disposal or treatment, or arranged with

23 a transporter for transport for disposal or treatment at the Property, of hazardous

24 substances as defined in CERCLA § 101(14), 42 U.S.C. § 9601 (14), and in Health and

25 Safety Code §§ 25316 and 25317.  Moreover, some or all of the Defendants accepted

26 hazardous substances for transport to and from the Property by operating waste disposal

27 services which collected waste within their jurisdictions.  All of the hazardous substances

28 described herein were delivered to and stored, treated or disposed of at the Property.

1    83.    The Property is a "facility," as defined in CERCLA § 101(9), 42 U.S.C. §
2   9601 (a) and in Health and Safety Code § 25310.  The facility operated from
3   approximately 1986 through 2005.  Over the course of the facility's operation, wastes
4   which contained hazardous substances as defined in CERCLA § 101(14), 42 U.S.C. §
5   9601(14), and in Health and Safety Code § 25316 and 25317, were disposed of at the
6   Property.

7    84.    There have been actual or threatened "releases" of hazardous substances
8   from the Site, within the meaning of CERCLA § 101(22), 42 U.S.C. § 9601(22), and
9   Health and Safety code §§ 25320 and 25321.

10    85.    Plaintiffs are informed and believe, and on that basis allege, that
11  Defendants caused contamination by not properly handling, storing, or disposing of those
12  hazardous substances.  The hazardous substances which the Defendants arranged for
13  disposal or treatment or arranged to have transported to or from the Site for treatment
14  and disposal were released, or threatened to be released, into the environment.

15    86.    Each Defendant is or may be liable to Plaintiffs, for all or portion of the
16  costs incurred and to be incurred by Plaintiffs related to the contamination.

17    87.    An actual controversy has arisen and now exists between Defendants and
18  Plaintiffs in that Plaintiffs contend, and Defendants deny, that: (a) as between
19  Defendants and Plaintiffs, responsibility for the damages claimed by Plaintiffs rests
20  entirely with Defendants; and (b) as a result, Defendants are obligated to fully indemnify
21  Plaintiffs for any sums that Plaintiffs have expended in prosecuting this action and
22  defending against third party claims for investigation and cleanup of the Property,
23  including but not limited to any amount Plaintiffs may pay due to any costs, damages, or
24  judgments related to the contamination caused by Defendants.

25    88.    As a result of Defendants' acts and omissions, Plaintiffs have been and will
26  be damaged as follows:

27        (a)    Plaintiffs have incurred substantial expenses of approximately over
28  $225,000 as of April 3, 2008, and will continue to expend additional sums, in an exact

1   amount to be proved at trial, including consultants' and attorneys' fees, associated with

2   investigating, monitoring, assessing and evaluating soil and groundwater contamination

3   on, under and around the Property;

4       (b)    DTSC has named Plaintiffs as responsible parties, due to Plaintiffs'

5   ownership of the Property.  DTSC intends to require further investigation, remediation

6   and monitoring of environmental contamination on the Property, which will cause Plaintiff

7   to incur substantial additional costs to investigate, remediate, monitor and report on

8   environmental contamination at the Property until facility closure is achieved;

9       (c)    Plaintiffs will incur substantial additional costs to remove the

10  contamination from the Property in order to receive site closure and sell the property;

11      (d)    Plaintiffs' use of the Property has been limited and restricted by

12  virtue of the contamination, because the contamination precludes developing the

13  Property for its highest and best use, and because Plaintiffs' use of the Property may be

14  restricted in the future absent adequate remediation, causing damage to Plaintiffs in

15  amounts to be proved at trial;

16      (e)    the value of Plaintiffs' Property has been diminished by the

17  contamination, with the specific amount to be proved at trial, in that, among other

18  things, it has significantly delayed Plaintiffs' ability to sell or lease the Property from 2005

19  to a date as yet unknown;

20      (f)    Plaintiffs have incurred and will continue to incur attorneys' fees,

21  costs and expenses in prosecuting this action, and to respond to and defend against

22  governmental agency administrative actions; and

23      (g)    Plaintiffs may be required to defend future actions and

24  administrative proceedings arising directly or indirectly from Defendants' contamination

25  of the Property.

26      89.    By virtue of the above-described acts and omissions of Defendants,

27  Plaintiffs (a) will incur response costs, including attorneys' fees, due to the contamination

28  caused by Defendants at the Property, (b) anticipate that they will be required to expend

1  additional sums to achieve regulatory compliance and site closure, and (c) have suffered

2  a negative impact on their real property value resulting in compensable damages for

3  diminution in its property value.  As a result of the foregoing, Plaintiffs have been and

4  will be damaged in an amount which will be proven at trial.

5

6  ### **FIRST CAUSE OF ACTION**

7  *(Injunctive Relief and Attorneys' Fees Under RCRA § 7002(a)(1)(A) – All Defendants)*

8        90.    Plaintiffs reallege paragraphs 1 through 89 and incorporate them by

9  reference.

10       91.    RCRA  section 7002(a), 42 U.S.C. § 6972(a), provides that  any person may

11  commence a civil action  "against any person . . . who is alleged to be in violation of any

12  permit, standard, regulation, condition, requirement, prohibition, or order which has

13  become effective pursuant to this chapter."

14       92.    Plaintiffs, each of them, is a person within the meaning of RCRA section

15  1004(15), 42 U.S.C. § 6903(15).

16       93.    Defendants, each of them, is a "person" within the meaning of RCRA

17  section 1004(15), 42 U.S.C. § 6903(15).

18       94.    California has been and is authorized by the U.S. Environmental Protection

19  Agency to operate its hazardous waste control laws and regulations pursuant to RCRA.

20  Pursuant to Section 3006(d) of RCRA, 42 U.S.C. § 6926(d), "Any action taken by a State

21  under a hazardous waste program authorized under this section shall have the same

22  force and effect as action taken by the Administration under this subchapter."

23       95.    Plaintiffs allege that Defendants are in violation of a permit, standard,

24  regulation, condition, requirement, prohibition, or order which has become effective

25  under RCRA, including violations of subchapter III of RCRA (including, but not limited to,

26  42 U.S.C. §§  6922, 6923, 6924, 6925 and 6934).

27       96.    Prior to filing this action, Plaintiffs gave notice pursuant to RCRA §

28  7002(b)(1)(A), 42 U.S.C. § 6972(b)(1)(A) and 40 C.F.R. § 254.1 to the Administrator of

1    the United States Environmental Protection Agency ("U.S. EPA"), Region IX,

2    Administrator of the U.S. EPA, the United States Attorney General, the Director of the

3    California Department of Toxic Substance Control, and Defendants, informing them of

4    the alleged violations and of Plaintiffs' intent to bring this suit against Defendants.  This

5    action is authorized to be brought "immediately after such notification" pursuant to 42

6    U.S.C. § 6972(b)(1)(A).

7        97.    Plaintiffs seek injunctive relief under RCRA, ordering Defendants to

8    investigate, abate and remediate the endangerment posed by the contamination, and to

9    comply, at their expense, with any and all regulatory agencies' demands regarding the

10   contamination.

11       98.    Pursuant to 42 U.S.C § 6972(e), Plaintiffs seek an award of the costs of this

12   litigation including but not limited to reasonable attorneys' fees and experts' fees, and

13   including but not limited to similar fees to monitor Defendants' compliance with any

14   orders or judgments issued by this Court.

15

16                    **SECOND CAUSE OF ACTION**

17       *(Injunctive Relief and Attorneys' Fees Under RCRA § 7002(a)(1)(B) – All Defendants)*

18       99.    Plaintiffs reallege paragraphs 1 through 98 and incorporate them by

19   reference.

20       100.   RCRA  section 7002(a), 42 U.S.C. § 6972(a), provides as follows:

21           "(a) . . . any person may commence a civil action on this behalf --
             (1) . . .
22               (B) against any person . . . who has contributed or who is
             contributing to the past or present handling, storage, treatment,
23           transportation, or disposal of any solid or hazardous waste which
             may present an imminent and substantial endangerment to health or
24           the environment . . . ."

25       101.   Defendants have contributed and/or are contributing to the handling,

26   storage, treatment, transportation and/or disposal of "solid or hazardous wastes" within

27   the meaning of RCRA sections 1004(27) and 1004(5), 42 U.S.C. §§ 6903(27) and

28

1  6903(5), that "may present an imminent and substantial endangerment to health or the

2  environment" within the meaning of RCRA section 7002(a), 42 U.S.C. § 6972(a).

3      102.    Plaintiffs allege that Defendants' contribution to the past or present

4  handling, storage, treatment, transportation and/or disposal of solid and hazardous

5  wastes which may present an imminent and substantial endangerment to health or the

6  environment includes violations of subchapter III of RCRA (including, but not limited to,

7  42 U.S.C. §§ 6922, 6923, 6924, 6925 and 6934).

8      103.    Prior to filing this action, Plaintiffs gave notice pursuant to RCRA

9  § 7002(b)(2)(A), 42 U.S.C. § 6972(b)(2)(A) and 40 C.F.R. § 254.1 to the Administrator of

10 the United States Environmental Protection Agency ("U.S. EPA"), Region IX,

11 Administrator of the U.S. EPA, the United States Attorney General, the Director of the

12 California Department of Toxic Substance Control, and Defendants, informing them of

13 the endangerment and of Plaintiffs' intent to bring this suit against Defendants.  This

14 action is authorized to be brought "immediately after such notification" pursuant to 42

15 U.S.C. § 6972(b)(2)(A).

16     104.    Plaintiffs seek injunctive relief under RCRA, ordering Defendants to

17 investigate, abate and remediate the endangerment posed by the contamination, and to

18 comply, at their expense, with any and all regulatory agencies' demands regarding the

19 contamination.

20     105.    Pursuant to 42 U.S.C § 6972(e), Plaintiffs seek an award of the costs of this

21 litigation including but not limited to reasonable attorneys' fees and experts' fees, and

22 including but not limited to similar fees to monitor Defendants' compliance with any

23 orders or judgments issued by this Court.  Accordingly, Plaintiffs request that judgment

24 be entered in favor of Plaintiffs and against Defendants as set forth below.

25

26                     **THIRD CAUSE OF ACTION**

27               *(Cost Recovery under CERCLA – All Defendants)*

28

106.    Plaintiffs reallege paragraphs 1 through 105 and incorporate them by reference.

107.    CERCLA Section 107(a), 42 U.S.C. § 9607(a), provides as follows:

> (2) any person who at the time of disposal of any hazardous substances owned or operated any facility at which such hazardous substances were disposed of, [or]

> (3)  any person who . . . arranged for disposal or treatment . . . of hazardous substances . . . at any facility

> (4)  shall be liable for –

> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan. . . .

108.    A "release" of hazardous substances within the meaning of CERCLA Section 101(22), 42 U.S.C. § 9601(22), occurred at the Property.

109.    Chemicals released at the Property are "hazardous substances" within the meaning of CERCLA Section 101(14), 42 U.S.C. §9601(14).

110.    The Property is a "facility" within the meaning of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

111.    As a result of the "release" of "hazardous substances," Plaintiffs have conducted and are conducting a "response" within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25), and have incurred and will incur response costs.

112.    Defendants are liable under CERCLA § 107(a)(2), (3) and (4), 42 U.S.C. § 9607(a)(2),(3) and (4) as the operators of the Property "at the time of disposal," as persons who "arranged for disposal" of CERCLA hazardous substances on the Property, and as persons who transported hazardous substances to and from the Property.  Each Defendant therefore is a "covered person," liable for any and all costs, damages, and other relief under 42 U.S.C. § 9607(a).

113.    Plaintiffs have incurred, and will continue to incur, substantial costs consistent with the National Contingency Plan or pursuant to federal and/or state

1 authorization to investigate and remediate hazardous substances in soils and

2 groundwater at the Property.

3     114.   Plaintiffs request that judgment be entered in favor of Plaintiffs and against

4 Defendants pursuant to 42 U.S.C. § 9607(a) for all response costs that Plaintiffs have

5 incurred and will in the future incur to investigate, remove or remediate hazardous

6 substances at the Property.

7

8 **FOURTH CAUSE OF ACTION**

9 *(Contribution under CERCLA – All Defendants)*

10     115.   Plaintiffs reallege paragraphs 1 through 114 and incorporate them by

11 reference.

12     116.   Each Defendant is a "person" as defined by Section 101(21) of CERCLA, 42

13 U.S.C. § 9601(21).

14     117.   The Property is a "facility" within the meaning of Section 101(9) of CERCLA,

15 42 U.S.C. § 9601(9).

16     118.   Chemicals used, stored, and disposed of by Defendants at the Property

17 were "hazardous substances," within the meaning of Section 101(14) of CERCLA, 42

18 U.S.C. § 9601(14), and a "release" or "threatened release" of hazardous substances

19 within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), has occurred at

20 the Property.

21     119.   Defendants are liable under CERCLA § 107(a)(2), (3) and (4), 42 U.S.C.

22 § 9607(a)(2),(3) and (4) as the operators of the Property "at the time of disposal," as

23 persons who "arranged for disposal" of hazardous substances on the Property, and as

24 persons who transported hazardous substances to the Property.  Each Defendant is

25 therefore a "covered person," liable for any and all costs, damages, and other relief

26 under 42 U.S.C. Sections 9607(a) and 9613.

27     120.   If the Court concludes that Plaintiffs are liable under CERCLA § 107(a)

28 simply because they are the current owners and operators of the Property on which

1  Defendants released hazardous substances, or because they owned or operated the

2  Property at the time of disposal of hazardous substances thereon, then Plaintiffs are

3  entitled to contribution under CERCLA § 113, 42 U.S.C. § 9613, from Defendants.

4      121.    Plaintiffs have incurred, and likely will continue to incur, substantial costs

5  consistent with the National Contingency Plan to investigate, remove or remediate

6  hazardous substances found in soils and groundwater at the Property.

7      122.    Plaintiffs request that judgment be entered in favor of Plaintiffs and against

8  Defendants pursuant to 42 U.S.C. § 9613 for the response costs that Plaintiffs have

9  incurred to investigate and/or remediate hazardous substances at the Property.

10

11  **FIFTH CAUSE OF ACTION**

12  *(Declaratory Judgment under CERCLA – All Defendants)*

13      123.    Plaintiffs reallege paragraphs 1 through 122, and incorporate them by

14  reference.

15      124.    CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that in an

16  action to recover costs, "the court shall enter a declaratory judgment on liability for

17  response costs or damages that will be binding on any subsequent action or actions to

18  recover further response costs or damages."

19      125.    This action is a cost-recovery action of the type described in CERCLA

20  Section 113(g)(2), 42 U.S.C. § 9613(g)(2).

21      126.    Plaintiffs will incur additional response costs consistent with the National

22  Contingency Plan.

23      127.    An actual controversy presently exists between Plaintiffs and Defendants.

24      128.    Plaintiffs desire a determination of the respective rights, duties, and

25  liabilities of Plaintiffs and Defendants for future response costs and damages.  Plaintiffs

26  are entitled to declaratory relief under 42 U.S.C. Sections 9607 and 9613, establishing

27  the liability of Defendants for such response costs for the purposes of this and any

28  subsequent action or actions to recover further response costs.  Accordingly, Plaintiffs

1    request that judgment be entered in favor of Plaintiffs and against Defendants as set

2    forth below.

3

4                              **SIXTH CAUSE OF ACTION**

5            *(Contribution Under Hazardous Substance Account Act – All Defendants)*

6            129.    Plaintiffs incorporate the allegations of paragraphs 1 through 128 above,

7    and incorporate those paragraphs by reference.

8            130.    The California Hazardous Substance Account Act ("HSAA") codified at

9    California Health & Safety Code §§ 25300 through 25395.45, states, in relevant part, at §

10   25363(e):

11                  Any person who has incurred removal or remedial action costs
                    in accordance with this chapter or the federal act [defined as
12                  the Comprehensive Environmental Response, Compensation,
                    and Liability Act of 1980, as amended (42 U.S.C. §§9601, *et*
13                  *seq.*)] may seek contribution or indemnity from any person
                    who is liable pursuant to this chapter…
14

15           131.    Plaintiffs, each of them, is a "person" who has incurred or will incur

16   removal and remedial action costs in accordance with Chapter 6.8 of the HSAA and with

17   the federal act, within the meaning of HSAA § 25319.

18           132.    Each Defendant is a "person who is liable" for removal and remedial action

19   costs incurred by Plaintiffs within the meaning of HSAA §§ 25319 and 25323.5.

20           133.    The contaminants released or discharged by Defendants are "hazardous

21   substances" within the meaning of HSAA § 25316, and the federal act.

22           134.    The Property is a "site" within the meaning of HSAA § 25323.9.

23           135.    The costs incurred by Plaintiffs to investigate and remediate hazardous

24   substances at the Property have been incurred for "removal" or "remedial" actions within

25   the meaning of HSAA §§ 25322 and 25323.

26           136.    All removal and remedial costs incurred, and to be incurred, by Plaintiffs at

27   the Property are necessary costs of response that are consistent with HSAA § 25356.1.

28

1    137.    Plaintiffs have given or will give written notice of this action to the Director

2  of the California Department of Toxic Substances Control pursuant to HSAA § 25363(e).

3    138.    Defendants are liable to Plaintiffs for all removal and remedial costs

4  incurred to remedy hazardous substances Defendants have released or disposed at the

5  Property.

6    139.    Plaintiffs are entitled to contribution from Defendants for all response costs

7  under California Health & Safety Code Section 25363(e).  Accordingly, Plaintiffs request

8  that judgment be entered in favor of Plaintiffs and against Defendants as set forth below.

9

10    **SEVENTH CAUSE OF ACTION**

11    *(HSAA Declaratory Relief – Against All Defendants)*

12    140.    Plaintiffs reallege and incorporate by reference the allegations of the

13  foregoing paragraphs 1 through 139 as if fully set forth herein.

14    141.    Plaintiffs have incurred costs in connection with their investigation of

15  contamination on the Property in accordance with the HSAA, California Health & Safety

16  Code §25300, et seq.

17    142.    An actual controversy has arisen and now exists among Plaintiffs and

18  Defendants in that Plaintiffs contend, and Defendants deny, that Defendants are liable

19  under the HSAA for the costs incurred and to be incurred by Plaintiffs to investigate,

20  remove or remediate Hazardous Substances at the Property.

21    143.    Because the extent and magnitude of the contamination of the Property is

22  not fully known at this time, the contamination has not been fully mitigated, and the

23  Hazardous Substances continue to migrate from the Property, Plaintiffs will incur

24  necessary response costs under the HSAA in the future.

25    144.    Pursuant to California Health and Safety Code § 25363, Plaintiffs are

26  entitled to a declaratory judgment establishing Defendants' liability for such response

27  costs for the purposes of this and any subsequent action or actions to recover further

28

1  response costs.  Accordingly, Plaintiffs request that judgment be entered in favor of

2  Plaintiffs and against Defendants as set forth below.

3

4  ### EIGHTH CAUSE OF ACTION

5  *(Contribution – Against All Defendants)*

6      145.    Plaintiffs incorporate the allegations of paragraphs 1 through 144, inclusive,

7  of these causes of action by this reference as though fully set forth herein.

8      146.    As a direct and proximate result of the releases of Hazardous Substances

9  into the environment, as alleged above, Plaintiffs have incurred and will incur response

10  costs, beyond their share, for investigation and cleanup of the alleged contamination.

11      147.    Plaintiffs are informed and believe, and on that basis allege, that the

12  conduct of Defendants was the proximate cause of the damages which Plaintiffs have

13  incurred because of claims from third parties such as the DTSC.

14      148.    Under Section 1432 of the California Civil Code (which provides in pertinent

15  part, "a party to ... a joint and several obligation, who satisfies more than his share of

16  the claim against all, may require a proportionate contribution from all the parties joined

17  with him"), and under general equitable principles and rules governing this action,

18  Plaintiffs are entitled to contribution from Defendants for their share of the response

19  costs and damages paid and to be paid by Plaintiffs.

20

21  ### NINTH CAUSE OF ACTION

22  *(Breach of Contract/Breach of Lease – Against Technichem, Inc. and Mark Ng only)*

23      149.    Plaintiffs reallege and incorporate herein by reference each and every

24  allegation set forth in Paragraphs 1 through 148 as though fully set forth herein.

25      150.    Plaintiffs are informed and believe and, upon such information and belief,

26  allege that Defendants Technichem, In. and Mark Ng entered into contracts and leases to

27  conduct business operations on the Property.

28      151.    Plaintiffs have performed all of their obligations in said agreements.

1     152.   Plaintiffs are informed and believe and, upon such information and belief,

2 allege that Defendants Technichem, Inc. and Mark Ng have not performed their

3 contractual obligations and duties expressly identified in their contracts with Plaintiffs.

4     153.   As a direct and proximate result of the breach of contractual duties by

5 Defendants Technichem, Inc. and Mark Ng, Plaintiffs have sustained damages in a sum

6 presently unascertained, but in an amount to be shown according to proof at trial.

7     154.   Plaintiffs are informed and believe, and on such basis allege, that these

8 damages include but are not limited to costs incurred by Plaintiffs to respond to the

9 claims of regulatory agencies, including the DTSC, to make insurance demands and

10 claims, to begin facility closure and investigate environmental contamination at the

11 Property, rent owed to Plaintiffs for Defendants' occupancy of the Property, loss of use

12 damages from May 2005 through the present, and continuing, due to Plaintiffs' inability

13 to rent, lease or sell the Property because of Defendant's contamination, and loss

14 associated with diminution in value of the Property.  Plaintiffs are continuing to be

15 damaged, and will have to spend additional sums.

16     155.   Plaintiffs are informed and believe and, upon such information and belief,

17 allege that Plaintiffs' damages are directly and proximately caused and contributed to by

18 the sole fault and/or negligence and/or strict liability or other actionable conduct of

19 Defendants Technichem, Inc. and Mark Ng.

20     156.   Plaintiffs pray for judgment as hereinafter set forth.

21

22                     **TENTH CAUSE OF ACTION**

23       *(Contractual Indemnity – Against Technichem, Inc. and Mark Ng only)*

24     157.   Plaintiffs reallege and incorporate the allegations of paragraphs 1 through

25 156, inclusive, of these causes of action by this reference as though fully set forth herein.

26     158.   Defendants Technichem, Inc., and Mark Ng (collectively, the "Lessee"),

27 entered into written contracts (the Leases) with Plaintiffs (collectively, the "Lessor"),

28 which expressly stated that:

1

> Lessee shall indemnify and hold harmless Lessor from and against any and all claims arising from Lessee's use of the [Property], or from the conduct of Lessee's business or from any activity, work or things done, permitted or suffered by lessee in or about the [Property] or elsewhere and shall further indemnify and hold harmless Lessor from and against any and all claims arising from any breach or default in the performance of any obligation on Lessee's part to be performed under the terms of this Lease, or arising from any act or omission of Lessee, or any of Lessee's agents, contractors, or employees, and from and against all costs, attorney's fees, expenses and liabilities incurred in the defense of any such claim or any action or proceedings brought thereon, and in case any action or proceeding be brought against Lessor by reason or any such claim.

9  [Section 8.7 of 1993 Lease].

10      159.   Defendant Mark J. Ng personally guaranteed the obligations of said Lessee

11  and further agreed "to indemnify and hold Lessor harmless from any and all liabilities and

12  expenses of collection against said Lessee, including attorneys' fees and costs."

13      160.   Plaintiffs have performed and satisfied all the conditions precedent to the

14  obligations of the contracts.

15      161.   Plaintiffs are informed and believe and, upon such information and belief,

16  allege that Defendants Technichem, Inc. and Mark Ng have not performed their

17  contractual obligations and duties expressly identified in their contracts with Plaintiffs.

18      162.   Plaintiffs are informed and believe and, upon such information and belief,

19  allege that Plaintiffs' damages are directly and proximately caused and contributed to by

20  the sole fault, and/or negligence, and/or strict liability and/or other actionable conduct of

21  Defendants Technichem, Inc. and Mark Ng, in breaching such terms of their agreements

22  with Plaintiffs.

23      163.   Plaintiffs are entitled to indemnity from Defendant Technichem, Inc. and

24  Mark Ng as expressly provided by contract for all costs incurred, and to be incurred, by

25  Plaintiffs in connection with the contamination at and emanating from the Property,

26  including attorneys' fees.

27

28

1

## ELEVENTH CAUSE OF ACTION

2

*(Equitable Indemnity and Recovery of Attorneys' Fees under CCP 1021.6*

3

*– Against All Defendants)*

4       164.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 through

5   163, inclusive, of these causes of action by this reference as though fully set forth herein.

6       165.    Plaintiffs never used PCE or any other hazardous substances at the

7   Property, and never stored, sold, or used PCE or other hazardous substances at the

8   Property.

9       166.    Defendants, through their acts and omissions, have discharged and

10   released hazardous substances at the Property, and have refused to take the necessary

11   action to investigate and clean up those substances and prevent their migration in the

12   environment, despite a legal obligation to do so.

13       167.    Plaintiffs are informed and believe, and upon such basis allege, that any

14   environmental contamination at the Property relates solely to activities of Defendants and

15   that Defendants are responsible as a matter of equity.

16       168.    Plaintiffs have notified (and intend this complaint to be additional

17   notification) Defendants by tendering to Defendants the obligation to defend Plaintiffs

18   from claims by DTSC and others, pursuant to California Code of Civil Procedure Section

19   1021.6.  As a result of Defendants' conduct and failure to defend, Plaintiffs have been

20   required to respond to the DTSC and may be required to defend against additional

21   actions brought by third parties related to the contamination for which Defendants are

22   solely responsible.  Plaintiffs again hereby demand defense and indemnity from

23   Defendants.  Plaintiffs are informed and believe, and thereon allege, that Defendants

24   refused, and continue to refuse, said tender of defense by Plaintiffs.

25       169.    Plaintiffs have incurred, and will continue to incur, response and defense

26   costs relating to Hazardous Substances released by Defendants on the Property.

27       170.    Plaintiffs' costs have been necessary to address contamination proximately

28   caused by the acts and omissions of Defendants.

1    171.    Plaintiffs' costs have been and will be incurred because of Defendants'

2    refusal to satisfy their legal obligations.

3    172.    Plaintiffs are entitled to equitable indemnity from Defendants for all costs

4    incurred, and to be incurred, by Plaintiffs in connection with the contamination at and

5    emanating from the Property, including attorneys' fees.

6

7    **TWELFTH CAUSE OF ACTION**

8    *(Negligence – Against All Defendants)*

9    173.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 through

10   172, inclusive, of these causes of action by this reference as though fully set forth herein.

11   174.    Defendants had a duty of care with respect to its actions at and upon the

12   Property.

13   175.    Plaintiffs are informed and believe, and on that basis allege, that

14   Defendants breached their duty of care in connection with their operation of or activities

15   at the Property by virtue of their actions as alleged herein.

16   176.    Said breaches of duty by Defendants proximately caused the release or

17   threatened release of Hazardous Substances at the Property.  Plaintiffs have incurred

18   costs in responding to that release or threatened release and expect to incur additional

19   costs in the future as a result of said negligence on the part of Defendants.

20   177.    Consequently, Plaintiffs are entitled to damages according to proof at trial.

21

22   **THIRTEENTH CAUSE OF ACTION**

23   *(Negligence Per Se – Against All Defendants)*

24   178.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 through

25   177, inclusive, of these causes of action by this reference as though fully set forth herein.

26   179.    Plaintiffs are informed and believe, and on that basis allege, that

27   Defendants' conduct leading to the release or threatened release of hazardous

28   substances at the Property violated applicable legal requirements governing the

1  transport, handling, storage, treatment, use and disposal of hazardous substances. Such

2  release or threatened release is the type of occurrence which the aforementioned legal

3  requirements are designed to prevent.

4      180.    Plaintiffs are informed and believe, and on that basis allege, that

5  Defendants had knowledge or reasonable cause to believe that a release or threatened

6  release of a hazardous substance has come or will come to be located on or beneath the

7  Property in amounts required to be reported to a state or local agency pursuant to law,

8  and Defendants knowingly and willfully did not give Plaintiffs timely and adequate written

9  notice, if any, of the release or threatened release or of that condition to Plaintiffs.

10     181.    Plaintiffs are among the class of persons which such legal requirements

11  were designed and intended to protect.

12     182.    The violations by Defendants of those legal requirements proximately

13  caused harm to Plaintiffs, who have been required to respond to said release and

14  threatened release of hazardous substances at the Property, and who will be required to

15  continue to respond to them in the foreseeable future. As a result of Defendants'

16  actions, Plaintiffs are entitled to damages according to proof at trial.

17     183.    The foregoing acts and omissions of Defendants violate various statutory

18  provisions, including but not limited to, California Health and Safety Code §§ 25359, et.

19  seq.; California Health and Safety Code §§ 25249.5 et seq.; California Health and Safety

20  Code §§ 25100 et seq.; Health & Safety Code §§ 25189(c)-(d); California Water Code §§

21  13000 et. seq.; and Fish & Game Code §§ 5650, et. seq.

22     184.    Defendants failed to comply with the state law as detailed above. Plaintiffs

23  have sustained injury as a result of Defendants' negligent conduct, including investigative

24  costs, attorney's fees, and other costs, as described herein. As a further direct and

25  proximate cause of the negligence per se by Defendants, Plaintiffs have suffered

26  damages as previously described herein, including other consequential, incidental, and

27  general damages to be proven at trial.

28

1    185.    As a result of Defendants' statutory violations, Plaintiffs pray for damages

2  and any other relief appropriate under the law as set forth below.

3

4              **FOURTEENTH CAUSE OF ACTION**

5              *(Nuisance – Against All Defendants)*

6    186.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 through

7  185, inclusive, of these causes of action by this reference as though fully set forth herein.

8    187.    Plaintiffs seek economic and property damages proximately caused by the

9  acts and omissions of Defendants which caused the contamination at the Property.

10   188.    Plaintiffs are informed and believe, and on that basis allege, that

11  Defendants used the Property in violation of the law and public and private safety by

12  improperly releasing, discharging, handling, and disposing of Hazardous Substances and

13  contaminants, resulting in contamination of the Property.

14   189.    Plaintiff are informed and believe, and on that basis allege, that the

15  contamination at the Property constitutes a nuisance under California Civil Code Section

16  3479, because it is injurious to health so as to interfere with Plaintiffs' free use and

17  comfortable enjoyment of the property.

18

19              **FIFTEENTH CAUSE OF ACTION**

20              *(Continuing Public Nuisance – Against All Defendants)*

21   190.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 through

22  189, inclusive, of these causes of action by this reference as though fully set forth herein.

23   191.    Defendants' discharge, deposit, disposal and release of hazardous

24  substances and contaminants has resulted in conditions that are injurious to health,

25  offensive to the senses, and an interference with the free use of property so as to

26  interfere with the comfortable enjoyment of life and property.  The conditions caused by

27  Defendants constitute a nuisance within the meaning of California Civil Code § 3479.

28

1      192.    The nuisance caused by Defendants is a public nuisance because it affects

2   an entire neighborhood and a considerable number of persons within the meaning of

3   California Civil Code § 3480.

4      193.    Plaintiffs have standing to bring this action to abate the public nuisance

5   because it has been specially injurious to Plaintiffs within the meaning of California Civil

6   Code § 3495.

7      194.    The public nuisance is continuing because, among other things, it can be

8   abated and it varies over time.

9      195.    As a direct and proximate result of the public nuisance caused by

10  Defendants, Plaintiffs have been damaged as alleged herein.  In accordance with

11  California Code of Civil Procedure § 731, Plaintiffs are entitled to damages as well as

12  injunctive relief requiring Defendants to abate the continuing public nuisance.

13     196.    In causing the public nuisance alleged herein, Defendants acted with

14  oppression, fraud or malice, and in wanton disregard of the health and safety of those

15  impacted by its public nuisance, including Plaintiffs.

16     197.    As a result of the public nuisance, Plaintiffs pray for injunctive relief and

17  damages as set forth below.

18

19                          **SIXTEENTH CAUSE OF ACTION**

20                          *(Trespass – Against All Defendants)*

21     198.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 through

22  197, inclusive, of these causes of action by this reference as though fully set forth herein.

23     199.    At all material times, Plaintiffs were in lawful possession of their land.

24     200.    Defendants caused hazardous substances to intrude on Plaintiffs' land.

25  Such intrusion was not permitted.

26     201.    Plaintiffs are informed and believe, and on that basis allege, that this

27  intrusion was intentional, negligent, or resulted from ultra hazardous conduct.

28

1   202.   Defendants' trespass directly and proximately caused Plaintiffs' damages,

2   including harm to property and economic interests.

3   203.   Consequently, Plaintiffs are entitled to damages according to proof at trial.

4

5   **SEVENTEENTH CAUSE OF ACTION**

6   *(Waste – Against All Defendants)*

7   204.   Plaintiffs reallege and incorporate the allegations of paragraphs 1 through

8   203, inclusive, of these causes of action by this reference as though fully set forth herein.

9   205.   Plaintiffs are informed and believe, and on that basis allege, that

10  Defendants committed waste at and upon the Property by contaminating the property

11  with Hazardous Substances and not remediating the contamination.

12  206.   As a direct and proximate result of the above waste committed by

13  Defendants, Plaintiffs have been damaged in an amount to be proven at trial for loss of

14  use of the Property and inability to lease or sell the Property at the reasonable rental

15  value of the Property.

16

17  **EIGHTEENTH CAUSE OF ACTION**

18  *(Fraud/Constructive Fraud – Against Technichem, Inc, Mark Ng, and Stephen Tung only)*

19  207.   Plaintiffs reallege and incorporate by reference the allegations of

20  paragraphs 1 through 206 as though fully set forth herein.

21  208.   Pursuant to various leases with Plaintiffs, a stipulated judgment with DTSC,

22  and environmental laws and regulations, Defendants knew that they were obligated to

23  comply with environmental laws and regulations, investigate site conditions, conduct

24  remedial activities, and obtain regulatory closure of the facility located on the Property.

25  209.   Plaintiffs are informed and believe and, upon such information and belief,

26  allege that: from the beginning of Defendants' tenancy until 2005, Defendants

27  represented to Plaintiffs that Defendants' operations and activities on the Property

28  complied with environmental laws and regulations; Defendants failed to notify Plaintiffs

1  of any discharges or releases of hazardous substances, in order to induce Plaintiffs to

2  enter into and to refrain from terminating these written leases and amendments for the

3  continued tenancy on the site of Defendants Technichem Inc. and Mark Ng.

4      210.    Plaintiffs are informed and believe and, upon such information and belief,

5  allege that Defendants Technichem Inc. and Mark Ng represented to Plaintiffs that no

6  defaults or breaches existed in their performance of the terms, covenants, and conditions

7  of their lease agreements with Plaintiffs, including but not limited to:

8          ▪    Technichem Inc. and Mark Ng had complied with laws, guidelines,

9  and safety practices applicable to generating, emitting, releasing, discharging, storing,

10 processing and venting of hazardous substances,

11         ▪    Technichem Inc. and Mark Ng had repaired and maintained the

12 leased premises, the fixtures and appurtenances in good order and repair and in clean

13 and wholesome, condition, in compliance with all laws and ordinances,

14         ▪    Technichem Inc. and Mark Ng had used and occupied the leased

15 premises in accordance with all appropriate federal, state, county and city laws,

16 ordinances, or regulations; and

17         ▪    Technichem Inc. and Mark Ng had not committed any waste upon

18 the leased premises or any nuisance or misuse of the leased premises.

19      211.    Plaintiffs are informed and believe and, upon such information and belief,

20 allege that these representations were made by Technichem Inc. and Mark Ng to induce

21 Plaintiffs to continue contracting for the lease of Property, and, in reliance upon those

22 representations, Plaintiffs entered into a lease agreement and continued to lease the

23 Property to Defendants Technichem Inc. and Mark Ng .

24      212.    Plaintiffs are informed and believe and, upon such information and belief,

25 allege that Defendants Technichem Inc. and Mark Ng knowingly and willfully made these

26 representations with no reasonable grounds for believing them to be true, and that by or

27 before January 6, 2006, Defendants ceased its investigative work at the Property,

28

1   purposefully failing to comply with regulatory directives for additional investigation of the

2   contamination at the Property, and knowingly delaying remediation of the Property.

3       213.   Plaintiffs reasonably relied on Defendants' actions and representations and

4   had no knowledge of any actual or potential contamination to the Property from

5   Defendants' operations until January 2006.  In or about January 2006, Plaintiffs

6   discovered that the representations made by Defendants were in fact false, in that

7   Defendants were not competently pursuing site closure.  Plaintiffs are informed and

8   believe and, upon such information and belief, allege that Defendants purposefully or

9   negligently exacerbated the contamination at the Property due to their repeated delays in

10  responding to the regulatory directives.

11      214.   Plaintiffs are informed and believe, and on that basis allege, that

12  Defendants failed to comply with minimum commercial, professional and regulatory

13  standards, misled Plaintiffs into believing their operations and activities were in

14  compliance with the law and with the terms of the lease, misrepresented Defendants'

15  ability to complete facility closure and the cost of facility closure, and concealed from

16  Plaintiffs their:  (a) practices for the disposal of hazardous substances, (b) failure to

17  maintain its equipment (and the premises and fixtures and appurtenances thereto) to

18  minimize or prevent leaks or spills of PCE or other hazardous materials, and (c) intent to

19  cease its voluntary investigative and cleanup efforts under the oversight of DTSC.

20      215.   Plaintiffs are informed and believe, and on that basis allege, that

21  Defendants operated their solvent recycling business knowing of the discharge of

22  hazardous substances into the environment, or the actions that resulted in the discharge,

23  and had the legal ability to prevent, minimize, mitigate, clean up, abate, investigate

24  and/or otherwise respond to the discharge.

25      216.   Plaintiffs are informed and believe, and on that basis allege, Defendants'

26  acts or omissions have proximately caused Plaintiffs' damages.

27

28

1    217.    Defendants, in connection with their generation, release, discharge,

2  handling, collection, storage, processing, and/or disposal of the Hazardous Substances,

3  have engaged in a pattern of negligent, oppressive, and malicious behavior.

4    218.    Plaintiffs are informed and believe, and on that basis allege, that (although

5  Defendants have known about this contamination and the fact that such contamination

6  may move to adjacent properties), Defendants have concealed from Plaintiffs, the

7  releases of hazardous substances, the violations of environmental laws and regulations,

8  DTSC's enforcement action against Technichem, Inc. and Mark Ng for such violations,

9  and Defendants' intent to abandon all investigation and remediation efforts from

10  Plaintiffs.

11    219.    Plaintiffs are informed and believe, and on that basis allege, that

12  Defendants acted wrongfully and/or negligently in (a) failing to meet commercial or

13  professional standards, (b) failing to comply with environmental laws and regulations, (c)

14  contaminating the Property, and (d) ceasing in bad faith its efforts to investigate and

15  clean up the Property under the oversight of DTSC.

16    220.    By virtue of the relationship existing between Defendants and Plaintiffs,

17  Defendants owed a fiduciary duty to Plaintiffs, which was breached by the false

18  representations made to Plaintiffs by Defendants.

19    221.    As a direct and proximate result of Defendants' failure to comply with the

20  terms of the lease and with regulatory directives, and their concealment from Plaintiffs of

21  such failure, Plaintiffs have sustained damages, and are continuing to be damaged, in a

22  sum presently unascertained, but in an amount to be shown according to proof at the

23  time of trial.

24    222.    Plaintiffs pray for judgment as hereinafter set forth.

25

26

27

28

## NINETEENTH CAUSE OF ACTION

*(Business & Professions Code § 17200 –*

*against Technichem, Inc, Mark Ng, and Stephen Tung only)*

223.    Plaintiffs reallege and incorporate the allegations of paragraphs 1 through 222, inclusive, of these causes of action by this reference as though fully set forth herein.

224.    California Business & Professions Code § 17200 defines unfair competition to include any "… unlawful, unfair or fraudulent" business act or practice.

225.    Plaintiffs are informed and believes, and on that basis alleges, that Technichem, Inc. and Mark J. Ng  and Stephen S. Tung have engaged, and continues to engage, in unlawful and unfair business practices within the meaning of California Business & Professions Code § 17200 through their discharges of solid and hazardous wastes, hazardous substances, and contaminants at the Property, failure to mitigate the contamination, and  concealment of regulatory and statutory violations as alleged herein.

226.    Plaintiffs are informed and believe, and on that basis allege, that during Technichem's Inc.'s business operations on the Property,  Technichem, Inc., Mark Ng, and Stephen Tung were involved in the business of purchasing, using, producing, generating, processing, storing, releasing, discharging, disposing of, and venting Hazardous Substances.  As such, Technichem, Inc., Mark Ng, and Stephen Tung had superior knowledge regarding the attributes and propensities of the Hazardous Substances and their effects on the environment and human health.  Because Technichem, Inc., Mark Ng, and Stephen Tung have such superior knowledge with respect to their own business processes and the Hazardous Substances it produced, generated, emitted, released, discharged, and vented, Defendants had and continue to have an obligation to disclose to Plaintiffs and the public accurate, reliable and completely truthful information about the dangers and consequences of exposure to such Hazardous Substances.  Further, Defendants had and continue to have an obligation not to conduct their business activities in an oppressive and malicious manner.

1    227.   Plaintiffs are informed and believe, and on that basis allege, that by

2 violating Health and Safety Code section 25359.7(b)(which protects landlords by

3 obligating a lessee who knows or has reasonable cause to believe that any release of a

4 hazardous substance has come or will come to be located on or beneath that real

5 property to provide written notice of that condition to the lessor), Defendants

6 Technichem, Inc. and Mark Ng have committed an unlawful business act and therefore

7 violated § 17200.

8    228.   Plaintiffs are informed and believe, and on that basis allege, that

9 Defendants' knowing and willful conduct leading to the release or threatened release of

10 hazardous substances at the Property and Defendants' purposeful failure to mitigate (as

11 required by the Water Code) the contamination violated applicable legal requirements

12 governing the transport, handling, storage, treatment, use and disposal of solid and

13 hazardous wastes and Hazardous Substances, which is the type of conduct that Business

14 and Profession Code section 17200 et seq. is designed to prevent.

15    229.   Business and Professions Code section 17204 permits "any person who has

16 suffered injury in fact and has lost money or property as a result of such unfair

17 competition" to bring an action on behalf of itself, its members, or the general public.

18    230.   Plaintiffs have an ownership interest in the property that Defendants

19 Technichem, Inc. and Mark Ng have leased.  Plaintiffs have suffered injury in fact and

20 have lost money and property value as a result of the unlawful business practices,

21 because Plaintiffs are unable to sell the Property for full market value or lease the

22 Property for full rental value.  Thus, Plaintiffs have standing to bring this claim because

23 they are among the class of persons such legal requirements were designed and

24 intended to protect.

25    231.   Plaintiffs bring this enforcement action on behalf of themselves, all others

26 similarly situated, the general public, and in the interest of the public pursuant to

27 Business and Professions Code § 17204 to prevent future harm to the public at large by

28 seeking to enjoin the unlawful business practices that resulted in soil and groundwater

1  contamination at the Property and that continue to allow the contamination to spread.

2  Thus, Plaintiffs' action under Business and Professions Code § 17200 is predicated on

3  Technichem, Inc. and Mark Ng's violation of Health & Safety Code § 25359.7(b) pursuant

4  to the California Business & Professions Code § 17204.

5      232.  California Business & Professions Code § 17203 provides that the court may

6  make such orders or judgments as may be necessary to:

7          ... prevent the use or employment by any person of any
        practice which constitutes unfair competition, as defined in

8          this chapter, or as may be necessary to restore to any person
        in interest any money or property, real or personal, which

9          may have been acquired by means of unfair competition.

10      233.  As a result of Defendants' violations of California Business & Professions

11  Code §§ 17200, et seq., Plaintiffs pray for injunctive relief and restitution as set forth

12  herein.

13

14  **TWENTIETH CAUSE OF ACTION**

15  *(Declaratory Relief Under State Law − Against All Defendants)*

16      234.  Plaintiffs reallege and incorporate the allegations of paragraphs 1 through

17  233, inclusive, of these causes of action by this reference as though fully set forth herein.

18      235.  An actual controversy exists between Plaintiffs and Defendants with respect

19  to their respective rights and obligations under federal and state laws.  Plaintiffs seek a

20  judicial determination of the respective rights and duties of the parties with respect to

21  the rights, claims and damages alleged herein.

22      236.  Plaintiffs also seek a declaration by this court that Defendants were

23  obligated contractually to investigate and clean up the contamination; that Plaintiffs

24  complied with all conditions and obligations under the leases with respect to their rights

25  to defense and indemnity relating to the underlying claims; that because of Defendants'

26  breach of contract, negligence, fraud/misrepresentation, nuisance, trespass, unfair

27  business practices, and statutory violations, Plaintiffs have been damaged according to

28  proof.

1    237.    The requested declaration is necessary and appropriate at this time to allow

2    Plaintiffs to ascertain their rights and duties with respect to the claims at issue in this

3    action.

4    238.    As a result, Plaintiffs pray for declaratory relief as set forth below.

5

6    **TWENTY-FIRST CAUSE OF ACTION**

7    *(Breach of Contract for Duty to Defend and Indemnify as a Third Party Beneficiary–*

8    *Against Zurich Insurance Company only)*

9    239.    Plaintiffs reallege and incorporate by reference the allegations of

10    paragraphs 1 through 238 of this complaint.

11    240.    Technichem, Inc. obtained an Environmental Impairment Liability (EIL)

12    Policy from Zurich Insurance Company, which was issued by Steadfast Insurance

13    Company, that covered contamination at the Property.

14    241.    Zurich's policy cover sums which "an insured" becomes legally obligated to

15    pay as "loss" incurred because of "claims." The insurance policy expressly states that

16    Zurich is obligated to "pay on behalf of [Technichem] any "loss" caused by a "pollution

17    event" on, at, under or coming from a "covered location" that an insured" is legally

18    obligated to pay as a result of a "claim" first made against the "insured" during the

19    "policy period" provided that the "claim" is reported to [Zurich] during the "policy

20    period", or any applicable extended reported period." [Section I].

21    242.    The policy provides the following definitions:

22        (a) "Claim" means "any demand received by an "insured" alleging
23            liability or responsibility on the part of the "insured" for "losses"
        caused by a "pollution event" on, at, under or coming from a
24            "covered location." [Section II, C].

25        (b) "Loss" means compensatory damages or legal obligations arising
26            from "bodily injury" or "property damage." [Endorsement #1,
        Section IV].

27        (c) "Pollution event" means the discharge, dispersal, release or escape
28            of any solid, liquid, gaseous or thermal irritant, contaminant or

pollutant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. [Section II, N].

(d) "Covered locations" is the real property listed on the endorsement as 4245 Halleck Street in Emeryville, California. [Section II, G].

(e) "Property" damage includes: (1) physical injury to or destruction of tangible property including the resulting loss of use thereof; (2) loss of use of tangible property that has not been physically injured or destroyed; (3) cleanup costs"; or (4) natural resource damages. [Section II, O].

243. The primary purpose of the EIL Policy was to satisfy Title 22 regulations for financial assurance: "Coverage pursuant to this paragraph is effective solely provided that the "claim" is one for which the "insured" is required to demonstrate financial assurance pursuant to 22 CCR 66264.147 or 22 CCR 66265.147." EIL Policy, ¶2, Insuring Agreement (as modified by Endorsement No.1).

244. 22 CCR § 66264.147(a) and 66265.147(a) provide in relevant part that: "An owner or operator of a hazardous waste transfer, treatment, storage or disposal facility or a group of such facilities, shall demonstrate to the Department financial responsibility for *bodily injury* and *property damage* to *third parties* caused by *sudden accidental occurrences* arising from operations of the facility or group of facilities in the amount of at least $ 1 million per occurrence with an annual aggregate of at least $ 2 million, *exclusive of legal defense costs*..." (*Emphasis Added*). "Sudden accidental occurrence" means "an unforeseen and unexpected accident which is not continuous or repeated in nature and results in bodily injury, property damage or environmental degradation." 22 CCR § 66260.10.

245. The insurance placed by Technichem, Inc. with Zurich Insurance Company was intended to benefit Plaintiff as the owner of the property, which is a "covered location" on the EIL Policy. In addition, the policy affords coverage for "losses" including "property damage", which are more broadly defined and encompass response costs to DTSC's directives.

1    246.   After the discovery of contamination on the Property, Plaintiffs made a
2  claim for indemnity and defense to Technichem, Inc. and Zurich Insurance Company in a
3  letter dated September 22, 2005 by Plaintiffs' counsel.

4    247.   In a letter by Plaintiffs' counsel dated June 22, 2007, Plaintiffs requested
5  that Zurich Insurance Company provide an insurance determination for coverage on the
6  September 22, 2005 claim.

7    248.   Plaintiffs are informed and believe, and on that basis allege, that on or
8  about July 2, 2007, Zurich Insurance Company agreed to defend Technichem, Inc.

9    249.   By letter to Plaintiffs' counsel on or about July 20, 2007, Zurich Insurance
10  Company refused to perform their obligations under the policy by failing and refusing to
11  defend or indemnify Plaintiffs against the claims for investigation and cleanup asserted
12  against Plaintiffs by the Department of Toxic Substances Control.

13    250.   Neither Technichem, Inc. nor Zurich Insurance Company have made any
14  payments to Plaintiffs or have defended Plaintiffs against DTSC.

15    251.   On information and belief, Plaintiffs allege that the insurance policy
16  contains a provision for payment of attorneys fees and courts costs in any litigation.
17  Plaintiffs are therefore entitled to their attorneys fees and court costs incurred herein.

18    252.   As a direct and proximate result of Zurich Insurance Company's breach of
19  contractual duties, Plaintiffs have sustained damages in a sum presently unascertained,
20  but in an amount to be shown according to proof at the time of trial.  Plaintiffs are
21  continuing to be damaged, have expended over $225,000, including legal fees and site
22  investigation costs, and will have to spend additional sums for costs of investigation and
23  defense.

24

25                    **TWENTY-SECOND CAUSE OF ACTION**

26            *(Declaratory Judgment – Against Zurich Insurance Company only)*

27    253.   Plaintiffs reallege and incorporate by reference the allegations of
28  paragraphs 1 through 252 of this complaint.

1      254.   A dispute has arisen between Plaintiffs and Zurich Insurance Company

2   concerning and relating to Plaintiffs' rights, obligations and duties with regard to the

3   contamination and with regard to the insurance. Plaintiffs allege that Technichem, Inc.

4   was required to obtain insurance in an amount necessary to pay for all damage related to

5   contamination at the Property.  Zurich Insurance Company issued the policy to provide

6   such coverage and financial assurance.  Plaintiffs further allege that Zurich Insurance

7   Company failed to pay an amount necessary to reimburse Plaintiffs for all loss and

8   damage to the property from the contamination and to defend Plaintiffs against claims by

9   DTSC.

10      255.   A judicial declaration is necessary and appropriate at this time in order that

11   Plaintiffs may ascertain their rights and duties with regard to the policy and the insurance

12   benefits.

13      256.   Plaintiffs seek a declaration by this court that Zurich Insurance Company is

14   obligated contractually to indemnify and defend Plaintiffs for claims by DTSC related to

15   Plaintiff's property; that Plaintiffs complied with all conditions and obligations under the

16   subject insurance policy with respect to their rights to defense and indemnity relating to

17   the underlying claims; that because of Zurich Insurance Company's breach of contract

18   and denial of coverage, Plaintiffs have been damaged according to proof.

19

20                              **PRAYER FOR RELIEF**

21      Plaintiffs pray for judgment against Defendants as follows:

22      1.     For mandatory, preliminary and permanent injunction pursuant to RCRA

23   ordering Defendants to take all necessary actions to investigate, abate, and cleanup the

24   contamination at or emanating from the Property, including but not limited to ordering

25   Defendants to investigate, abate and remediate the endangerment posed by the

26   contamination, and to comply, at their expense, with any and all regulatory agencies'

27   demands regarding the contamination;

28

1    2.    For a declaration that Technichem, Inc., Mark Ng, and Stephen Tung have
2  operated and are operating a solid waste disposal facility that may present an imminent
3  and substantial endangerment in violation of section 7002 of RCRA;

4    3.    For entry of judgment against Defendants for all response costs incurred by
5  Plaintiffs attributable to hazardous substances released by Defendants at, under, or near
6  the Property;

7    4.    For civil penalties of up to $2,500 per day per individual exposure to
8  Hazardous Substances discharged by Technichem, Inc, Mark Ng, and Stephen Tung
9  during the course of their business operations and in the absence of facility closure,
10  pursuant to Health and Safety Code § 25249.7(b);

11    5.    For contribution by Defendants for any and all response costs, including
12  those that may be incurred by Plaintiffs in the future;

13    6.    For indemnification by Defendants, for all costs, damages, expenses or
14  claims resulting from claims related to the contamination on, at, or near the Property;

15    7.    For a declaration that Defendants are obligated to indemnify Plaintiffs from
16  and against any and all claims arising out of contamination at the Property;

17    8.    For an order directing Defendants to cease the unlawful open dumping of
18  solid waste.

19    9.    For an order directing that Defendants conduct a comprehensive
20  investigation and study to determine the characteristics of the waste and to clean up the
21  extent of the contamination;

22    10.    For a mandatory preliminary and permanent injunction as specifically
23  authorized by California Business & Professions Code § 17200, *et seq.,* ordering
24  Technichem, Inc, Mark Ng, and Stephen Tung to take all actions necessary to cleanup
25  contamination at or emanating from the Property;

26    11.    For an order pursuant to California Business & Professions Code § 17203
27  restoring to Plaintiffs all money they have spent to respond to, investigate, remove or
28  remediate the contamination;

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

-47-

1    12.    For damages according to proof at trial, including but not limited to rent

2  owed to Plaintiffs, related to Technichem, Inc. and Mark Ng's occupancy of the Property

3  and breach of the lease;

4    13.    For damages according to proof at trial for all costs and expenses paid and

5  to be paid in complying with regulatory agency's claims relating to investigation and

6  cleanup of the Property;

7    14.    For an award of the costs of this litigation including but not limited to costs

8  that Plaintiffs have incurred and continue to incur to defend themselves against third-

9  party claims relating to the investigation and cleanup of site contamination on the

10  Property, reasonable attorneys' fees and experts' fees, and including but not limited to

11  similar fees to monitor Defendants' compliance with any orders or judgments issued by

12  this Court pursuant to RCRA § 7002(e), 42 U.S.C § 6972(e), and California Code of Civil

13  Procedure § 1021.5;

14    15.    For any award of damages, in amount according to proof at trial, consisting

15  of the costs, fees, and other expenses authorized under California Code of Civil

16  Procedure section 1021.6;

17    16.    For any and all remedies authorized under section California Health and

18  Safety Code §§ 25359, et. seq.; California Health and Safety Code §§ 25249.5 et seq.;

19  California Health and Safety Code §§ 25100 et seq.; Health & Safety Code §§ 25189(c)-

20  (d); California Water Code §§ 13000 et. seq.; and Fish & Game Code §§ 5650, et. seq.,

21  including but not limited to actual damages and civil penalties for each incident in which

22  Defendants knowingly and willfully failed to provide written notice when required by

23  Health and Safety Code §§ 25359.7(b)(1) and 25182(c)-(d) of the release or threatened

24  release at or under the Property or of that condition to Plaintiffs under Defendants'

25  lease(s);

26    17.    For declaratory judgment pursuant to Code of Civil Procedure, § 1060

27  declaring that Defendants are engaged in an unlawful business practice constituting

28  unfair competition in violation of Business and Professions Code, §§ 17200 et seq. by

1 having knowingly and intentionally exposed individuals to a chemical known to the State

2 of California to cause developmental and reproductive toxicity without first giving clear

3 and reasonable warning as required by Health and Safety Code §§ 25359.7 et seq.;

4     18.    For punitive and exemplary damages as justified by proof at trial pursuant

5 to Cal. Civ. Code § 3294, because Defendants' conduct was so outrageous and

6 oppressive as to demonstrate a conscious and/or reckless disregard for human health

7 and safety and the environment;

8     19.    For entry of a declaratory judgment against Defendants and in favor of

9 Plaintiffs according to proof at trial;

10     20.    For declaratory judgment that Zurich Insurance Company is obligated

11 contractually to indemnify and defend Plaintiffs for claims by DTSC related to Plaintiff's

12 property;

13     21.    For prejudgment interest at the maximum rate permitted by law;

14     22.    For such other and further relief as the Court may deem appropriate.

15

16 **JURY DEMAND**

17     Plaintiffs hereby demand a trial by jury of all issues triable by jury.

18

19 Dated:  April 30, 2008

20     WACTOR & WICK LLP

21

22     By:

23     WILLIAM D. WICK
    JON K. WACTOR

24     ANNA L. NGUYEN
    Attorneys for Plaintiffs

25     Virginia Pellegrini, and
    Virginia Pellegrini,

26     Trustee of the Mario J. and Virginia E.
    Pellegrini Trust

27

28

WILLIAM D. WICK (State Bar No. 063462)
JON K. WACTOR (State Bar No. 141566)
ANNA L. NGUYEN (State Bar No. 226829)
WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland CA 94612-3572
Telephone:     (510) 465-5750
Facsimile:      (510) 465-5697

Attorneys for Plaintiffs
Virginia Pellegrini and
Virginia Pellegrini, Trustee
of the Mario J. and Virginia E. Pellegrini Trust

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>TECHNICHEM, INC,. a California corporation, MARK J. NG, an individual; STEPHEN S. TUNG, an individual; BOBBY PAGE CLEANERS, BONDED CLEANERS, CALIFORNIA HIGHWAY PATROL; CALIFORNIA STATE PRISON – CORCORAN, CALIFORNIA STATE PRISON AT FOLSOM, CALIFORNIA STATE PRISON – SAN QUENTIN, COLONY CLEANERS – 28, DESERT DISCOUNT CLEANERS, DOLLAR CLEANERS, DEUEL VOCATIONAL INSTITUTE, ECONOMY CLEANERS, EXECUTIVE (ONE HOUR) MARTINIZING,  FRANCHISE TAX BOARD,  INTERCITY CLEANERS, M & M CLEANERS, MONROVIA CLEANERS, MULE CREEK STATE PRISON, ONE HOUR CLEANERS, ONE PRICE CLEANERS, PACIFIC GROVE CLEANERS, PARADISE CLEANERS, PARK AVENUE CLEANERS, | Case No.  07-CV-02497-CRB<br><br><br>**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS** |

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612

-1-

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS TO FIRST AMENDED
COMPLAINT

1 | PROCUREMENT OFFICE OF THE
DEPARTMENT OF CORRECTIONS,
2 | CORRECTIONAL TRAINING FACILITY,
PROCUREMENT OFFICE OF THE
3 | SIERRA CONSERVATION CENTER, R.
BAUERLE TRUCKING, RESOLVENT,
4 | INC., ROMIC ENVIRONMENTAL
TECHNOLOGIES, SAVE-ON CLEANERS,
5 | VIRGINIA CLEANERS, VOGUE
CLEANERS, ZURICH INSURANCE
6 | COMPANy, and DOES 1 to 200,

7

        Defendants.

8

9

10      Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date,

11 other than the named parties, there is no such interest to report.

12

13

14 Dated:  April 30, 2008

15                              WACTOR & WICK LLP

16

17                    By:

18                              WILLIAM D. WICK
JON K. WACTOR
19                              ANNA L. NGUYEN
20                              Attorneys for Plaintiffs
Virginia Pellegrini, and
21                              Virginia Pellegrini,
Trustee of the Mario J. and Virginia E.
22                              Pellegrini Trust

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 180 Grand Avenue, Suite 950, Oakland, California. On April 30, 2008 I served the within document(s):

**PLAINTIFF VIRGINIA PELLEGRINI AS TRUSTEE OF THE MARIO J. & VIRGINIA E. PELLEGRINI TRUST, and VIRGINIA PELLEGRINI, AN INDIVIDUAL, FIRST AMENDED COMPLAINT FOR ENVIRONMENTAL COST RECOVERY AND CONTRIBUTION, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES**

**X**    By electronically filing the document(s) listed above with the United States District Court, Northern District of California through CM/ECF (E-file);

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Oakland, CA, addressed as set forth below;

by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below;

by placing the document(s) listed above in a sealed envelope with postage fully prepaid, and mailing via overnight mail service, addressed as set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 30, 2008 at Oakland, California.

_Carol B Ebert_
Carol B. Ebert

**Addressee(s):**

Brian M. Ledger
Paul A. Henreid
Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101
*Attorneys for Defendants Technichem Inc.,*
*Mark J. Ng, and Stephen S. Tung*

WACTOR & WICK LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612