BRIAN M. LEDGER (SBN 156942)
bledger@gordonrees.com
PAUL A. HENREID (SBN 214527)
phenreid@gordonrees.com
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys For Defendants TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual

Plaintiff,

v.

TECHNICHEM, INC., a California corporation; MARK J. NG, an individual; and STEPHEN S. TUNG, an individual,

Defendants.

Case No. 07-CV-02497-CRB

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FRAUD CLAIMS AND STRIKE PUNITIVE DAMAGES**

**[FRCP 9(b)]**
**[FRCP 12(f)]**

Hearing Date: July 11, 2008
Time: 10:00 a.m.
Courtroom: 8, 19th floor
Judge: Charles R. Breyer

Complaint Filed: May 9, 2007

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 11, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard before in the above-entitled court, Courtroom 8, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, California, the Court will hear the motion by defendants Technichem, Inc., Mark J. Ng, and Stephen S. Tung ("Defendants") to dismiss the Eighteenth Cause of Action for Fraud/Constructive Fraud for failure to plead fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure and to strike any related requests for punitive damages pursuant to Rule 12(f) of the Federal Rules of Civil Procedure that are not recoverable as a matter of law.



Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

This motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the pleadings and papers filed herein, and upon such other oral and documentary evidence as may be presented at the hearing of this motion.

PLEASE TAKE FURTHER NOTICE that at the time and place described above, Defendants will request the Court to sign the proposed Order submitted herewith.

Dated: May 28, 2008

**GORDON & REES LLP**

Brian M. Ledger
Paul A. Henreid
Attorneys for Defendants
TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court should dismiss plaintiffs' Fraud/Constructive Fraud claim because it fails to state the circumstances constituting fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. The Court should also strike any related requests for punitive damages that are not recoverable as a matter of law because the fraud claim fails. The Fraud/Constructive Fraud claim is devoid of the **who**, **what**, **when**, **why**, and **where** of the alleged fraud that Rule 9(b) requires: **who** precisely was involved in the fraud ("Plaintiffs" could mean either a trust, Virginia Pellegrini as a living individual, or Mario J. Pellegrini as a deceased individual), **what** the precise false statement was (i.e., something more than Defendants misrepresenting that they "had complied with laws"), **why** any representations were false, **where** or **how** the alleged fraud occurred (i.e., whether the fraudulent statement was in person, oral or written, and if written, the particular documents involved), and **when** the fraud occurred (i.e., something more specific than "from the beginning of Defendants' tenancy until 2005"). The absence of any one of the required elements of a fraud claim bars recovery. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1331 (1986). Plaintiffs' "fraud" claim alleges they suffered damages as a result of "**Defendants' failure to comply with the terms of the lease**" – an admission that the Eighteenth Cause of Action is a breach of contract claim, not a fraud claim.

### II. FACTS

Plaintiffs filed this environmental cost recovery action on May 9, 2007 and a First Amended Complaint ("FAC") on April 30, 2008. The operative complaint is complex, consisting of 49 pages, 22 causes of action, and 256 paragraphs. Plaintiffs allege they are owners of industrial property in Emeryville, California where defendants Technichem, Inc., Mark J. Ng, and Stephen S. Tung

("Defendants") operated a chemical recycling business. (FAC ¶¶ 44-50) Plaintiffs allege that Defendants caused the release of hazardous substances at their property, including but not limited to perchloroethylene. (FAC ¶¶ 38-39) As a result, plaintiffs claim they have been unable to sell or lease the property, incurred investigation expenses and legal fees, and will have to pay for future cleanup to satisfy the State of California, Department of Toxic Substances Control ("DTSC"). (FAC ¶¶ 40, 88) Plaintiffs seek injunctive relief to force Defendants to remediate the contamination, indemnification for their costs (including attorneys' fees), and punitive damages. (Prayer for Relief) It is undisputed that the extent of environmental contamination and the costs to remediate said contamination is unknown.

Plaintiffs seek punitive damages pursuant to the Eighteenth Cause of Action for Fraud/Constructive Fraud (attached hereto as Exhibit "A"). This cause of action alleges that Defendants misrepresented that their operations were in compliance with environmental laws and failed to notify plaintiffs of any releases of hazardous substances in order to induce plaintiffs to enter into and to refrain from terminating their lease. (FAC ¶¶ 210-212) Plaintiffs allege that Defendants purposefully failed to comply with regulatory directives for additional investigation of the contamination and knowingly delayed remediation. (FAC ¶¶ 212, 214) Plaintiffs further allege that Defendants misrepresented their ability to complete facility closure and the cost of facility closure, and concealed from Plaintiffs their: (a) practices for the disposal of hazardous substances, (b) failure to maintain its equipment (and the premises and fixtures and appurtenances thereto) to minimize or prevent leaks or spills of PCE or other hazardous materials, and (c) intent to cease voluntary investigative and cleanup efforts under the oversight of DTSC. (FAC ¶ 214)

////

////

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

## III. LEGAL STANDARD

### A. Federal Pleading Standard for Fraud

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Fraud must be pled "with a high degree of meticulousness." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000). "[P]laintiff must include statements regarding the time, place, and nature of the alleged fraudulent activities, . . . 'mere conclusory allegations of fraud are insufficient.'" *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir. 1994). "The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *Id.* The circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Consquently, "Averments of fraud must be accompanied by '**the who, what, when, where, and how**' of the misconduct charged.'" *Id.* (emphasis added). The defendant must also identify the actual source of the fraud (i.e., whether the fraudulent statement was oral or written and, if written, the particular documents involved). California Practice Guide: Federal Civil Procedure Before Trial, Ch. 8-B, § 8:45, citing *Arroyo v. Wheat*, 591 F. Supp. 136, 139 (D. Nev. 1984).

Plaintiff's failure to meet the specific pleading requirements of Rule 9(b) is grounds for dismissal for failure to state a claim upon which relief can be granted. *Vess*, 317 F.3d at 1107-1108. "A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.*

**B. Elements of Fraud/Constructive Fraud**

Actual fraud consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract: 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; 3. The suppression of that which is true, by one having knowledge or belief of the fact; 4. A promise made without any intention of performing it; or 5. Any other act fitted to deceive. Cal. Civ. Code, §§ 1572, 1710. Stated differently: "The indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996). The absence of any one of these required elements of a fraud claim bars recovery. *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1331 (1986).

Constructive fraud exists: "In any breach of duty, which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him." Cal. Civ. Code, § 1573.

"[T]he elements of an action for fraud and deceit based on a concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Roddenberry v. Roddenberry*, 44 Cal.App.4th 634, 665-666 (1996).

////

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

### C. Motion to Strike Punitive Damages

Rule 12(f) of the Federal Rules of Civil Procedure states: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may also use Rule 12(f) to strike prayers for relief where the damages or other relief sought are not recoverable as a matter of law. *Wells v.Board of Trs. Of Cal. State Univ.*, 393 F.Supp.2d 990, 994-95 (N.D.Cal. 2005). The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *BJC Health Sys. V. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

## IV. ARGUMENT

The Court should dismiss plaintiffs' Eighteenth Cause of Action for Fraud/Constructive Fraud because it does not state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b). At best, the facts alleged support a claim for breach of contract.

Paragraph 208 of the complaint does not allege a misrepresentation. Paragraph 209 does not state the **when** the representations were made with particularity. Instead, it broadly states "from the beginning of Defendants' tenancy until 2005." This statement fails to provide the date or even the year **when** Defendants began their tenancy. The tenancy could have started in 1935. Even if plaintiffs provided this date, it would still fail to satisfy Rule 9(b)'s "particularity" requirement. This is because a large span of years does not identify **when** something occurs with particularity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003). If Defendants were in compliance with environmental laws in 1995, there is no way to determine from the complaint whether the representations were made before or after 1995. In effect, there is no way to answer paragraph 209 or any other paragraph under the Eighteenth Cause of Action for Fraud/Constructive Fraud because they fail to allege **when** the alleged fraud occurred as required under Rule 9(b). *Vess,* 317 F.3d at 1106.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

Likewise, paragraph 210 of the complaint makes no reference to **when** the alleged fraud occurred. In addition, it does not specify **what** lease contained the representation. Instead, it alleges that Defendants failed to notify plaintiffs of breaches in their "lease agreements." There is no way to determine whether the allegations in paragraph 210 apply to the original lease, the 1993 lease, an oral lease, or a month-to-month lease. Finally, paragraph 211 does not indicate **where** or **how** the representations were made (i.e., whether in writing or orally as required by Rule 9(b)). California Practice Guide: Federal Civil Procedure Before Trial, Ch. 8-B, § 8:45, citing *Arroyo v. Wheat*, 591 F. Supp. 136, 139 (D. Nev. 1984).

Paragraphs 211-221 fail for the same reasons: They do not specify **when** the representation occurred, **what** the specific misrepresentation was beyond Defendants representing they complied with laws, or **where** the misrepresentation occurred (i.e., which lease agreement Plaintiffs were induced to enter and whether the fraudulent statement was oral or written and, if written, the particular documents involved). All the paragraphs in the Fraud/Constructive Fraud cause of action fail to state with particularity **who** was involved in the fraud. In a fraud action against a corporation, as here, plaintiff must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mutual Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991). Here, "Plaintiffs" could mean a trust, Virginia Pellegrini as a living individual, or Mario J. Pellegrini as a deceased individual. None of the allegations indicate to which owner of the property (Virginia or Mario J. Pellegrini) Defendants made the representation. Therefore, it is impossible to answer the Fraud/Constructive Fraud claim and the Court should dismiss it. *Vess,* 317 F.3d at 1106.

Paragraph 212 makes no reference to a false representation and does not state with particularity **when** a misrepresentation occurred. Instead, it states that

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

before January 6, 2006, Defendants "ceased its investigative work," which is not fraud because it does not allege a misrepresentation. Again, there is no particularity as to **where** or **how** the misrepresentation occurred (in writing or orally).

Paragraph 213 makes reference to when plaintiffs discovered the misrepresentations, but fails to state **what** the false statement was, **who** made it, **when** it occurred, and **where** it occurred. Paragraphs 214-216 fail for the same reasons and at best would support a claim for breach of contract or negligence. Paragraph 217 states that Defendants "have engaged in a pattern of negligent, oppressive, and malicious behavior." This is a conclusory statement that does not provide the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b); *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir. 1994).

Paragraph 218 also fails to state **when** or **where** the alleged misrepresentation occurred. In addition, Defendants could not have concealed the DTSC enforcement action and violations of environmental laws because they were matters of public record widely publicized on the DTSC web site. Plaintiffs make no reference as to how or why Defendants had a duty to take further action to disclose such information. Finally, as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. *Roddenberry v. Roddenberry*, 44 Cal.App.4th 634, 665-666 (1996). Here, Plaintiffs continued to profit from Defendants' rent.

Paragraph 219 fails to state **what** misrepresentations occurred, **when** they occurred, and **where** they occurred. Paragraph 220 makes reference to a fiduciary duty and makes the conclusory statement that Defendants made "false representations" without any further description of **what** those false representations were. Again, there is no specificity or particularity with respect to **what**, **where**, **who**, and **when** these misrepresentations occurred. *Vess,* 317 F.3d at 1106.

Paragraph 221 states that Plaintiffs suffered damages as a result of "**Defendants' failure to comply with the terms of the lease**" – an admission that the Eighteenth Cause of Action is a breach of contract claim, not a fraud claim. In addition, plaintiffs do not specify **what** lease is at issue – the original lease, the 1993 lease, an oral lease, or a month-to-month lease. Even if plaintiffs provided more specification, this would only support a breach of contract claim. Under plaintiffs' theory, every breach of a contract by failure to disclose would constitute actionable fraud. To the contrary, in order to state a claim for fraud, plaintiff must "set forth what is false or misleading about a statement, and why it is false." *Decker,* 42 F.3d at 1548.

No paragraph under the Eighteenth Cause of Action for Fraud/Constructive Fraud pleads the "particularity as to the circumstances of the fraud: time, place, persons, statements made, explanation of why or how such statements are false or misleading." *Id.* at FN7. The complaint is completely devoid of any specific factual allegations to put Defendants on notice of **what** they did to deceive anyone, **when** they did it, **how** they did it, **where** they did it, **why** it is false, and **who** they defrauded. *Vess,* 317 F.3d at 1106. Thus, the Court should dismiss the plaintiffs' fraud cause of action under Rule 9(b) of the Federal Rules of Civil Procedure and strike any related requests for punitive damages where they are not recoverable as a matter of law.

## V. CONCLUSION

Plaintiffs' Fraud/Constructive Fraud claim fails to state with particularity the indispensable elements of a fraud claim: "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Mooer*, 96 F.3d at 1245. The absence of one element of a fraud claim bars recovery. *Wilhel*, 186 Cal.App.3d at 1331. Here, plaintiffs' complaint fails to allege fraud with particularity under Rule 9(b) as to every pleading requirement: **who** precisely was involved in the fraud ("Plaintiffs" could mean either a trust, Virginia Pellegrini as a

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

living individual, or Mario J. Pellegrini as a deceased individual), **what** the precise false statement was (i.e., something more than Defendants misrepresenting that they "had complied with laws"), **why** any representations were false, **where** or **how** the alleged fraud occurred (i.e., whether the fraudulent statement was in person, oral or written, and if written, the particular documents involved), and **when** the fraud occurred (i.e., something more specific than "from the beginning of Defendants' tenancy until 2005"). *Vess,* 317 F.3d at 1106. Plaintiffs' "fraud" claim alleges they suffered damages as a result of "**Defendants' failure to comply with the terms of the lease**" – an admission that the Eighteenth Cause of Action is a breach of contract claim, not a fraud claim.

For the foregoing reasons, the Court should dismiss the Eighteenth Cause of Action for failure to plead fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure and to strike any related requests for punitive damages pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

Dated: May 28, 2008

**GORDON & REES LLP**

Brian M. Ledger
Paul A. Henreid
Attorneys for Defendants
TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG

BRIAN M. LEDGER (SBN: 156942)
bledger@gordonrees.com
PAUL HENREID (SBN: 214527)
phenreid@gordonrees.com
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys For: Defendants
TECHNICHEM, INC., A CALIFORNIA CORPORATION; MARK J. NG, AN INDIVIDUAL; STEPHEN S. TUNG, AN INDIVIDUAL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TECHNICHEM, INC., a California corporation, MARK J. NG, an individual; STEPHEN S. TUNG, an individual,<br><br>Defendants. | CASE NO. 07-CV-02497-CRB<br><br>**PROOF OF SERVICE**<br><br>Courtroom: 8, 19th Floor<br>Judge: Charles R. Breyer<br><br>Complaint filed: May 9, 2007 |

I, the undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which the within-mentioned service occurred; and that I am not a party to the subject cause. My business address is 101 West Broadway, Suite 1600, San Diego, California 92101.

On May 28, 2008, I served the following document(s):

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FRAUD CLAIMS AND STRIKE PUNITIVE DAMAGES**

by placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:



Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101

| | |
|---|---|
| Anna L. Nguyen<br>Wactor & Wick LLP<br>180 Grand Avenue, Suite 950<br>Oakland, CA 94612-3572<br>Ph: (510) 465-5750<br>Fax: (510) 465-5697<br>**anguyen@ww-envlaw.com** | William D. Wick<br>Wactor & Wick LLP<br>180 Grand Avenue, Ste. 950<br>Oakland, CA 94612-3572<br>Ph.: (510) 465-5750<br>Fax: (510) 465-5697<br>bwick@ww-envlaw.com |
| Jon K. Wactor<br>Luce Forward Hamilton & Scripps LLP<br>121 Spear Street, Ste. 200<br>San Francisco, CA 94105 | |

( x ) **BY MAIL.** I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business AS TO ANNA LE NGUYEN AND JON KARL WACTOR.

( ) **BY FAX.** In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee.

( ) **BY PERSONAL SERVICE.** I hand-delivered said document(s) to the addressee.

( ) **PERSONAL SERVICE BY CAUSE.** I caused said documents to be hand-delivered to the addressee on May 28, 2008.

( ) **BY OVERNIGHT MAIL** I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing overnight delivery.

( x ) **BY ELECTRONIC FILING.** I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 28, 2008.

Debra J. Hood
DEBRA J. HOOD

Gordon & Rees LLP
101 West Broadway
Suite 1600
San Diego, CA 92101