Benjamin H. Ballard (CA 94772)
Ballard Law Office
1606 Juanita Lane, Ste. C
Tiburon CA 94920
Ph: 415-781-3500
Fax: 1-866-295-5669

Michael O. Lamphere (CA 144219)
Lamphere Law Offices
900 Larkspur Landing Circle, Ste. 179
Larkspur CA 94939
Ph: 415-461-9727
Fax: 415-461-9725

Attorneys for Plaintiffs
Virginia Pellegrini and
Virginia Pellegrini, Trustee of the
Mario and Virginia E. Pellegrini Trust

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and Virginia Pellegrini, and individual,<br><br>Plaintiff,<br><br>vs.<br><br>Technichem, Inc., a California corporation, et al., et al.,<br><br>Defendants. | Case no. 07-CV-02497-CRB<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION TO STAY PROCEEDINGS**<br><br>Hearing Date: July 25, 2008<br>Time: 10:00 a.m.<br>Court: Hon. Charles Brewer<br>   Courtroom 8<br><br>Trial date: October 6, 2008 |

**I. SUMMARY OF ARGUMENT**

All parties who have appeared in this case request that the Court stay proceedings in this environmental cost recovery and contribution action to permit the same claims to be litigated in a parallel proceeding recently filed in Alameda County Superior Court, the **only forum** where all potentially liable contribution defendants can be joined, making possible a complete resolution of the dispute without the need for separate piecemeal actions in both the state and federal courts.

1  That is because State of California agency defendants have declined to waive a federal 11th
2  amendment bar to suit against them in federal court. *Seminole Tribe v. Florida*, 517 U.S. 44 (1996).
3  Further, the state agency in charge of clean-up has announced - but not yet implemented - its intent to
4  take over the clean-up itself.  If so, that would relieve for the time being the need of plaintiff (Mrs.
5  Pellegrini, an elderly person) to resort to federal RCRA injunctive relief to compel others to clean-up the
6  site.  A stay and not dismissal is appropriate at this time because the agency's decision is not final, and
7  may not be implemented due to budgetary or other reasons.
8  The stay will benefit all concerned and cause no detriment.  The parties therefore jointly request
9  that the Court grant the motion and stay all proceedings in this action  until further notice.
10
11                                                **II.  FACTS**
12  The facts are stated in the Declaration of Benjamin H. Ballard filed herewith and confirm the
13  situation just described in the Summary of Argument, and following.  Briefly:
14  The original complaint filed May 9, 2007 only alleged claims (clean up and otherwise) against
15  plaintiff's lessee, Technichem, Inc. and its principals, Mark J. Ng and Stephen S.  Tung, who had
16  operated a dry cleaning fluid recycling facility on the leased premises.  The complaint alleged claims for
17  injunctive relief under RCRA (42 USCA § 6972(a)) and cost recovery claims under CERCLA (42
18  USCA § 9607(a)).  It also alleged similar pendent state claims under the California Hazardous Substance
19  Account  Act, Cal. Health & Safety Code § 25300 ff ("HSAA") for cost recovery and contribution, as
20  well as other claims. [¶ 2]
21  On April 30, 2008, plaintiffs filed an amended complaint naming 28 Technichem customers
22  alleged to be "generators" strictly liable under CERCLA and RCRA, as well as under the parallel
23  California HSAA statute.  Of these defendants, eight were California state agencies. [¶ 3] Plaintiff's new
24  counsel [¶ 4:1-3] intended to file a second amended complaint naming additional defendants [¶ 4:3-7],
25  but concluded a state court action was the only way to provide complete relief for all concerned after the
26  California state agency defendants declined to waive their federal 11th amendment protection from suit in
27  federal court [¶ 5].  This coincided with the state Department of Toxic Substances ("DTSC") decision to
28

1  declare the site an "orphan" and handle the clean-up itself, then charging Mrs. Pellegrini and others for
2  the expense. [¶ 7]
3      Meanwhile, plaintiffs' consultant, PES, had reviewed additional agency records and prepared an
4  extensive list of customers who supplied hazardous substances to Technichem. [¶ 6]  Of these,
5  plaintiffs' counsel had decided it would try to join about 50 non-agency defendants and 26 California
6  agency defendants. [Id.]  Because this could only be done in the state court [¶¶ 6, 8] , counsel on June 19
7  filed an action in Alameda County Superior Court against all defendants (state and non-state) alleging
8  the same claims, less the federal RCRA and CERCLA claims. [¶ 8]
9      Because the Alameda action is the only action in which complete relief can be granted, in the
10 interests of judicial economy for all concerned, it makes sense to stay this (federal court) case pending
11 resolution of the state court case. [¶ 9] The Technichem defendants, who are the only other parties who
12 have appeared in the case, agree to this. [¶ 10]  A stay, and not a dismissal, is appropriate at this time
13 because the DTSC has not yet followed up on its announced clean-up intent.  Therefore, if DTSC
14 decided for budgetary or reasons not pursue the clean-up and instead ordered Mrs. Pellegrini to conduct
15 or fund the clean-up, then the federal RCRA injunction and declaratory relief remedies available to
16 compel other liable parties to clean-up the site would be available (and necessary) to protect her
17 interests. [¶ 9]  Conversely, the stay would not impair the interests of any other person or delay
18 resolution of the dispute in any way. [Id.]
19     Therefore, the parties have filed this joint motion asking the Court to stay the case until further
20 notice. [¶¶ 9, 10] .
21
22         **III.  ARGUMENT**
23     This Court has the power to stay proceedings under the "wise judicial administration" rule
24 announced in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)
25 (see generally Rutter, Fed. Civ. Pro. Before Trial, 2:1321 - 1326:5).
26
27
28

"Under Colorado River, considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," Colorado River, 424 U.S. at 817, 96 S.Ct. 1236, may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter, Intel Corp. v. Advanced Micro Devices, Inc., 12 F.3d 908, 912 (9th Cir.1993). "[E]xact parallelism" is not required; "[i]t is enough if the two proceedings are 'substantially similar.' " Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir.1989) (citations omitted)."

*Holder v. Holder,* 305 F.3d 854, 867 (CA9 2002)

Granted, the "concurrent jurisdiction" rule requires that this is a "narrow doctrine" requiring "exceptional circumstances" to apply[1], but under the circumstances all applicable considerations and factors militate in favor of a stay, which all parties request in any event.

The factors are whether the state court action would be "dispositive" and also:

"1. whether the state court first assumed jurisdiction over property;
2. inconvenience of the federal forum;
3. the desirability of avoiding piecemeal litigation;
4. the order in which jurisdiction was obtained by the concurrent forums;
5. whether federal law or state law provides the rule of decision on the merits;
6. whether the state court proceedings are inadequate to protect the federal litigant's rights;
7. whether exercising jurisdiction would promote forum shopping."

Id., at 870.

Each of these considerations and factors militate in favor of a stay:

- The Alameda Superior Court action will dispose of all claims.

- Litigation there will avoid expensive and pointless piecemeal litigation, which otherwise would be the case because the state agency defendants won't consent to suit in federal court.

- The case was filed in federal court first because of the need for RCRA injunctive relief, which no longer is a consideration if the DTSC goes forward with its plan to implement

---

[1] "But because "[g]enerally, as between state and federal courts [with concurrent jurisdiction], the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[,]" the Colorado River doctrine is a narrow exception to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Holder*, 305 F.3d at 867.

1       the clean-up itself.

2 •     Now that injunctive relief is not -for the time being - a consideration, the case can be decided on the basis of state law paralleling federal CERCLA law and protecting the rights of all parties. The underlying intent of both federal and state laws - prompt and fair allocation of clean-up expense - will be preserved.

6 •     Forum shopping is neither indicated nor in anyone's interest.

7     In summary, taking all of this into account, the situation is "extraordinary" in the sense that the factors requiring stay arose after the federal case was filed, each demonstrate a compelling need for a stay, and all parties now before the Court request a stay. Conversely, no other solution will protect the interests of the parties, and the proposed stay will do no harm at all to the "concurrent jurisdiction" doctrine that requires a narrower-than-normal view of the situation and related equities and logic in the first place.

13     Therefore, we request that the Court grant the motion and stay proceedings in this case so the litigation can proceed in Alameda County Superior Court, the only forum where complete relief can be provided to all parties.

16     Date: June 19, 2008

                        Ballard Law Office
                        Lamphere Law Office

                        By: _____
                              Benjamin H. Ballard

                        Attorney for Plaintiffs