1 | Benjamin H. Ballard (CA 94772)
Ballard Law Office
2 | 1606 Juanita Lane, Ste. C
Tiburon CA 94920
3 | Ph: 415-781-3500
Fax: 1-866-295-5669

Michael O. Lamphere (CA 144219)
5 | Lamphere Law Offices
900 Larkspur Landing Circle, Ste. 179
6 | Larkspur CA 94939
Ph: 415-461-9727
7 | Fax: 415-461-9725

8 | Attorneys for Plaintiffs
Virginia Pellegrini and
9 | Virginia Pellegrini, Trustee of the
Mario and Virginia E. Pellegrini Trust

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and Virginia Pellegrini, and individual,<br><br>Plaintiff,<br><br>vs.<br><br>Technichem, Inc., a California corporation, et al., et al.,<br><br>Defendants. | Case no. 07-CV-02497-CRB<br><br>**DECLARATION OF BENJAMIN H. BALLARD IN SUPPORT OF JOINT MOTION TO STAY PROCEEDINGS**<br><br>Hearing Date: July 25, 2008<br>Time: 10:00 a.m.<br>Court: Hon. Charles Brewer<br>       Courtroom 8<br><br>Trial date: October 6, 2008 |

Benjamin H. Ballard declares:

1. I am an attorney of record for Virginia Pellegrini, plaintiff in her individual and trustee capacities. I am a duly licensed attorney at law admitted to practice before this court in 1980.

2. On May 9, 2007, on behalf of plaintiffs my predecessor counsel, Wactor & Wick LLP, filed the complaint in this environmental clean-up litigation against plaintiffs' lessee, Technichem, Inc. and

1  its principals, Mark J. Ng and Stephen S. Tung, who had operated a dry cleaning fluid recycling facility
2  on the leased premises.  The complaint concerned liability for release of hazardous substances at the
3  site, and alleged federal RCRA (42 USCA § 6972(a)) claims for injunctive relief and CERCLA (42
4  USCA § 9607(a)) for clean-up cost recovery claims.  It also alleged pendent state claims under the
5  California Hazardous Substance Account Act, Cal. Health & Safety Code § 25300 ff ("HSAA"), which
6  provides cost-recovery and contribution relief modeled after CERCLA, as well as other related state
7  claims.

8        3.  On April 30, 2008, plaintiffs filed an amended complaint naming 28 Technichem customers
9  alleged to be "generators" strictly liable under CERCLA and RCRA, as well as under the parallel
10  California HSAA statute.  Of these defendants, eight were California state agencies.

11        4.  On May 19, 2008, I filed a "Stipulation to Substitution of Attorneys for Plaintiff" substituting
12  my firm, the Ballard Law Office, and the Lamphere Law Offices, the firm of my co-counsel, Michael O.
13  Lamphere, as counsel for plaintiffs.  Since then, Mr. Lamphere and I have worked diligently to come up
14  to speed on the case, and in the process to identify whether additional defendants should be added to the
15  case, or possibly deleted from it, from the potentially hundreds of Technichem customers.  Once that
16  evaluation had been completed, we intended to file a motion for leave to file a second amended
17  complaint. We also spent significant time confirming service on the various defendants, documenting
18  requested extensions of time to plead, and fielding questions from defendants or their counsel, in
19  addition to discussing case issues with Technichem's counsel.

20        5.  In a June 9, 2008 discussion and email exchange with California Deputy Attorney General
21  Wilfred Fong, who had been assigned the defense of the California agency defendants, Mr. Fong
22  informed me of his conclusion that the federal 11th amendment, interpreted by the United States
23  Supreme Court in *Seminole Tribe v. Florida*, 517 U.S. 44 (1996) and cases following it barred the
24  federal RCRA and CERCLA claims alleged against the agency defendants (see June 9 email attached).
25  I investigated these assertions and concluded that Mr. Fong's analysis was correct.

26        6.  By June 16, 2008, PES Environmental, Inc. ("PES"), the environmental consultants Mrs.
27  Pellegrini had retained, had concluded its initial, interim analysis at my request of California

28

1  customers to the Technichem facility. The analysis was delayed several days as PES had to consult with
2  DTSC representatives to determine the identity of various customers not provided in the records. Based
3  on the list provided by PES, we (Mr. Lamphere and I) compiled a list of about 50 non-agency customers
4  (several still un identified) and 26 California agency customers to include on a revised list of "generator"
5  defendants", taking into account tonnage supplied and other factors.

6      7. Also on June 9, at a meeting with DTSC attended by Mrs. Pellegrini, the Technichem
7  defendants and counsel, DTSC announced that it had decided to declare the site an "orphan" site and
8  take over clean-up efforts itself, relieving Mrs. Pellegrini (and Technichem) of that responsibility under a
9  clean-up order DTSC had been contemplating. DTSC indicated that it would not intervene in this
10 litigation, but would look to Mrs. Pellegrini, Technichem and possibly others to fund its clean-up
11 expenses once the site had been remediated.

12     8. Because, given the substantial number of (prospective) California agency defendants who
13 could not be sued in federal court, I concluded filing an action in state court alleging HSAA and related
14 claims (but not the exclusively federal RCRA and CERCLA claims) was the only way to protect Mrs.
15 Pellegrini's interest in obtaining maximum contribution for exposure to liability for clean-up expense.
16 Today I caused to be filed a complaint in Alameda County Superior Court against the same parties I
17 would have attempted to join as defendants in this (federal) case, had I decided to proceed by motion for
18 leave to file a second amended complaint in this Court. I attach the cover pages from that state court
19 complaint, titled (as here) *Pellegrini et al v. Technichem et al*, Alameda County Superior Court no.
20 RG08898645.

21     9. Because the Alameda action is the only action in which complete relief can be granted, in the
22 interests of judicial economy for all concerned, it makes sense to stay this (federal court) case pending
23 resolution of the state court case. The Technichem defendants, who are the only other parties who have
24 appreared in the case, agree to it (see paragraph 10). A stay, and not a dismissal, is appropriate at this
25 time because the DTSC has not yet followed up on its announced clean-up intent. Therefore, if DTSC
26 decided for budgetary or reasons not pursue the clean-up and instead ordered Mrs. Pellegrini to conduct
27 or fund the clean-up, then the federal RCRA injunction and declaratory relief remedies available to
28

1 or fund the clean-up, then the federal RCRA injunction and declaratory relief remedies available to
2 compel other liable parties to clean-up the site would be available (and necessary) to protect her
3 interests. I therefore request that the stay issue. Conversely, the stay would not impair the interests of
4 any other person or delay resolution of the dispute in any way.

5     10. This morning I consulted with Paul Henreid, counsel for the Technichem defendants, who
6 informed me he would stipulate to a stay of proceedings in this Court, and agree also to file this motion
7 as a joint motion.

8     I declare under penalty of perjury that the foregoing is true and correct and that I executed this
9 declaration on June 19, 2008 in Tiburon, California.

*[signature]*

_____
Benjamin H. Ballard

Case no. 07-CV-02497-CRB
-4-

**Benjamin H. Ballard**

| | |
|---|---|
| **From:** | Wil Fong [Wil.Fong@doj.ca.gov] |
| **Sent:** | Monday, June 09, 2008 10:15 AM |
| **To:** | bhb@ballardlegal.com |
| **Subject:** | Pellegrini 11th Amend |
| | |
| **TimeMattersID:** | MD8819AD28C65873 |
| **TM Contact:** | Wil Fong |
| **TM Matter No:** | 171.00 |
| **TM Matter Reference:** | Pellegrini v Technichem |

Dear Ben,

As I indicated on my voicemail message, I have researched the jurisdictional issue and it appears that the 11th Amendment does in fact bar this RCRA and CERCLA action against the state-agency defendants.

As you correctly noted, there was a case, Pennsylvania v. Union Gas Co., 491 U.S. 1 (1989), that held that an RCRA and CERCLA action may be brought in federal court against a state. Seven years after Union Gas was decided, however, the U.S. Supreme Court in Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996), overruled Union Gas on the grounds that it was incorrectly decided. The Court explained in Seminole Tribe that the Interstate Commerce Clause, the source of authority for Congress to enact the RCRA and CERCLA does not provide Congress with the authority to abrogate the states' 11th Amendment immunity from suit in federal court. Id., at 1128.

Adhering to Seminole Tribe, the Second Circuit in Burnette v. Carothers, 192 F.3d 52 (2d Cir. 1999) affirmed the state-defendants' motion to dismiss, holding that neither the CWA (Clean Water Act), RCRA nor CERCLA abrogated the states' 11th Amendment immunity from suit. Id., at 57. The court explained that all provisions in CERCLA making a state liable to private parties, including a claim for response costs, is unenforceable because states are immune from suit under the 11th Amendment. Id., at 59.

Courts in the Ninth Circuit have also followed suit. In Natural Resources Defense Council v. Cal. Dept. of Transportation, 96 F.3d 420 (9th Cir. 1996), the Ninth Circuit held that claims brought under the CWA, which like the RCRA and CERCLA derives its authority from the Interstate Commerce Clause, are barred in federal court against state defendants by the 11th Amendment. See also U.S. v. Iron Mountain Mines, Inc., 952 F.Supp. 673, 678 (E.D.Cal. 1996) (District Court granting state's motion to dismiss CERCLA claim on grounds that CERCLA contribution and indemnity claims are barred by 11th Amend.); Burns v. MBK Partnerships, 2005 WL 552262 (D.Or.) (2005 District Court case, not reported, ruling 11th Amend. bars RCRA and CERCLA claims against state).

Finally, pendant state-law claims against a state in federal court are also barred by the 11th Amendment. Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991); Ulaleo v. Paty, 902 F.2d 1395, 1400 (9th Cir. 1990).

Given this authority Ben, I am requesting that the plaintiffs voluntarily dismiss all the state-agency defendants from this action since the RCRA and CERCLA claims, and the pendant state-law claims, are barred against the state by the 11th Amendment. Let me know as soon as you can if you are aware of any authority to the contrary. Either way, we should discuss this further within the next few days so that we can avoid the state-agency defendants having to file a motion to dismiss, if at all possible. Thank you again for your continuing courtesy and cooperation.


Wil Fong
Deputy Attorney General
(510) 622-2114 phone
(510) 622-2121 fax

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

```
 1 | Benjamin H. Ballard (CA94772)
   | Ballard Law Office
 2 | 1606 Juanita Lane, Ste. C
   | Tiburon CA 94920
 3 | Ph: 415.781.3500
   | Fax: 1.866.295.5660
 4 |
   | Michael O. Lamphere (CA144219)
 5 | Lamphere Law Offices
   | 900 Larkspur Landing Circle
 6 | Larkspur CA 94939
   | Ph: 415.461.9727
 7 | Fax: 415.461.9725
```

ENDORSED
FILED
ALAMEDA COUNTY

JUN 19 2008

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| Virginia Pellegrini, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and Virginia Pellegrini, an individual,<br><br>  Plaintiffs,<br><br>  v.<br><br>Technichem, Inc., a California corporation, Mark J. Ng, Stephen S. Tung, [list continues next page]<br><br>  Defendants. | Case No. RG08393645<br><br>**COMPLAINT FOR ENVIRONMENTAL COST RECOVERY, DECLARATORY RELIEF AND DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)**<br><br>**(DESIGNATION OF CASE AS COMPLEX LITIGATION)**<br><br>BY FAX |

COMPLAINT
1

ATTACHMENTS TO BALLARD DEC. IN SUPPORT OF MOTION FOR STAY, p. 2