BRIAN M. LEDGER (SBN 156942)
bledger@gordonrees.com
PAUL A. HENREID (SBN 214527)
phenreid@gordonrees.com
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys For Defendants TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PELLEGRINI, Trustee of the Mario J. and Virginia E. Pellegrini Trust, and VIRGINIA PELLEGRINI, an individual<br><br>Plaintiff,<br><br>v.<br><br>TECHNICHEM, INC., a California corporation; MARK J. NG, an individual; and STEPHEN S. TUNG, an individual,<br><br>Defendants. | Case No. 07-CV-02497-CRB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING GOVERNMENT REMEDIATION**<br><br>**[FRCP 7(b)]**<br><br>Hearing Date: July 25, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8, 19th Floor<br>Judge: Charles R. Breyer<br><br>Complaint Filed: May 9, 2007<br>Trial Date: October 6, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on July 25, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard before in the above-entitled court, Courtroom 8, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, California, the Court will hear the motion by defendants Technichem, Inc., Mark J. Ng, and Stephen S. Tung to stay further proceedings in this case pending the investigation and remediation by the California Department of Toxic Substances Control ("DTSC") of the subject property.

This motion is made pursuant to Rule 7(b) of the Federal Rules of Civil Procedure on the grounds that at an informal meeting with the parties to this

litigation, the Department of Toxic Substances Control ("DTSC") recently indicated that it is designating the subject property as an "orphan" property and will conduct its own investigation and remediation, regardless of the status of this lawsuit. The Court should stay this litigation pending the outcome of the DTSC's actions in order to ascertain the costs of remediation, which both parties admit is currently unknown.

This motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, the Declaration of Brian Ledger, the pleadings and papers filed herein, and such other oral and documentary evidence as may be presented at or by the hearing on said motion.

PLEASE TAKE FURTHER NOTICE that at the time and place described above, Defendants will request the Court to sign the proposed Order submitted herewith.

Dated: June 20, 2008          **GORDON & REES LLP**

　　　　　　　　　　　　　　　　　/s/ *Paul A. Henrei*d
　　　　　　　　　　　　　　　　Brian M. Ledger
　　　　　　　　　　　　　　　　Paul A. Henreid
　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　TECHNICHEM, INC., MARK J. NG, and
　　　　　　　　　　　　　　　　STEPHEN S. TUNG

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court should stay this litigation because the California Department of Toxic Substances Control ("DTSC") recently indicated that it is designating the subject property as an "orphan" property and will conduct its own investigation and remediation. The Court should stay this litigation pending the outcome of the DTSC's actions in order to ascertain the costs of remediation, which both parties admit is currently unknown.

## II. FACTUAL BACKGROUND

Plaintiffs filed this environmental cost recovery action on May 9, 2007 and a First Amended Complaint ("FAC") on April 30, 2008. The operative complaint is complex, consisting of 49 pages, 22 causes of action, and 256 paragraphs. Plaintiffs allege they are owners of industrial property in Emeryville, California where defendants Technichem, Inc., Mark J. Ng, and Stephen S. Tung ("Defendants") operated a chemical recycling business. (FAC ¶¶ 44-50) Plaintiffs allege that Defendants caused the release of hazardous substances at their property, including but not limited to perchloroethylene. (FAC ¶¶ 38-39) As a result, plaintiffs claim they have been unable to sell or lease the property, incurred investigation expenses and legal fees, and will have to pay for future cleanup to satisfy the State of California, Department of Toxic Substances Control ("DTSC"). (FAC ¶¶ 40, 88) Plaintiffs seek injunctive relief to force Defendants to remediate the contamination, indemnification for their costs (including attorneys' fees), and punitive damages. (Prayer for Relief)

In June 2008, the parties to this litigation and their counsel attended an informal mediation with coverage counsel for Zurich Insurance Company and several staff and legal counsel for DTSC. *See* Declaration of Brian Ledger ("Ledger Decl.") ¶ 3. At this meeting, DTSC confirmed its desire to remediate the

property regardless of the status of this lawsuit. *Id*. The DTSC also indicated that it is designating the subject property as an "orphan" property and will conduct its own investigation and remediation. *Id*.

Defendants and Plaintiffs admit that they do not know the cost of remediation to the subject property necessary to achieve facility closure from the DTSC. Ledger Decl. ¶ 4; Plaintiff's Response to Request for Admission No. 6 attached hereto as Exhibit A. DTSC's actions will help determine the costs of remediation at the subject property, and therefore plaintiffs' damages in this case. Ledger Decl. ¶ 5.

### III. **LEGAL STANDARD**

Rule 7(b) of the Federal Rules of Civil Procedure states: "A request for a court order must be made by motion." With respect to the instant motion, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).

### IV. **ARGUMENT**

The Court should stay this litigation because the DTSC recently indicated that it is designating the subject property as an "orphan" property and will conduct its own investigation and remediation. The Court should stay this litigation pending the outcome of the DTSC's actions in order to ascertain the costs of remediation. Defendants and Plaintiffs admit that they do not know the cost of remediation to the subject property necessary to achieve facility closure from the DTSC. Ledger Decl. ¶ 4; Plaintiff's Response to Request for Admission No. 6 attached hereto as Exhibit A. It would be futile to continue this lawsuit and force the parties to retain experts and spend substantial resources trying to estimate the

costs of DTSC's remediation while DTSC is conducting the remediation. Damages and costs of remediation will no longer be an issue once DTSC completes its investigation and remediation. The Court should exercise its judgment by staying this litigation pending the DSTC remediation because it is in the interests and "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).

## V. **CONCLUSION**

For the foregoing reasons, the Court should stay further proceedings in this case pending the investigation and remediation by the California Department of Toxic Substances Control of the subject property.

Dated: June 20, 2008              **GORDON & REES LLP**

                                                                       */s/ Paul Henreid*
Brian M. Ledger
Paul A. Henreid
Attorneys for Defendants
TECHNICHEM, INC., MARK J. NG, and
STEPHEN S. TUNG

## DECLARATION OF BRIAN M. LEDGER

I, Brian M. Ledger, declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California. I am a partner in the law firm of Gordon & Rees, LLP, and lead trial counsel for defendants TECHNICHEM, INC., MARK J. NG, and STEPHEN S. TUNG (collectively "Defendants"). If called and sworn as a witness, I could competently testify to the matters stated in this declaration as being true and correct, based upon my personal knowledge of such matters.

2. I make this declaration in support of Defendants' Motion to Stay Action Pending Government Remediation.

3. In June 2008, the parties to this litigation and their counsel attended an informal mediation with coverage counsel for Zurich Insurance Company and several staff and legal counsel for the California Department of Toxic Substances Control ("DTSC"). At this meeting, DTSC confirmed its desire to remediate the property regardless of the status of this lawsuit. The DTSC also indicated that it is designating the subject property as an "orphan" property and will conduct its own investigation and remediation.

4. Defendants and Plaintiffs admit that they do not know the future cost of remediation of the subject property necessary to achieve facility closure from the DTSC.

5. The future costs of remediation cannot be determined until the DTSC has completed its actions at the subject property and determined what is necessary for facility closure.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: June 20, 2008            */s/ Brian M. Ledger*
                                Brian M. Ledger